# EXHIBIT A

*Index of State Court Documents*

**INDEX OF STATE COURT DOCUMENTS**
**Matute vs. Pilot Air Freight LLC et al.**
**Case No. RG21113609**

| Exhibit Number | Description | Date Filed |
|---|---|---|
| B | Class Action Complaint | 09.23.21 |
| C | Civil Case Cover Sheet | 09.23.21 |
| D | Summons on Complaint to Pilot Air Freight dba Pilot Freight Services and Best Buy Co., Inc. | 09.23.21 |
| E | Proof of Service of Summons-Best Buy | 09.28.21 |
| F | Proof of Personal Service-Complaint-Pilot Air Freight, LLC | 09.28.21 |
| G | Notice of Hearings-Complex Determination & CMC | 09.30.21 |
| H | Defendant Best Buy's Answer to Complaint | 10.25.21 |
| I | Defendant Pilot's Answer and Affirmative Defenses to Class Action Complaint and Demand for Jury Trial | 10.25.21 |
| J | Best Buy's Peremptory Challenge to Judicial Officer | 10.25.21 |
| K | Tentative Ruling-Complex Determination | 11.01.21 |
| L | Plaintiff's Notice of Hearings and Tentative Ruling | 11.01.21 |
| M | Minutes on Complex Determination | 11.02.21 |
| N | Notice of Case Reassignment to Brad Seligman | 11.03.21 |
| O | Minute Order (Court Order) | 11.03.21 |
| P | Defendant Best Buy's Peremptory Challenge to Judicial Officer, Decl. of Barbara J. Miller, Proposed Order | 11.15.21 |
| Q | Notice of Hearing on Application for Admission Pro Hac Vice of Andrew J. Butcher; Declaration of Christopher C. McNatt; Verified Pro Hac Application of Andrew J. Butcher; and (Proposed) Order Granting Pro Hac Vice Admission of Andrew J. Butcher | 11.30.21 |
| R | Order Granting Defendant Best Buy Co. Inc.'s Peremptory Challenge to Judicial Officer | 12.06.21 |
| S | Notice of Case Reassignment to Hon. Evelio Grillo | 12.06.21 |
| T | Notice of Case Rescheduling or Relocation | 12.07.21 |
| U | Order Granting Joint Stipulation and Order for Plaintiff to File Amended Complaint | 01.17.22 |
| V | Plaintiffs First Amended Class Action Complaint | 01.27.22 |
| W | Joint Complex Management Statement | 01.27.22 |
| X | Defendant Best Buy's Answer to First Amended Complaint | 01.28.22 |
| Y | Defendant Pilot's Answer to First Amended Complaint | 01.28.22 |

4888-9448-0395, v. 2

# EXHIBIT B

*Class Action Complaint*

23128741

**BOYAMIAN LAW, INC.**
Michael H. Boyamian, SBN 256107
   michael@boyamianlaw.com
Heather M. Zermeno, SBN 334460
   heather@boyamianlaw.com
550 North Brand Boulevard, Suite 1500
Glendale, California 91203
Telephone:   (818) 547-5300
Facsimile:   (818) 547-5678

Attorneys for Plaintiff CHRISTIAN MATUTE,
and all others similarly situated

# FILED
ALAMEDA COUNTY

SEP 2 3 2021

CLERK OF THE SUPERIOR COURT
By _____
      JANÉE THOMAS, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| CHRISTIAN MATUTE, an individual; Individually and on Behalf of All Similarly Situated Individuals,<br><br>Plaintiff,<br><br>v.<br><br>PILOT AIR FREIGHT LLC dba PILOT FREIGHT SERVICES, a Pennsylvania Limited Liability Company; BEST BUY CO., INC., a Minnesota Corporation; and DOES 1 through 25, Inclusive,<br><br>Defendants. | Case No. **RG21113609**<br><br>**CLASS ACTION**<br><br>1. FAILURE TO PAY MINIMUM WAGE;<br>2. FAILURE TO PAY OVERTIME COMPENSATION;<br>3. REIMBURSEMENT OF EMPLOYMENT EXPENSES;<br>4. UNLAWFUL DEDUCTION FROM WAGES;<br>5. FAILURE TO PROVIDE MEAL PERIODS;<br>6. FAILURE TO AUTHORIZE AND PERMIT REST PERIODS;<br>7. FAILURE TO FURNISH ACCURATE WAGE STATEMENTS;<br>8. WAITING TIME PENALTIES; AND<br>9. UNFAIR COMPETITION<br><br>**JURY TRIAL DEMANDED** |

Filed By Fax

BOYAMIAN LAW,
INC.
550 N. BRAND BLVD.,
STE 1500
GLENDALE, CA 91203

CLASS ACTION COMPLAINT

Plaintiff CHRISTIAN MATUTE ("Plaintiff"), individually and on behalf of all similarly situated individuals, allege as follows:

### GENERAL ALLEGATIONS

1. This is a proposed class action brought against Defendants PILOT AIR FREIGHT, LLC dba PILOT FREIGHT SERVICES; BEST BUY CO. INC.; and DOES 1 through 25, inclusive (collectively, "Defendants"), on behalf of Plaintiff and all other non-employee workers who worked in California as a Contract Carrier, Driver, and/or Helper (hereinafter collectively referred to as "Delivery Drivers") for Defendants at any time from March 28, 2017[1], and continuing while this action is pending ("Class Period"), who were denied the benefits and protections required under the California Labor Code and other statutes and regulations applicable to California employees.

2. During the Class Period, Defendants:

   a.    unlawfully misclassified Delivery Drivers as independent contractors;

   b.    failed to pay wages for all hours worked by Delivery Drivers;

   c.    failed to pay Delivery Drivers the applicable legal minimum wage;

   d.    failed to pay overtime wages due to Delivery Drivers;

   e.    failed to provide meal and rest periods due to Delivery Drivers;

   f.    failed to provide the Delivery Drivers with timely and accurate wage and hour statements;

   g.    failed to pay the Delivery Drivers compensation in a timely manner upon their termination or resignation;

   h.    failed to maintain complete and accurate payroll records for the Delivery Drivers;

   i.    wrongfully withheld wages and compensation due to the Delivery Drivers; and

   j.    committed unfair business practices in an effort to increase profits and to gain an unfair business advantage at the expense of the Delivery Drivers and the public.

3. The foregoing acts and other acts by Defendants - committed throughout California and Los

---

[1] Pursuant to California Emergency Rule of Court 9, the statute of limitations for this matter was tolled beginning on April 6, 2020 and, continued to October 1, 2020, for a period of 178 days.

BOYAMIAN LAW,
INC.
550 N. BRAND
BLVD., STE 1500
GLENDALE, CA
91203

-1-
CLASS ACTION COMPLAINT

1  Angeles County - violated provisions of the California Labor Code, including sections 201, 202, 203,

2  204, 226, 226.7, 226.8, 246, 510, 512, 515, 551, 552, 558, 1194, and 1198 (collectively, "Employment

3  Laws"), violated the applicable Wage Orders issued by California's Industrial Welfare Commission,

4  including Wage Orders 9-2001 during the Class Period ("Regulations"), violated California's Unfair

5  Business Practices Act, California Business & Professions Code sections 17200 *et seq*., and violated

6  Plaintiff's rights.

7                              **JURISDICTION AND VENUE**

8      4.  Venue is proper in this Judicial District and the County of Alameda because work was

9  performed by Plaintiff and other members of the Class for Defendants in the County of Alameda,

10  California, and Defendants' obligations under the Employment Laws and Regulations to pay

11  overtime wages, to provide meal and rest periods and accurate wage statements to Plaintiff and other

12  members of the Class arose and were breached in California, including the County of Alameda.

13      5.  The California Superior Court has jurisdiction in this matter because Plaintiff is a resident of

14  California, and Defendants are corporations qualified to do business in California and regularly

15  conduct business in California.  Further, no federal question is at issue as the claims are based solely

16  on California law.

17                                  **THE PARTIES**

18      6.  Plaintiff CHRISTIAN MATUTE is, and at all relevant times was, a competent adult

19  residing in California. CHRISTIAN MATUTE brings suit on behalf of himself and all similarly

20  situated individuals pursuant California Code of Civil Procedure section 382, and California Business

21  & Professions Code sections 17200, *et seq*. CHRISTIAN MATUTE was unlawfully classified by

22  Defendants Pilot Air Freight LLC dba Pilot Freight Service, and Best Buy Co., Inc. as an independent

23  contractor and worked as a Driver out of the warehouse owned and operated by Best Buy Co., Inc. in

24  San Leandro, California, from approximately November 2019 to on or about February 2021.

25      7.  Defendant PILOT AIR FREIGHT, LLC is, and at all relevant times was, a Minnesota

26  limited liability company licensed to do business and actually doing business in the State of

27  California. Pilot provides logistics and delivery services to its retail merchants like Best Buy, and

28  others, to deliver product and services to their clients' customers.  Pilot utilizes Delivery Drivers to

1  pick up the merchandise at the merchants' stores or warehouses and to deliver and install them at the
2  customers' homes or businesses.  Pilot is therefore a provider of managed transportation services
3  including the planning and execution for "last mile" delivery of its retail merchant clients.  Pilot has
4  engaged in unlawful employment practices addressed in this Complaint throughout California and in
5  Alameda County.

6      8.  Defendant BEST BUY CO., INC. is, and at all relevant times was, a Pennsylvania limited
7  liability company licensed to do business and actually doing business in the State of California. Best
8  Buy is a retail merchant that utilizes Pilot, a provider of managed transportation services, to complete
9  the planning and execution of "last mile" delivery for its customers. Best Buy, through Pilot, utilizes
10  Delivery Drivers to pick up merchandise at Best Buy's stores or warehouses and to deliver and install
11  them at the customers' homes or businesses. Plaintiff asserts claims against BEST BUY CO., INC.
12  in its capacity as Client Employer through Labor Code § 2810.3.  Best Buy has engaged in unlawful
13  employment practices addressed in this Complaint throughout California and in Alameda County.

14      9.  Plaintiff is informed and believes and based thereon alleges that Defendants uniformly apply
15  their pay practices, and overtime policies to all Drivers and Driver Assistants. Plaintiff is currently
16  unaware of the true names and capacities of the defendants sued in this action by the fictitious names
17  DOES 1 through 25, inclusive, and therefore sue those defendants by such fictitious names.

18      10. Plaintiff will amend this Complaint to allege the true names and capacities of such
19  fictitiously named defendants when they are ascertained.

20      11. Plaintiff is informed and believes and based thereon alleges that each defendant sued in this
21  action, including each defendant sued by the fictitious names DOES 1 through 25, inclusive, is
22  responsible in some manner for the occurrences, controversies and damages alleged below.

23      12. Plaintiff is informed and believes and based thereon alleges that DOES 1 through 25,
24  inclusive were the agents, servants and/or employees of Defendants and, in doing the things
25  hereinafter alleged and at all times, were acting within the scope of their authority as such agents,
26  servants and employees, and with the permission and consent of Defendants.

27      13. Plaintiff is informed and believes and based thereon alleges that Defendants ratified,
28  authorized, and consented to each and all of the acts and conduct of each other as alleged herein.

-3-
**CLASS ACTION COMPLAINT**

14. Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them, were their employer under California law, that Defendants did acts consistent with the existence of an employer-employee relationship with Plaintiff despite their unlawful classification of Plaintiff as independent contractor.

## FACTS COMMON TO ALL CAUSES OF ACTION

15. Defendants unlawfully classified Plaintiff and other similarly situated individuals as independent contractors when, in fact, they were heavily regulated through a series of work-related restrictions and directives through Defendants.

16. Best Buy retained Pilot for delivery services. Specifically, Pilot secures truck owners and contracts with such truck owners for purposes of delivering, installing, and picking up of merchandise and products to Pilot's clients' customers, like Best Buy. These truck owners go to the warehouses of Pilot's clients and go through a hiring process with Pilot's and Best Buy's employees who are officed at the same site. Truck owners are hired by Pilot and Best Buy. Truck owners then bring on drivers and driver assistants who are also evaluated by Pilot and Best Buy for hiring purposes. Delivery Drivers provide "last mile" delivery, installation, and haul away services.

17. Upon information and belief, Pilot enters into written agreements with Delivery Drivers which provide that the Delivery Drivers are independent contractors. Pilot's Pre-Qualification Packet with Delivery Drivers requires that Delivery Drivers subject themselves to a background check and drug and alcohol test, and that Pilot reserves the right to "require both pre-engagement and post-engagement alcohol and drug tests of all its Contract Carriers." The agreements are contracts of adhesion that are drafted exclusively by Pilot and/or on its behalf by its agents, like Best Buy. The terms of the agreements are non-negotiable. Through this agreement, Pilot and Best Buy reserve and actually exercises the right to control the manner and means by which the Delivery Drivers perform their duties.

18. Pilot has a series of directives that Delivery Drivers must abide by despite the fact that Pilot unlawfully classifies them as independent contractors. Pilot reserves the right to determine the locations where the Delivery Drivers pick up and drop off the merchandise assigned to them; the time of day when they must report to work; and the order and timing of their deliveries. Pilot provides

1  each Delivery Driver a daily manifest of work assignments that includes the delivery address, the
2  "service window" time when the delivery must be made, and whether the Delivery Driver is required
3  to call the customer 30 minutes ahead of arrival to give notice of when he will make the delivery. The
4  Delivery Drivers must complete all of the work assigned to them and are not allowed to refuse
5  assignments.   Pilot and Best Buy reserve the right to control the Delivery Drivers' physical
6  appearance, including requiring them to wear Pilot uniforms. Pilot also reserves the right to require
7  the Delivery Drivers to know and follow Pilot's customer service standards in performing their work,
8  and conduct surveys to determine whether customers are satisfied with the Delivery Drivers' work.

9      19. Pilot further reserves the right to require the Delivery Drivers to follow certain work
10  methods related to, for example, how to move and install the appliances and how to interact with
11  customers.   Pilot determines the year, branding, and other specifications of the vehicles that the
12  Delivery Drivers use to perform their work. Pilot prescribes how the Delivery Drivers document their
13  work and require the Delivery Drivers to contact Pilot upon arrival at each stop and then again after
14  the delivery is completed.   Pilot and Best Buy also reserve the right to require the Delivery Drivers
15  to call each customer 30 minutes before making the delivery to let the customers know they are on
16  their way.   Pilot and Best Buy also employ a variety of managerial and supervisory employees who
17  instruct the Delivery Drivers on their job performance and their delivery assignments. The Delivery
18  Drivers interact with Pilot and Best Buy's personnel on a daily basis. Pilot and Best Buy's managerial
19  and supervisory employees also hold regular in-person and/or telephonic meetings where the
20  Delivery Drivers' attendance is mandatory.

21      20. The Delivery Drivers are paid each week by Pilot a flat amount for each delivery, or for
22  each day or week of work, in amounts that are unilaterally determined by Pilot.   Pilot makes
23  deductions from the Delivery Drivers' pay for reasons including customer complaints, late deliveries,
24  and damaged items and property. This "flat rate" constitutes an unlawful piece-rate compensation
25  system because Delivery Drivers had no control over how many hours they worked and could do
26  nothing to change the amount of pay through their own efficiencies.

27      21. Upon information and belief, Pilot and Best Buy require the Delivery Drivers to purchase
28

**CLASS ACTION COMPLAINT**

1    multiple forms of insurance coverage in amounts determined by Pilot through insurance plans
2    specified and sometimes negotiated by Pilot, and to name Pilot and Best Buy as additional "insureds."
3    Pilot further requires the Delivery Drivers to purchase or rent from Pilot and Best Buy, certain tools
4    and equipment.

5        22. Pilot directs Delivery Drivers to engage helpers to deliver the assigned merchandise. Pilot
6    prohibits the Delivery Drivers from working with helpers who have not been screened, qualified, and
7    approved in advance by Pilot and Best Buy.  Pilot expects helpers to follow the same work methods
8    and standards it requires the Delivery Drivers to follow and to comply with all other requirements
9    communicated by Pilot and Best Buy, including attendance at meetings held by Pilot management
10   and/or Best Buy.

11       23. Pilot permits Delivery Drivers to engage other Drivers and/or Helpers at their own expense
12   who have been screened, qualified, and approved by Pilot and Best Buy.  Delivery Drivers may
13   engage such Drivers and/or Helpers so that they are able to take a day off from work, such as for
14   example when they are unable to come to work due to illness or so that they may have a day of rest.
15   Pilot expects Drivers and/or Helpers to follow the same work methods and standards it requires the
16   Delivery Drivers to follow and to comply with all other requirements communicated by Pilot and
17   Best Buy, including following instructions given by Pilot and Best Buy managers and attending
18   mandatory meetings.

19       24. The Delivery Drivers are economically dependent for their financial livelihood on Pilot, and
20   Pilot is entirely dependent on the Delivery Drivers for the retail merchandise delivery service
21   provided by Pilot to its clients, like Best Buy. The Delivery Drivers are terminable at will. They may
22   be terminated upon fifteen- or thirty-days written notice without cause or immediately for alleged
23   breaches of the broadly worded standards and obligations described in the agreement, or arbitrarily.

24       25. Most of the Delivery Drivers have worked, or did work, for Pilot for several years.  Despite
25   Pilot's pervasive control over all aspects of its delivery service operation, including the details of the
26   Delivery Drivers' work, Pilot has classified and treated the Delivery Drivers as "independent
27   contractors." Pilot's classification and treatment of the Delivery Drivers as "independent contractors"
28   rather than as "employees" is and during all relevant times has been unlawful.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings these claims as a class action pursuant to Code of Civil Procedure § 382 and Business and Professions Code §§ 17203 & 17204. Plaintiff brings this action on Plaintiff's own behalf and on behalf of the following class of individuals (the "Class" or "Class Members"):

> All current and former individuals who performed delivery services for Defendants as Contract Carriers, Drivers, and/or Helpers in the State of California from March 28, 2017 and continuing while this action is pending.

27. All Delivery Drivers, i.e., Contract Carriers, Drivers, and Helpers, including Plaintiff, are putative class members.

28. During the Class Period, by virtue of unlawfully classifying Plaintiff and Class Members as independent contractors and compensating Class Members with a "flat rate" Defendants have routinely failed to compensate Delivery Drivers all of the wages they are due ("off-the-clock" work).

29. During the Class Period, Plaintiff and Delivery Drivers were subject to Defendants' Unlawful company practice of classifying them as independent contractors and paying them a daily flat sum of money when in fact they were subjected to the pervasive control of Defendants. All who were subject to this unlawful classification and compensation scheme suffered damages. Defendants applied this illegal wage device uniformly to all Delivery Drivers to the disadvantage of Class Members.

30. As a result, during the Class Period, Defendants have failed to provide Drivers and Helpers with accurate wage and hour statements since the daily "flat rate" did not fully compensate Delivery Drivers for all hours worked. Defendants have failed to provide Delivery Drivers with accurate wage and hour statements since the gross hours earned, total hours worked, all deductions made, net wages earned, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate.

31. During the Class Period, Plaintiff and Delivery Drivers have been required to work more than eight hours per day and more than forty hours per workweek. Defendants have routinely failed to compensate Delivery Drivers all of the overtime wages they are due.

////

32. During the Class Period, Defendants have failed to pay accrued wages and other compensation due immediately to Delivery Drivers who were terminated, and Defendants have failed to pay accrued wages and other compensation due within seventy-two hours to Delivery Drivers who ended their employment.

33. The proposed class is ascertainable in that its members can be identified using information contained in Defendants' payroll and personnel records.

34. Numerosity.  The Delivery Drivers are so numerous, conservatively estimated to include over 40 Delivery Drivers, that joinder of each individual Class Member would be impracticable, and the disposition of their claims in a class action, rather than numerous individual actions, will benefit the parties, the Court, and the interests of justice.

35. Commonality.  There is a well-defined community of interest in the questions of law and fact involved in this action because Defendants' failure to pay Delivery Drivers their wages or afford them the protections required under the Employment Laws and Regulations affects all Class Members. Common questions of law and fact predominate over questions that affect only individual Delivery Drivers, because all Delivery Drivers were subject to the uniform, unlawful pay practices and policies.  The predominate questions of law and fact include, but are not limited to:

    a.    Whether Defendants devised a scheme and/or plan to circumvent California wage and hour laws;

    b.    Whether Defendants' conduct was fraudulent and/or deceitful;

    c.    Whether Defendants' conduct violated the Employment Laws and Regulations; and

        (i)    failed to compensate Plaintiff and the Class Members for all hours worked;

        (ii)    failed to compensate Plaintiff and the Class Members at the applicable and legally-mandated minimum hourly rate then in effect;

        (iii)    failed to provide Plaintiff and the Class Members with timely and accurate wage and hour statements; and

1                 (iv)    failed to maintain complete and accurate payroll records for

2                       Plaintiff and the Class Members;

3         d.      Whether Defendants' systematic acts and practices violate, *inter alia*,

4              California Business & Professions Code section 17200, *et seq.*

5     36. <u>Typicality</u>. Plaintiff's claims are typical of those of the other Delivery Drivers because

6 all Delivery Drivers share the same or similar employment duties and activities, all are automatically

7 classified as independent contractors, and all have been denied the benefits and protections of the

8 Employment Laws and Regulations in the same manner. Since Defendants have uniformly applied

9 the same pay practices and policies to each Delivery Driver, Plaintiff's claims are typical of the claims

10 of all Delivery Drivers. Plaintiff's claims are also typical because Plaintiff has suffered the same

11 damages as those suffered by all Class Members.

12     37. <u>Adequacy of Representation</u>. Plaintiff can fairly and adequately represent and protect the

13 interests of all Delivery Drivers in that Plaintiff does not have disabling conflicts of interest which

14 are antagonistic to those of all other Delivery Drivers. Plaintiff seeks no relief which is antagonistic

15 or adverse to the other Class Members, and the infringement of their rights and the damages they

16 have suffered are typical of all other Class Members. Plaintiff's counsel is competent and

17 experienced in litigating class actions in California based on large employers' violations of the

18 Employment Laws and Regulations.

19     38. As mentioned above, to the extent that any Delivery Drivers entered into any arbitration

20 agreement with any Defendant and such agreement purports to require arbitration, such agreement

21 is void and unenforceable. Even if such agreement is deemed enforceable, however, class-wide

22 arbitration is appropriate and should be utilized to obtain class-wide relief.

23     39. <u>Superiority of Class Action</u>. The nature of this action and the nature of laws available to

24 Plaintiff and the other Delivery Drivers in the putative Class make use of the class action a particularly

25 efficient and effective procedure because:

26         a.      For many of the Delivery Drivers, individual actions or other

27              individual remedies would be impracticable and litigating individual

28              actions would be too costly;

b.   The action involves a large corporate employer or employers (Pilot and Best Buy) and a large number of individual employees (Plaintiff and the other Class Members), many with relatively small claims and all with common issues of law and fact;

c.   If the Delivery Drivers are forced to bring individual lawsuits, the corporate defendants would necessarily gain an unfair advantage, the ability to exploit and overwhelm the limited resources of individual Class Members with vastly superior financial and legal resources;

d.   The costs of individual suits would likely consume the amounts recovered;

e.   Requiring each Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by current employees of Defendants, who would be disinclined to pursue an action against their present and/or former employer due to an appreciable and justified fear of retaliation and permanent damage to their immediate and/or future employment; and

f.   Common business practices Plaintiff experienced are representative of those experienced by all Delivery Drivers and can establish the right of all Delivery Drivers to recover on the alleged claims.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGE

### (CAL. LABOR CODE §§ 1182.11, 1194 ET SEQ.; IWC WAGE ORDER NO. 9;

### MINIMUM WAGE ORDER)

40. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief.

41. At all times relevant to this complaint, Cal. Labor Code §§ 1182.11, 1182.12, and 1197,

////

////

IWC wage order No. 9, and the Minimum Wage Order were in full force and effect and required that Defendant's California nonexempt employees receive the minimum wage for all hours worked irrespective of whether nominally paid on an hourly, piece rate, or any other basis, at the rate of ten dollars ($10) per hour for work performed up through January 1, 2017, ten dollars and fifty cents ($10.50) per hour for work performance up through January 1, 2018, eleven dollars ($11) per hour for work performed up through January 1, 2019, twelve dollars ($12) per hour for work performed up through January 1, 2020, and thirteen dollars ($13) per hour for work performed thereafter.

42. Defendants failed to pay Plaintiff and putative class members for all hours worked at the statutory minimum wage rate, as required by law, including for work time spent at mandatory meetings; work time spent waiting to receive assignments and merchandise at Best Buy's stores or warehouses; work time spent picking up and transporting "haul away" merchandise; and work time spent returning paperwork to Best Buy's stores at the end of the workday.

43. At various times throughout the relevant statutory period, Defendants have caused Plaintiff and putative class members to incur expenses and deductions that contributed to Defendants' failing to pay minimum wages for all hours worked, as required by law.

44. As a direct and proximate result of the acts and/or omissions of Defendants, Plaintiff and putative class members have been deprived of minimum wages due in amounts to be determined at trial, and to additional amounts as liquidated damages, pursuant to Cal. Labor Code §§ 1194 and 1194.2.

45. By violating Cal. Labor Code §§ 1182.11, 1182.12, and 1197, IWC wage order No. 9, § 4, and the Minimum Wage Order, Defendants are also liable for civil penalties, interest and reasonable attorneys' fees and costs under Cal. Labor Code §§ 558, 1194, 1197.1.

46. Plaintiff requests relief as described below.

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME COMPENSATION**

**(CAL. LABOR CODE §§ 510, 1194 ET SEQ.; IWC WAGE ORDER NO. 9.)**

47. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief.

48. Defendants have been required, pursuant to Cal. Labor Code § 510 and IWC wage order No. 9, § 3, to pay Plaintiff and putative class members overtime compensation at a rate of 1.5 times their regular rates of pay for all hours worked in excess of eight in a day and in excess of 40 in a week, and at a rate of two times their regular rates of pay for all hours worked in excess of 12 in a day.

49. Defendants failed to pay Plaintiff and putative class members daily or weekly overtime compensation in violation of Cal. Labor Code § 510 and IWC wage order No. 9, § 3.

50. As a result of Defendants' unlawful acts, Plaintiff and putative class members have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, under Cal. Labor Code § 1194.

51. By violating Cal. Labor Code § 510, Defendants are liable for civil penalties and attorneys' fees and costs under Cal. Labor Code §§ 558, 1194, and 1197.1.

52. Plaintiff requests relief as described below.

### THIRD CAUSE OF ACTION

### REIMBURSEMENT OF EMPLOYMENT EXPENSES

### (CAL. LABOR CODE § 2802)

53. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief.

54. Cal. Labor Code § 2802 provides: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer . . . [which includes] all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

55. As a direct consequence of discharging their duties for Defendants and/or obeying Defendants' directions, Plaintiff and putative class members have necessarily incurred expenses for which they have not been indemnified by Pilot and Best Buy, including the purchase and/or lease and depreciation of vehicles; fuel, maintenance, and other vehicle operating costs; various forms of insurance; wages paid to Delivery Drivers; costs associated with lost or damaged merchandise and

1  other property damage; Pilot proprietary uniforms; certain tools and equipment Defendants have

2  required Plaintiff and class members to purchase or rent from Pilot and Best Buy; other miscellaneous

3  equipment including moving pads and blankets, dollies, hand tools, installation supplies, GPS

4  navigational equipment, and cellular telephones; fees for payroll administration services; expenses

5  associated with a cash bond or fund; and the attorneys' fees incurred to enforce Plaintiff's and putative

6  class members' rights under Cal. Labor Code § 2802.

7      56. Defendants have failed to indemnify or in any manner reimburse Plaintiff and putative

8  class members for these expenditures and losses.

9      57. By requiring Plaintiff and putative class members to pay expenses and cover losses that they

10  incurred in direct consequence of the discharge of their duties for Defendants and/or in obedience of

11  Defendants' direction, Defendants have violated and continues to violate Cal. Labor Code § 2802.

12      58. As a direct and proximate result of Defendants' conduct, Plaintiff and putative

13  class members have suffered substantial losses according to proof, as well as pre-judgment interest,

14  costs, and attorneys' fees for the prosecution of this action, which losses are compensable under

15  Cal. Labor Code §2802.

16      59. Plaintiff requests relief as described below.

17              **FOURTH CAUSE OF ACTION**

18        **UNLAWFUL DEDUCTIONS FROM WAGES**

19     **(CAL. LABOR CODE §§ 221 & 223; IWC WAGE ORDER NO. 9)**

20      60. The allegations of each of the preceding paragraphs are realleged and incorporated herein by

21  reference, and Plaintiff alleges as follows a claim of relief.

22      61. Cal. Labor Code § 221 provides: "It shall be unlawful for any employer to collect or receive

23  from an employee any part of wages theretofore paid by said employer to said employee."

24      62. Cal. Labor Code § 223 provides: "Where any statute or contract requires an employer to

25  maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting

26  to pay the wage designated by statute or by contract."

27      63. IWC wage order No. 9, § 8 provides that the only circumstance under which an employer can

28         make a deduction from an employee's wage due to cash shortage, breakage, or loss of

1    equipment is if the employer can show that the shortage, breakage, or loss was the result of

2    the

3    employee's gross negligence or dishonest or willful act.

4    64. These and related statutes, along with California's fundamental public policy protecting

5    wages and wage scales, prohibit employers from subjecting employees to unanticipated or

6    unpredicted reductions in their wages; making employees the insurers of their employer's business

7    losses; otherwise passing the ordinary business losses of the employer onto the employee; taking

8    deductions from wages for business losses in any form unless the employer can establish that the loss

9    was caused by a dishonest or willful act, or gross negligence of the employee; or taking other

10    unpredictable deductions that may impose a special hardship on employees.

11    65. Defendants have violated Cal. Labor Code §§ 221 and 223 and IWC wage order No. 9, § 8

12    by unlawfully taking deductions from Plaintiff's and putative class members' compensation to

13    cover certain ordinary business expenses of Defendants, including various forms of insurance;

14    uniforms; payment services; equipment and tools; losses associated with lost or damaged

15    merchandise and other property damage; gift cards and other payments given or reimbursed to

16    customers who complain or are dissatisfied with service they received; and "charge-back" items

17    Defendants claim to reserve the right to deduct from Plaintiff's and putative class members' pay.

18    66. Defendants have further violated Cal. Labor Code §§ 221 and 223 and IWC wage order No.

19    9, § 8 by unlawfully taking deductions from Plaintiff's and putative class members' compensation

20    for the purpose of establishing a reserve account to draw upon to cover ordinary business expenses,

21    including compensation to customers complaining of damages to their merchandise or to their homes.

22    67. Because Defendants made unlawful deductions from Plaintiff's and putative class members'

23    compensation, they are liable to Plaintiff and putative class members for the compensation that should

24    have been paid but for the unlawful deductions, pursuant to Cal. Labor Code §§ 221 and 223 and

25    IWC wage order No. 9, § 8.

26    68. By unlawfully deducting wages and failing to pay Plaintiff and putative class members

27    Defendants are also liable for penalties, interest and reasonable attorneys' fees and costs

28    under Cal. Labor Code §§ 218.5 and 1194.

**CLASS ACTION COMPLAINT**

1   69. Plaintiff request reliefs as described below.

2   **FIFTH CAUSE OF ACTION**

3   **FAILURE TO PROVIDE MEAL PERIODS**

4   **(CAL. LABOR CODE §§ 226.7, 512; IWC WAGE ORDER NO. 9)**

5   70. The allegations of each of the preceding paragraphs are realleged and incorporated herein by

6   reference, and Plaintiff alleges as follows a claim of relief.

7   71. Plaintiff and putative class members have regularly worked in excess of five (5) hours in a

8   workday without being provided at least a half-hour meal period in which they were relieved of all

9   duties, as required by Cal. Labor Code §§ 226.7 and 512, and IWC Wage Order No. 9, § 11(A).

10   72. Because Defendants failed to provide proper meal periods, they are liable to Plaintiff and

11   putative class members for one hour of additional pay at the regular rate of compensation for each

12   workday that the proper meal periods were not provided, pursuant to Cal. Labor Code § 226.7(b) and

13   IWC wage order No. 9, § 11(B).

14   73. By violating Cal. Labor Code §§ 226.7 and 512, and IWC wage order No. 9, §11,

15   Defendants are also liable for penalties, reasonable attorneys' fees, and costs under Cal. Labor Code

16   §§ 218.5 and 1194.

17   74. Plaintiff requests relief as described below.

18   **SIXTH CAUSE OF ACTION**

19   **FAILURE TO AUTHORIZE AND PERMIT REST PERIODS**

20   **(CAL. LABOR CODE § 226.7; IWC WAGE ORDER NO. 9)**

21   75. The allegations of each of the preceding paragraphs are realleged and incorporated herein by

22   reference, and Plaintiff alleges as follows a claim of relief.

23   76. Plaintiff and putative class members have regularly worked in excess of four (4) hours in a

24   workday without Defendant's authorizing and permitting them to take at least a ten-minute rest

25   period, as required by Cal. Labor Code § 226.7 and IWC wage order No. 9, § 12.

26   77. Because Defendants failed to authorize and permit proper rest periods, Defendants are liable

27   to Plaintiff and putative class members for one hour of additional pay at the regular rate of

28   compensation for each workday that the proper rest periods were not authorized and permitted,

**CLASS ACTION COMPLAINT**

1  pursuant to Cal. Labor Code § 226.7(b) and IWC wage order No. 9, § 12(B).

2      78.  By violating Cal. Labor Code §§ 226.7 and 512, and IWC wage order No. 9, §11,

3  Defendants are also liable for penalties, reasonable attorneys' fees, and costs under Cal. Labor Code

4  §§ 218.5 and 1194.

5      79. Plaintiff requests relief as described below.

6                        **SEVENTH CAUSE OF ACTION**

7              **FAILURE TO FURNISH ACCURATE WAGE STATEMENTS**

8              **(CAL. LABOR CODE §§ 226, 226.3; IWC WAGE ORDER NO. 9)**

9      80. The allegations of each of the preceding paragraphs are realleged and incorporated herein by

10  reference, and Plaintiff alleges as follows a claim of relief.

11      81. Cal. Labor Code § 226(a) and IWC wage order No. 9, § 7(B) require employers semi-

12  monthly or at the time of each payment of wages to furnish each California employee with a

13  statement itemizing, among other things, the total hours worked by the employee. Cal. Labor Code

14  § 226(b) provides that if an employer knowingly and intentionally fails to provide a statement

15  itemizing, among other things, the total hours worked by the employee, then the employee is

16  entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation

17  and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

18      82. Defendants knowingly and intentionally failed to furnish Plaintiff and putative class

19  members with timely, itemized statements that accurately report the total hours worked, as required

20  by Cal. Labor Code § 226(a) and IWC wage order No. 9, § 7(B). As a result, Defendants are liable to

21  Plaintiff and putative class members for the amounts provided by Cal. Labor Code § 226(b), including

22  an award of costs and reasonable attorneys' fees.

23      83. Plaintiff requests relief as described below.

24                        **EIGHTH CAUSE OF ACTION**

25                        **WAITING TIME PENALTIES**

26                        **(CAL. LABOR CODE §§ 201-203)**

27      84. As a separate and distinct cause of action, Plaintiff complains and realleges all the

28  ////

-16-

**CLASS ACTION COMPLAINT**

1 | allegations contained in this complaint, and incorporate them by reference into this cause of action

2 | as though fully set forth herein, excepting those allegations which are inconsistent with this cause of

3 | action.

4 | 85. During the Class Period, Defendants failed to pay accrued wages and other compensation

5 | due immediately to each putative class member who was terminated and failed to pay accrued

6 | wages, including meal and rest period wages and other compensation due within seventy-two hours

7 | to each putative class member who ended his or her employment.

8 | 86. As a consequence of Defendants' actions, putative class members are entitled to all

9 | available statutory penalties, including those provided in California Labor Code section 203, as well

10 | as all other available remedies.

11 | **NINTH CAUSE OF ACTION**

12 | **VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION ACT**

13 | **(CAL. BUSINESS & PROFESSIONS CODE §§ 17200-17209)**

14 | 87. The allegations of each of the preceding paragraphs are realleged and incorporated herein by

15 | reference, and Plaintiff alleges as follows a claim of relief.

16 | 88. California Business & Professions Code § 17200 prohibits unfair competition in the form of

17 | any unlawful, unfair, or fraudulent business act or practice.

18 | 89. California Business & Professions Code § 17204 allows "any person acting for the interests

19 | of itself, its members or the general public" to prosecute a civil action for violation of the Unfair

20 | Competition Law.

21 | 90. Beginning at an exact date unknown to Plaintiff, but at least four years prior to the filing of

22 | this action, Defendants committed unlawful, unfair, and/or fraudulent business acts and practices as

23 | defined by California Business & Professions Code § 17200, by engaging in the following:

24 |     a.     Failing to pay California minimum wage and overtime compensation to

25 |             Plaintiff and putative class members;

26 |     b.     Failing to provide adequate off-duty meal periods to Plaintiff and putative

27 |             class members, and failing to pay them premium pay for missed meal periods;

28 |     c.     Failing to authorize and permit adequate rest periods to Plaintiff and

-17-

**CLASS ACTION COMPLAINT**

putative class members, and failing to pay them premium pay for missed rest periods;

d. Failing to indemnify Plaintiff and putative class members for employment-related business expenses and losses;

e. Improperly and unlawfully making deductions from Plaintiff's and plaintiff class members' compensation to cover certain ordinary business expenses and losses of Defendants, which were not attributable to Plaintiff's and putative class members' dishonest or willful act, or to their gross negligence, as described above;

f. Improperly and unlawfully demanding a cash bond from Plaintiff and putative class members, and making deductions from such bonds in violation of the Employee Bond Law, Cal. Labor Code §§ 400-410;

g. Coercing or compelling Plaintiff and putative class members to patronize Defendants' clients, like Best Buy by requiring Delivery Drivers to purchase or rent certain tools and equipment from Best Buy, in violation of Labor Code §450;

h. Failing to maintain workers' compensation insurance covering Plaintiff and putative class members, requiring Plaintiff and putative class members to purchase workers' compensation insurance for themselves, and failing to pay compensation to Plaintiff and putative class members injured on the job;

i. Failing to contribute to the Unemployment Trust Fund on behalf of Plaintiff and putative class members;

j. Failing to pay all wages due upon termination of employment to Plaintiff and similarly situated putative class members no longer in Defendant's employ;

k. Failing to provide accurate itemized wage statements to Plaintiff and putative class members;

l. Failing to keep accurate payroll records noting the actual hours worked by Plaintiff and putative class members, in violation of Cal. Labor Code § 1174 and IWC wage order No. 9, § 7(A);

m. Failing to pay all wages for labor performed between the 1st and 15th days of

the month between the 16th and the 26th day of the month during which the labor was performed, and failing to pay all wages for labor performed between the 16th and the last day of the month between the 1st and 10th day of the following month, as required by Cal. Labor Code § 204;

n.    Willfully misclassifying Plaintiff and putative class members as "independent contractors" in violation of the California Employee Misclassification Act, Cal. Labor Code § 226.8;

o.    Failing to provide Plaintiff and putative class members paid sick leave as required by Cal. Labor Code § 246; and

P.    Intentionally, recklessly and/or negligently misrepresenting to Plaintiff and putative class members the true nature of their employment status.

91.    The violations of these laws serve as unlawful, unfair, and/or fraudulent predicate acts and practices for purposes of Business & Professions Code § 17200.

92.    As a direct and proximate result of Defendants' unlawful, unfair, and/or fraudulent acts and practices described herein, Defendants have received and continue to hold ill-gotten gains belonging to Plaintiff and putative class members. As a direct and proximate result of Defendants' unlawful business practices, Plaintiff and putative class members have suffered economic injuries including, but not limited to out-of-pocket business expenses, unlawful deductions from compensation, loss of minimum wage and overtime wages, compensation for missed meal periods, compensation for missed rest periods, loss of unemployment insurance benefits, loss of amounts paid into cash bonds and interest thereon, waiting time penalties, and attorneys' fees and costs incurred to enforce their rights, including their rights under Cal. Labor Code § 2802.  Defendants have profited from its unlawful, unfair, and/or fraudulent acts and practices in the amount of those business expenses, improper deductions from compensation, unpaid minimum wage and overtime, unpaid compensation for missed meal periods and missed rest periods, unpaid unemployment insurance and workers' compensation premiums, cash bond payments, and interest accrued.

93.    Plaintiff and putative class members are entitled to restitution pursuant to Cal. Business &

Professions Code §§ 17203 and 17208 for all unpaid business expenses, unlawful deductions from compensation, minimum wage, overtime, meal period and rest period compensation, unemployment insurance and workers' compensation premiums, cash bond payments, unpaid waiting time penalties, interest since four years prior to the filing of this action, and attorney's fees and costs Plaintiff has incurred to enforce these rights, including their rights under Cal. Labor Code § 2802.

94. Plaintiff and putative class members are entitled to enforce all applicable penalty provisions of the California Labor Code pursuant to Business & Professions Code § 17202.

95. By all of the foregoing alleged conduct, Defendants have committed, and are continuing to commit, ongoing unlawful, unfair and fraudulent business practices within the meaning of Cal. Business & Professions Code §17200 *et seq*.

96. As a direct and proximate result of the unfair business practices described above, Plaintiff and putative class members have suffered significant losses and Defendants have been unjustly enriched.

97. Pursuant to Cal. Business & Prof. Code §17203, Plaintiff is entitled to: (a) restitution of money acquired by means of its unfair business practices, in amounts not yet ascertained but to be ascertained at trial; (b) injunctive relief against Defendants' continuation of unfair and unlawful business practices; and (c) a declaration that Defendants' business practices are unfair and unlawful within the meaning of the statute.

98. Plaintiff assumed the responsibility of enforcement of the laws and lawful claims specified herein. There is a financial burden incurred in pursuing this action which is in the public interest. Therefore, reasonable attorneys' fees are appropriate pursuant to Cal. Code of Civil Procedure § 1021.5.

99. Plaintiff requests relief as described below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all Delivery Drivers, prays that the Court enter judgment in their favor and against Defendants as follows:

1. For an Order requiring and certifying this action as a class action;

2. For an Order appointing Plaintiff's counsel as Class Counsel;

1    3.    For compensatory damages in an amount to be ascertained at trial;

2    4.    For restitution in an amount to be ascertained at trial;

3    5.    For punitive damages in an amount to be ascertained at trial;

4    6.    For penalties as required by the applicable Wage Order or otherwise by law;

5    7.    For prejudgment interest at the legal rate pursuant to California Labor Code section

6  218.6 and other applicable sections;

7    8.    For reasonable attorney's fees pursuant to California Labor Code § 1194;

8    9.    For cost of suit incurred herein;

9    10.    For disgorgement of profits garnered as a result of Defendants' unlawful failure to pay

10  overtime premium compensation and meal and rest period compensation; and

11    11.    For such further relief as the Court may deem appropriate.

12  DATED: September 22, 2021        **BOYAMIAN LAW, INC.**

By: _____

Michael H. Boyamian
Attorneys for Plaintiff CHRISTIAN
MATUTE and All Others Similarly Situated

## DEMAND FOR JURY TRIAL

Plaintiff CHRISTIAN MATUTE, individually and on behalf of all similarly situated individuals, demand jury trial of this matter.

DATED: September 22, 2021        **BOYAMIAN LAW, INC.**

By: _____

Michael H. Boyamian
Attorneys for Plaintiff CHRISTIAN
MATUTE and All Others Similarly Situated

# EXHIBIT C

*Civil Case Cover Sheet*

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR C | 23128740 |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Michael Boyamian (SBN 256107) / Heather Zermeno (SBN SBN 334460)
BOYAMIAN LAW, INC.
550 N. Brand Boulevard, Suite 1500
Glendale, CA 91203
TELEPHONE NO.: (818) 547-5300   FAX NO.: (818) 547-5678
ATTORNEY FOR *(Name)*: Plaintiff Christian Matute

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda County Superior Court
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME: Rene C. Davidson Courthouse

**F I L E D**
**ALAMEDA COUNTY**
SEP 23 2021
CLERK OF THE SUPERIOR COURT
By _____
JANIE THOMAS, Deputy

CASE NAME:
Matute v. Pilot Air Freight LLC, et al.

| **CIVIL CASE COVER SHEET**<br>[✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | **Complex Case Designation**<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>RG21113609<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify)*: Nine (9)
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 22, 2021

Michael Boyamian
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

*Filed By Fax*

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: Matute v. Pilot Air Freight LLC, et al. | Case Number: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW <u>UNLIMITED</u> CIVIL CASE FILINGS IN THE**
**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

| | |
|---|---|
| [ X ] Oakland, Rene C. Davidson Alameda County Courthouse (446) | [   ] Hayward Hall of Justice (447) |
| | [   ] Pleasanton, Gale-Schenone Hall of Justice (448) |

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | **Is this an uninsured motorist case? [ ] yes [ ] no** | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (<u>not</u> asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [X] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial    **Is the deft. in possession** |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential    **of the property?** |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs    **[ ] Yes   [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes  [ ] No** | | |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

A-13

# EXHIBIT D

*Summons to Pilot Air Freight LLC dba Pilot Freight
Services and Best Buy Co. Inc.*



# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PILOT AIR FREIGHT LLC dba PILOT FREIGHT SERVICES, a Pennsylvania
Limited Liability Company; BEST BUY CO., INC., a Minnesota Corporation;
and DOES 1 through 25, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CHRISTIAN MATUTE, an individual; Individually and on Behalf of
All Similarly Situated Individuals

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

23128742

# FILED
ALAMEDA COUNTY

SEP 2 3 2021

CLERK OF THE SUPERIOR COURT
By
JANIE THOMAS, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Alameda County Superior Court | **CASE NUMBER:**<br>*(Número del Caso):* RG21113609 |

1225 Fallon Street, Oakland, California 94612
Rene C. Davidson Courthouse

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael Boyamian, BOYAMIAN LAW, INC., 550 N. Brand Blvd, Suite 1500, Glendale, California 91203

| DATE:<br>*(Fecha)* | SEP 2 3 2021 | Chad Finke | Clerk, by<br>*(Secretario)* | | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

# EXHIBIT E

*Proof of Service of Summons on Best Buy*

23132483

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*

Michael H. Boyamian, 256107
Boyamian Law Firm, Inc.
550 North Brand Blvd, Suite 1500
Glendale, CA 91203
TELEPHONE NO.: (818) 547-5300
ATTORNEY FOR *(Name):* Plaintiff

**F I L E D**
ALAMEDA COUNTY

SEP 2 8 2021

CLERK OF THE SUPERIOR COURT
BY _____
Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
Superior Court of California, Alameda County
1225 Fallon Street, #109
Oakland, CA 94612-4293

PLAINTIFF/PETITIONER: Christian Matute, et al.

DEFENDANT/RESPONDENT: Pilot Air Freight LLC, et al.

| CASE NUMBER: |
|---|
| RG21113609 |

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:

Summons, Class Action Complaint, Civil Case Cover Sheet

3. a. Party served: Best Buy Co., Inc., a Minnesota Corporation

   b. Person Served: CT Corp - Melvin Bautista, Process Specialist - Person Authorized to Accept Service of Process

4. Address where the party was served: 330 North Brand Blvd, #700
   Glendale, CA 91203
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on (date): 09/24/2021    (2) at (time): 12:31PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   Best Buy Co., Inc., a Minnesota Corporation
   under: CCP 416.10 (corporation)
7. **Person who served papers**
   a. Name:        Jessica Brown
   b. Address:     One Legal - P-000618-Sonoma
                   1400 North McDowell Blvd, Ste 300
                   Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 40.00
   e I am:
      (3) registered California process server.
          (i)   Employee or independent contractor.
          (ii)  Registration No.: 2019217220
          (iii) County: Los Angeles

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 09/24/2021

Jessica Brown
(NAME OF PERSON WHO SERVED PAPERS)                          (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

OL# 16953545

# EXHIBIT F

*Proof of Service of Summons on Pilot Air Freight*

23121795

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br><br>Michael H. Boyamian, 256107<br>Boyamian Law Firm, Inc.<br>550 North Brand Blvd, Suite 1500<br>Glendale, CA 91203<br>TELEPHONE NO.: (818) 547-5300<br>ATTORNEY FOR (Name): Plaintiff | FOR COURT USE ONLY<br><br>F I L E D<br>ALAMEDA COUNTY<br>SEP 28 2021<br>CLERK OF THE SUPERIOR COURT<br>By_____<br>Deputy |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>Superior Court of California, Alameda County<br>1225 Fallon Street, #109<br>Oakland, CA 94612-4293 | |

| PLAINTIFF/PETITIONER: Christian Matute, et al.<br><br>DEFENDANT/RESPONDENT: Pilot Air Freight LLC, et al. | CASE NUMBER:<br>RG21113609 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:

Summons, Class Action Complaint, Civil Case Cover Sheet

3. a. Party served:  Pilot Air Freight LLC dba Pilot Freight Services, a Pennsylvania Limited Liability Company

   b. Person Served: CSC - Trudy Desbiens - Person Authorized to Accept Service of Process

4. Address where the party was served: 2710 Gateway Oaks Drive, Suite 150N
   Sacramento, CA 95833
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
     receive service of process for the party (1) on (date): 09/24/2021    (2) at (time): 1:25PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   Pilot Air Freight LLC dba Pilot Freight Services, a Pennsylvania Limited Liability Company
   under: Other: Limited Liability Company
7. **Person who served papers**
   a. Name:      Tyler Anthony DiMaria
   b. Address:   One Legal - P-000618-Sonoma
              1400 North McDowell Blvd, Ste 300
              Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 40.00
   e I am:
      (3) registered California process server.
        (i) Employee or independent contractor.
        (ii) Registration No.: 2006-06
        (iii) County: Sacramento

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date:  09/24/2021



Tyler Anthony DiMaria
(NAME OF PERSON WHO SERVED PAPERS)                    (SIGNATURE)

# EXHIBIT G

## *Notice of Hearings-Complex and CMC*

Law Offices of Thomas W. Falvey
Attn: Boyamain, Michael H.
550 N. Brand Boulevard
Suite 1500
Glendale, CA   91203____

Pilot Air Frieght LLC

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

Matute

                              Plaintiff/Petitioner(s)
                    VS.

Pilot Air Frieght LLC

                        Defendant/Respondent(s)
            (Abbreviated Title)

No. RG21113609

NOTICE OF HEARING

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 11/02/2021    TIME: 03:00 PM    DEPARTMENT: 23
LOCATION:  Administration Building, Fourth Floor
              1221 Oak Street, Oakland

Case Management Conference:
DATE: 12/14/2021    TIME: 03:00 PM    DEPARTMENT: 23
LOCATION:  Administration Building, Fourth Floor
              1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 23 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6939.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 23.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to **Direct Calendar Departments** at

**http://apps.alameda.courts.ca.gov/domainweb**.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 23.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 23 by e-mail at Dept23@alameda.courts.ca.gov or by phone at (510) 267-6939.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  09/30/2021                    Chad Finke  Executive Officer / Clerk of the Superior Court

                              By   _____
                                             Deputy Clerk

---

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 10/03/2021.

                              By   _____
                                             Deputy Clerk

# EXHIBIT H

*Defendant Best Buy's Answer to Complaint*

1
2
3
4
5

MORGAN, LEWIS & BOCKIUS LLP
BARBARA J. MILLER (SBN 167223)
barbara.miller@morganlewis.com
CHRISTOPHER J. TAYLOR (SBN 292369)
christopher.taylor@morganlewis.com
600 Anton Blvd., Suite 1800
Costa Mesa, CA 92626
Tel:     +1.714.830.0600
Fax:     +1.714.830.0700

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**10/25/2021 at 12:50:55 PM**
By: Curtiyah Ganter, Deputy Clerk

6
7

Attorneys for Defendant
BEST BUY CO., INC.

8

9

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

10

## FOR THE COUNTY OF ALAMEDA

11

12
13
14

CHRISTIAN MATUTE, an individual on
behalf of all others similarly situated,

                    Plaintiff,

              vs.

Case No. RG21113609

**DEFENDANT BEST BUY CO., INC.'S
ANSWER TO COMPLAINT**

15
16
17

PILOT AIR FREIGHT LLC dba PILOT
FREIGHT SERVICES; BEST BUY CO.,
INC.; and DOES 1 through 25 inclusive,

                    Defendants.

Complaint Filed:      September 23, 2021

18
19
20
21
22
23
24
25
26
27
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

**DEFENDANT BEST BUY CO., INC.'S
ANSWER TO COMPLAINT
CASE NO. RG21113609**

DB2/ 41789584.1

Defendant Best Buy Co., Inc. ("Best Buy" or "Defendant") hereby answers the complaint ("Complaint") of Plaintiff Christian Matute ("Plaintiff") as follows:

### GENERAL DENIAL

Per California Code of Civil Procedure Section 431.30(d), Defendant generally denies each and every material allegation set forth in the Complaint. Defendant specifically denies that it is in any way liable to Plaintiff or any other individuals sought to be represented, or that Plaintiff has been damaged in any sum or sums.

### DEFENSES

Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparations for trial. The defenses stated below are based on Defendant's knowledge, information, and belief at this time. Defendant specifically reserves the right to modify, amend, or supplement any defense at any time.

Defendant asserts the following defenses, without admitting any obligations regarding who bears the burden of proof or persuasion as to any one of them:

### FIRST AFFIRMATIVE DEFENSE
#### (Failure to State a Cause of Action)

1.     The Complaint and each claim alleged therein fail to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE
#### (Statutes of Limitations)

2.     The Complaint and each claim alleged are barred in whole or in part by all applicable statutes of limitation, including but not limited to California Code of Civil Procedure Sections 338, 340, and 343; California Business and Professions Code Section 17208; and California Labor Code Section 203.

### THIRD AFFIRMATIVE DEFENSE
#### (Misjoinder/Not the Employer)

3.     Defendant has been improperly joined as a defendant in this action because Defendant did not employ Plaintiff and/or other putative class members. Plaintiff and other

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 41789584.1

1

**DEFENDANT BEST BUY CO., INC.'S**
**ANSWER TO COMPLAINT**
CASE NO. RG21113609

putative class members worked for other persons or entities either as employees or as independent contractors.  Further, Plaintiff has failed to join necessary and indispensable parties to this action, including but not limited to persons and/or entities that directly employed putative class members.

## FOURTH AFFIRMATIVE DEFENSE

### (Overpayment)

4.      To the extent Plaintiff and/or putative class members were paid compensation beyond that to which they were entitled, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid wages or other monetary relief.

## FIFTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

5.      The claims of Plaintiff and/or putative class members, or some of them, are barred in whole or in part by the principles of accord and satisfaction.

## SIXTH AFFIRMATIVE DEFENSE

### (Res Judicata/Collateral Estoppel)

6.      The claims of Plaintiff and/or putative class members, or some of them, are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith Reliance)

7.      The claims of Plaintiff and/or putative class members, or some of them, are barred to the extent Defendant acted in good faith reliance on an administrative regulation, order, ruling and/or interpretation of the Industrial Welfare Commission, the Division of Labor Standards Enforcement, and/or other governmental agency.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Comply with Statutory Notice Prerequisites)

8.      Plaintiff's claims against Defendant are also barred in whole or in part because Plaintiff and other putative class members have failed to comply with statutory notice prerequisites for filing a civil action pursuant to Civl Procedure Code Section 2810.3.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 41789584.1

2

DEFENDANT BEST BUY CO., INC.'S
ANSWER TO COMPLAINT
CASE NO. RG21113609

## NINTH AFFIRMATIVE DEFENSE

### (No Waiting Time Penalties)

9.      The Complaint fails to state a claim for waiting time penalties under Labor Code Section 203 to the extent that no such penalties can continue after the commencement of an action for the penalties.

## TENTH AFFIRMATIVE DEFENSE

### (Not Willful/Good Faith Dispute)

10.      Plaintiff, and putative class members, are barred from recovering penalties pursuant to Labor Code Section 203 because: (a) Plaintiff has failed to plead facts sufficient to support allegations of willfulness; and (b) neither Defendant nor any agent or employee of Defendant acted willfully in failing to pay wages allegedly due to Plaintiff or putative class members.  Further, there is a good faith dispute that any wages are due to Plaintiff and other putative class members.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

11.      The Complaint and each claim alleged are barred, or recovery should be reduced, because Plaintiff and/or putative class members, or some of them, failed to mitigate their damages and, to the extent of such failure, any damages awarded should be reduced accordingly.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

12.      The Complaint and each claim alleged are barred in whole or in part by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

13.      The Complaint and each claim alleged are barred in whole or in part by the doctrine of waiver.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 41789584.1

3

**DEFENDANT BEST BUY CO., INC.'S
ANSWER TO COMPLAINT**
CASE NO. RG21113609

1

**FOURTEENTH AFFIRMATIVE DEFENSE**

2

**(Estoppel)**

3       14.     The Complaint and each claim alleged are barred in whole or in part by the

4   doctrine of estoppel.

5

**FIFTEENTH AFFIRMATIVE DEFENSE**

6

**(Consent)**

7       15.     The Complaint and each claim alleged are barred to the extent Plaintiff and/or

8   putative class members, or some of them, consented to any alleged activity or conduct.

9

**SIXTEENTH AFFIRMATIVE DEFENSE**

10

**(Laches)**

11       16.     The Complaint and each claim alleged are barred in whole or in part by the

12   doctrine of laches.

13

**SEVENTEENTH AFFIRMATIVE DEFENSE**

14

**(De Minimis)**

15       17.     The Complaint and each claim alleged are barred in whole or in part by the *de*

16   *minimis* doctrine.

17

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18

**(Adequate Remedy at Law)**

19       18.     The claims of Plaintiff and/or putative class members, or some of them, for

20   injunctive and other equitable relief are barred because they have an adequate and complete

21   remedy at law.

22

**NINETEENTH AFFIRMATIVE DEFENSE**

23

**(Indemnity)**

24       19.     Defendant is indemnified against the claims asserted in the Complaint.

25

26

27

28

Morgan, Lewis &
Bockius LLP
Attorneys at Law

DB2/ 41789584.1

4

**DEFENDANT BEST BUY CO., INC.'S
ANSWER TO COMPLAINT**
CASE NO. RG21113609

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

20.     The alleged Labor Code violations are the result, in whole or in part, of the acts or omissions of entities or individuals other than Defendant, and Defendant's liability, if any, must be reduced by any percentage of fault attributable to those other entities and/or individuals.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Proximate Cause)**

21.     Any acts or omissions to act by Defendant were not the proximate cause of any injury suffered by Plaintiff.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(FAAAA Preemption)**

22.     Plaintiff's claims are barred, in whole or in part, by the doctrine of preemption, because California's meal and rest break rules, and other Labor Code provisions, affect rates, routes, and services within the meaning of the express preemption of the Federal Aviation Administration Authorization Act ("FAAAA"), 49 U.S.C. § 14501.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Arbitration)**

23.     The Complaint and each claim alleged are improperly before this Court due to arbitration agreement(s) that require the claims in the Complaint to be submitted to binding arbitration.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Setoff and Recoupment)**

24.     If any damages have been sustained by Plaintiff and/or other putative class members, which is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments and/or all obligations that Plaintiff and/or other putative class members owed to Defendant against any judgment that may be entered against Defendant.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 41789584.1

5

DEFENDANT BEST BUY CO., INC.'S
ANSWER TO COMPLAINT
CASE NO. RG21113609

1

2 **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

3 **(Breaks Provided)**

4    25.    Plaintiff and other putative class members were provided the opportunity to take

5 full, uninterrupted 30-minute, off-duty meal breaks that commenced by the end of the fifth hour

6 of work.  On occasion, at their election and not at the direction of Defendant, Plaintiff and other

7 putative class members may not have taken this opportunity and instead worked during all of a

8 portion of their provided meal break.  On other occasions, at their election and not at the direction

9 of Defendant, Plaintiff and other putative class members may not have taken the opportunity for a

10 meal break by the end of the fifth hour, instead taking a 30-minute off-duty break later in the day.

11 **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

12 **(Due Process)**

13    26.    The Complaint, including the allegations on behalf of others set forth therein, is

14 barred because the use of a class or representative action, based upon the facts and circumstances

15 of this case, would constitute a denial of Defendant's rights to due process under the United

16 States and California Constitutions.  Furthermore, the prosecution against Defendant of an action

17 in these circumstances under Business and Professions Code Section 17200 would constitute a

18 denial of its due process rights in violation of the Fourteenth Amendment to the United States

19 Constitution and the California Constitution.

20 **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

21 **(No Private Right of Action)**

22    27.    Plaintiff's claims, including but not limited to Plaintiff's fourth cause of action for

23 unlawful deductions from wages, are barred, in whole or in part, because there is no private right

24 of action.

25 **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

26 **(Lack of Standing)**

27    28.    Plaintiff and other putative class members lack standing to pursue claims for

28 injunctive or restitutionary relief under Business and Professions Code Section 17200, et seq.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 41789584.1

6

1

## **RESERVATION OF RIGHTS**

2      29.      Defendant reserves the right to assert additional defenses as discovery proceeds

3   and it becomes aware of additional facts and circumstances that provide the basis for additional

4   defenses.

5      WHEREFORE, Defendant prays for judgment as follows:

6      1.      That Plaintiff takes nothing by reason of his Complaint;

7      2.      That the Complaint be dismissed in its entirety with prejudice, and that judgment

8   be entered in favor of Defendant and against Plaintiff on all claims contained in the Complaint;

9      3.      That Defendant be awarded its reasonable costs and attorneys' fees incurred by

10   this action pursuant to Labor Code Section 218.5 and any other applicable laws; and

11      4.      For such other and further relief as the Court deems just and proper.

12

13   Dated:  October 25, 2021                    MORGAN, LEWIS & BOCKIUS LLP

14

15   By   _____

16                                               BARBARA J. MILLER
                                                 CHRISTOPHER J. TAYLOR
                                                 Attorneys for Defendant
17                                               BEST BUY CO., INC.

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 41789584.1

7

DEFENDANT BEST BUY CO., INC.'S
ANSWER TO COMPLAINT
CASE NO. RG21113609

**PROOF OF SERVICE**

*Christian Matute v. Pilot Air Freight LLC, et al.*
Alameda County Superior Court Case No. RG21113609

I, Patricia Martin, declare:

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 600 Anton Boulevard, Suite 1800, Costa Mesa, CA 92626. On October 25, 2021, I served a copy of the within document(s):

**DEFENDANT BEST BUY CO., INC.'S ANSWER TO COMPLAINT**

| | |
|---|---|
| ☒ | **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Costa Mesa, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. |
| ☒ | **BY ELECTRONIC SERVICE:** the parties listed below were served electronically using the Court's electronic service provider **ONE LEGAL** with the document(s) listed above by e-mailed PDF files on October 25, 2021. The transmission was reported as complete and without error. My electronic notification address is 600 Anton Boulevard, Suite 1800, Costa Mesa, California 92626. My e-mail address is patricia.martin@morganlewis.com. |

| | |
|---|---|
| BOYAMIAN LAW, INC.<br>Michael H. Boyamian, Esq.<br>Heather M. Zermeno, Esq.<br>550 North Brand Blvd., Suite 1500<br>Glendale, CA 91203<br>Tel: 818.547.5300<br>Fax: 818.547.5678<br>michael@boyamianlaw.com<br>heather@boyamianlaw.com | *Attorneys for Plaintiff Christian Matute* |

Executed on October 25, 2021, at Costa Mesa, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

_____
Patricia Martin

# EXHIBIT I

*Defendant Pilot's Answer and Affirmative Defenses to Class Action Complaint and Demand for Jury Trial*

1

2

3

4

Christopher C. McNatt, Jr. (SBN 174559)
cmcnatt@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, California 91101
Telephone: 626-795-4700
Facsimile: 626-795-4790

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**10/25/2021 at 01:22:54 PM**
By: Curtiyah Ganter, Deputy Clerk

5

6

7

8

James A. Eckhart (SBN 321101)
jeckhart@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
Telephone: 317-637-1777
Facsimile: 317-687-2414

9

10

Attorneys for Defendant,
PILOT FREIGHT SERVICES, LLC

11

12

13

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

14

15

16

17

18

19

20

21

| | |
|---|---|
| CHRISTIAN MATUTE, an individual; Individually and on Behalf of All Similarly Situated Individuals, <br><br> Plaintiff, <br><br> vs. <br><br> PILOT AIR FREIGHT LLC dba PILOT FREIGHT SERVICES, a Pennsylvania Limited Liability Company; BEST BUY CO., INC., a Minnesota Corporation; and DOES 1 through 25, Inclusive, <br><br> Defendant. | Case No. RG21113609 <br><br> **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> Assigned for all purposes to: Honorable Brad Seligman <br><br> Action Filed:  September 23, 2021 <br> Trial Date:    Not set |

22

///

23

///

24

///

25

///

26

///

27

///

28

///

Defendant, Pilot Freight Services (Pilot or Defendant), responds to the Class Action Complaint and Demand for Jury Trial (Complaint) filed by Plaintiff Christian Matute, as follows:

## I.

## GENERAL DENIAL

Under California Code of Civil Procedure § 431.30(d), Defendant generally and specifically denies each and every allegation contained in, and each purported cause of action alleged in, the Complaint. Without limiting the generality of the foregoing, Defendant specifically denies that Plaintiff, and/or the individuals they seek to bring this class action on behalf of, are entitled to any of the relief requested; that Defendant misclassified Plaintiff as an independent contractor; that Defendant violated any statute or legal requirement pertaining to compensation paid to Plaintiff or the putative class(es) specified in the Complaint; that Defendant committed or is liable for any wrongful conduct or omission; and that any conduct or omission of Defendant caused any injury or damage to Plaintiff or the individuals on whose behalf he brings this putative class action.

## II.

## AFFIRMATIVE DEFENSES

Under the California Code of Civil Procedure § 431.30(g), Defendant further pleads the following separate and additional defenses to the Complaint, without in any way agreeing or conceding that they have the burden of proof or persuasion on any of these issues or that they are liable for any claims asserted against them:

1.    Defendant denies that Plaintiff was Defendant's employee, but even if he was, to the extent he seeks the payment of overtime, Plaintiff is exempt from the payment of overtime.

2.    Some or all of Plaintiff's claims are barred by the doctrine of estoppel.

3.    Some or all of Plaintiff's claims imposing penalties would be inequitable and unjust and are therefore barred because a good faith dispute exists as to whether

additional compensation is due and owing, and Defendant has not intentionally or willfully failed to pay such additional compensation.

4. Plaintiff's claims fail to the extent California law does not apply to his claims.

5. The business practices alleged in the Complaint are not "unfair," "unlawful," or "fraudulent" as those terms are defined and utilized in California Business & Professions Code § 17200 (the UCL).

6. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

7. Some or all of Plaintiff's claims should be reduced by the doctrine of set off.

8. All actions taken by Defendant towards Plaintiff were lawful and not in violation of public policy.

9. To the extent Plaintiff seeks to recover equitable relief, Plaintiff is not entitled to such relief because (a) they have an adequate remedy at law and (b) they lack standing.

10. Even assuming for the sake of argument that Defendant violated a statute, any such violation was a result of an act or omission in good faith, and Defendant had reasonable grounds for believing such act or omission was not a violation of any statute, order, regulation or policy.

11. Any claim for penalties is unconstitutional under the U.S. Constitution and the California Constitution.

12. Pre-judgment interest may not be granted because the damages claimed by Plaintiff are not sufficiently certain to allow an award of pre-judgment interest.

13. Plaintiff's claims, including his misclassification theory, are preempted under the Supremacy Clause of the U.S. Constitution, U.S. CONST. art. VI, cl. 2, because they are related to Defendant's prices, routes, and services within the meaning of the express preemption provision of the Federal Aviation Administration Authorization Act (FAAAA), 49 U.S.C. § 14501.

14.    To the extent that Plaintiff seeks to recover under California's meal and rest period rules, that recovery is preempted under the Supremacy Clause of the U.S. Constitution, art. VI, cl. 2, because (a) California's meal and rest break rules conflict with the federal hours of service regulations, 49 C.F.R. Part 395, by imposing a different standard than that carefully set at the federal level by the Federal Motor Carrier Safety Administration (FMCSA); and (b) the FMCSA's regulation of the hours of service of drivers in interstate commerce through the federal hours of service regulations, 49 C.F.R. Part 395, leaves no room for additional or supplemental state regulation of drivers' hours of service.

15.    The FMCSA precludes the application of and prohibits the enforcement of the California meal and rest break laws to commercial drivers pursuant to 49 U.S.C. § 31141. See 83 Fed. Reg. 67470 (Dec. 28, 2018).

16.    To the extent Plaintiff alleges Defendant failed to reimburse business expenses and made unlawful deductions under California law, those claims are preempted under the Supremacy Clause of the U.S. Constitution, U.S. CONST. art. VI, cl. 2, because (a) they conflict with the Federal Leasing Regulations, 49 C.F.R. Part 376, by prohibiting what is expressly permitted under those regulations; and (b) they affect Defendant's prices, routes, and services within the meaning of the express preemption provision of the FAAAA.

17.    Plaintiff's claims under Cal. Lab. Code §§ 221 and 223 fail because those provisions do not provide a private right of action.

18.    Plaintiff's claims under the California Labor Code are preempted by the FAAAA because Plaintiff's claims, if successful, will alter the terms of their privately-negotiated contracts.

19.    Plaintiff's claims are barred because they are an undue burden on interstate commerce in violation of the Commerce Clause of the U.S. Constitution, art. I, § 8, cl. 3.

/ / /

/ / /

20.    Plaintiff's claims regarding Defendant's alleged failure to pay all wages owed every pay period are barred because California Labor Code § 204 does not provide a private right of action.

21.    To the extent Plaintiff seeks wages and/or penalties for both alleged meal and rest break violations for the same working day, such wages and/or penalties are duplicative and improper.

22.    To the extent that Plaintiff seeks punitive damages based on the alleged acts of Defendant, the Complaint violates Defendant's right to substantive due process as provided by the U.S. Constitution and the California Constitution.

23.    Plaintiff's claims under California Labor Code §§ 201-203 claims are barred because (a) a good faith, bona fide dispute exists or existed as to whether additional compensation is or was owed, pursuant to California Labor Code §§ 201, 202 and 203; (b) Defendant has not intentionally or willfully failed to pay each additional compensation, and (c) to impose penalties in this action would be inequitable and unjust.

24.    The imposition of penalties, including replicating penalties, as applied to the alleged facts and circumstances of this case, would violate Defendant's due process rights under the Fourteenth Amendment of the U.S. Constitution and under the Constitution and laws of the State of California.

25.    Plaintiff's claims are barred because Plaintiff failed to exhaust administrative remedies.

26.    Plaintiff has failed to join one or more indispensable parties to this action.

27.    Some or all of Plaintiff's claims are barred because Plaintiff has been fully compensated.

28.    Some or all of Plaintiff's claims are barred by the doctrines of avoidable consequences and/or waiver.

29.    Some or all of Plaintiff's claims are barred, or recovery should be reduced, because Plaintiff has failed to mitigate his damages and, to the extent of such failure, any damages awarded should be reduced accordingly.

30.    Some or all of Plaintiff's claims are barred by the *de minimis* doctrine.

31.    Defendant is indemnified against the claims asserted in the Complaint.

32.    Plaintiff's alleged violations of California law are the result, in whole or in part, of the acts or omissions of individuals or entities other than Defendant, and Defendant's liability, if any, must be reduced by any percentage of fault attributable to those other entities and/or individuals.

33.    Defendant's alleged acts or omissions were not the proximate cause of any injury suffered by Plaintiff.

34.    Without waiving its ability to oppose class certification and explicitly asserting its opposition to the propriety of class treatment, if the Court does certify a class in this case over Defendant's objections, then Defendant asserts the affirmative defenses set forth above against each member of any subsequently certified class.

WHEREFORE, Defendant requests judgment as follows:

A.    That this action not be certified as a class action;

B.    That Plaintiff take nothing by way of the Complaint;

C.    That judgment be entered against Plaintiff and in favor of Defendant;

D.    That Defendant be awarded its attorney fees and costs incurred in this case; and

E.    That Defendant be awarded all other necessary and proper relief.

## III.

## DEMAND FOR JURY TRIAL

Pilot hereby demands a jury trial with respect to all issues triable of right by jury.

Dated: October 25, 2021                Respectfully submitted,


*/s/ James A. Eckhart*
James A. Eckhart

Attorney for Defendant,
PILOT FREIGHT SERVICES, LLC

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

    I, **Derek R. Mitchell**, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2 North Lake Avenue, Suite 560, Pasadena, California 91101.

    On October 25, 2021, I served the foregoing document described as **DEFENDANT PILOT FREIGHT SERVICES' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** on interested parties in this action as follows:

√    **VIA E-MAIL FROM dmitchell@scopelitis.com TO:**

        Michael H. Boyamian, SBN 256107
        michael@boyamianlaw.com
        Heather M. Zermeno, SBN 334460
        heather@boyamianlaw.com
        BOYAMIAN LAW, INC.
        550 North Brand Boulevard, Suite 1500
        Glendale, California 91203
        Telephone: (818) 547-5300
        Facsimile: (818) 547-5678

√    Pursuant to California Rule of Court 2.251(b)(1)(B), I caused the document to be electronically transmitted to the persons shown above at the electronic service address(es) listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

√    **(STATE)**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on October 25, 2021, at Glendale, California.

_Derek R. Mitchell_
                Derek R. Mitchell

4848-5277-2094, v. 5

# EXHIBIT J

*Defendant Best Buy Co., Inc.'s Peremptory Challenge to Judicial Officer (Code CIV. Proc. 170.6); Declaration of Barbara J. Miller; Proposed Order*

Electronically Received 10/25/2021 12:54 PM

1  MORGAN, LEWIS & BOCKIUS LLP
   BARBARA J. MILLER (SBN 167223)
2  barbara.miller@morganlewis.com
   CHRISTOPHER J. TAYLOR (SBN 292369)
3  christopher.taylor@morganlewis.com
   600 Anton Blvd., Suite 1800
4  Costa Mesa, CA 92626
   Tel:    +1.714.830.0600
5  Fax:    +1.714.830.0700

6  Attorneys for Defendant
   BEST BUY CO., INC.

7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    FOR THE COUNTY OF ALAMEDA

11

12  CHRISTIAN MATUTE, an individual on          Case No. RG21113609
    behalf of all others similarly situated,
13                                              **DEFENDANT BEST BUY CO., INC.'S**
                         Plaintiff,             **PEREMPTORY CHALLENGE TO**
14                                              **JUDICIAL OFFICER (CODE CIV.**
              vs.                               **PROC. § 170.6); DECLARATION OF**
15                                              **BARBARA J. MILLER; [PROPOSED]**
    PILOT AIR FREIGHT LLC dba PILOT             **ORDER**
16  FREIGHT SERVICES; BEST BUY CO., INC.;
    and DOES 1 through 25 inclusive,
17                                              Complaint Filed:    September 23, 2021
                         Defendants.            Trial Data:         None set
18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 41792541.1

1    **TO PLAINTIFF, ALL ATTORNEYS OF RECORD, AND TO THE COURT:**

2         Pursuant to Code of Civil Procedure § 170.6, Defendant Best Buy Co., Inc. ("Defendant")

3    hereby moves to exercise a peremptory challenge to the Honorable Brad Seligman, Department

4    23, before whom this case is pending, on the grounds that counsel for Defendant believes in good

5    faith that Judge Seligman is prejudiced against Defendant and/or its attorneys, or the interests of

6    Defendant and/or its attorneys, so that Defendant believes it cannot have a fair and impartial trial

7    or hearing before Judge Seligman.

8         Because this matter is complex, Defendant requests that reassignment of this matter be

9    made to one of the other judges on the Court's complex division.

10        This peremptory challenge is based on the matters referenced herein, the Court's files and

11   records pertaining to this action, California Code of Civil Procedure section 170.6, and the

12   Declaration of Barbara J. Miller attached hereto.

13

14

15   Dated:  October 25, 2021                    MORGAN, LEWIS & BOCKIUS LLP

16                                               By  _____
17                                                   BARBARA J. MILLER
                                                     CHRISTOPHER J. TAYLOR
18                                                   Attorneys for Defendant
                                                     BEST BUY CO., INC.
19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 41792541.1

1                          DEFENDANT'S PEREMPTORY CHALLENGE
                           CASE NO. RG21113609

1

## DECLARATION OF BARBARA J. MILLER

2

I, Barbara J. Miller, declare:

3      1.      I am a member in good standing of the State Bar of California and am admitted to

4   practice law before all courts in California. I am a partner with the law firm of Morgan, Lewis &

5   Bockius LLP, attorneys of record for Defendant Best Buy Co., Inc. in the above-entitled action.

6      2.      The Honorable Brad Seligman, before whom this case is pending and has been

7   assigned, is prejudiced against Defendant and/or its attorneys, or the interests of Defendant and/or

8   its attorneys, so that Defendant cannot, or believes that it cannot, have a fair and impartial trial or

9   hearing before Judge Seligman.

10     I declare under penalty of perjury under the laws of the State of California that the

11  foregoing is true and correct.

12     Executed this 25th day of October 2021 in Costa Mesa, California.

13

14                                        _____
                                          Barbara J. Miller

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Morgan, Lewis &
Bockius LLP
Attorneys at Law

DB2/ 41792541.1

2

DEFENDANT'S PEREMPTORY CHALLENGE
CASE NO. RG21113609

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# [PROPOSED] ORDER

IT IS ORDERED that Defendant Best Buy Co., Inc.'s peremptory challenge as to the Honorable Brad Seligman is hereby granted.

Dated: _____          _____

Judge of the Superior Court

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 41792541.1

3

DEFENDANT'S PEREMPTORY CHALLENGE
CASE NO. RG21113609

1

**PROOF OF SERVICE**

2

*Christian Matute v. Pilot Air Freight LLC, et al.*
Alameda County Superior Court Case No. RG21113609

3

I, Patricia Martin, declare:

4

5

I am a citizen of the United States and employed in Orange County, California.  I am over the age of eighteen years and not a party to the within entitled action.  My business address is 600 Anton Boulevard, Suite 1800, Costa Mesa, CA 92626.  On October 25, 2021, I served a copy of the within document(s):

6

7

**DEFENDANT BEST BUY CO., INC.'S PEREMPTORY CHALLENGE TO JUDICIAL OFFICER (CODE CIV. PROC. § 170.6); DECLARATION OF BARBARA J. MILLER; [PROPOSED] ORDER**

8

9

☒

**BY MAIL:**  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Costa Mesa, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

10

11

12

13

14

☒

**BY ELECTRONIC SERVICE:**  the parties listed below were served electronically using the Court's electronic service provider **ONE LEGAL** with the document(s) listed above by e-mailed PDF files on October 25, 2021.  The transmission was reported as complete and without error.  My electronic notification address is 600 Anton Boulevard, Suite 1800, Costa Mesa, California 92626.  My e-mail address is patricia.martin@morganlewis.com.

15

16

17

18

| BOYAMIAN LAW, INC.<br>Michael H. Boyamian, Esq.<br>Heather M. Zermeno, Esq.<br>550 North Brand Blvd., Suite 1500<br>Glendale, CA  91203<br>Tel:   818.547.5300<br>Fax:   818.547.5678<br>michael@boyamianlaw.com<br>heather@boyamianlaw.com | *Attorneys for Plaintiff Christian Matute* |
|---|---|

19

20

21

22

23

24

25

Executed on October 25, 2021, at Costa Mesa, California.

26

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

27

_____
Patricia Martin

28

# EXHIBIT K

*Tentative Ruling-Complex Determination*

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF ALAMEDA**

**RG21113609 11/02/2021 Hearing on Motion - Other Complaint - Other Employment in Department 23**

Tentative Ruling

COMPLEX DETERMINATION

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to one of the three complex judges and an initial case management order will be issued.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9. Note that for those admitted pro hac vice, there is also an annual fee. (Gov't Code section 70617.)

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department.

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

# EXHIBIT L

*Plaintiff's Notice of Hearings and Tentative Ruling*

**BOYAMIAN LAW, INC.**
Michael H. Boyamian, SBN 256107
  michael@boyamianlaw.com
Heather M. Zermeno, SBN 334460
  heather@boyamianlaw.com
550 North Brand Boulevard, Suite 1500
Glendale, California 91203
Telephone:   (818) 547-5300
Facsimile:   (818) 547-5678

Attorneys for Plaintiff CHRISTIAN MATUTE, and all others
similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| CHRISTIAN MATUTE, an individual; Individually and on Behalf of All Similarly Situated Individuals, <br><br> Plaintiff, <br><br> v. <br><br> PILOT AIR FREIGHT LLC dba PILOT FREIGHT SERVICES, a Pennsylvania Limited Liability Company; BEST BUY CO., INC., a Minnesota Corporation; and DOES 1 through 25, Inclusive, <br><br> Defendants. | Case No. RG21113609 <br><br> *[Case Assigned for All Purposes to Hon. Barbara J. Miller, Dept. 23]* <br><br> **PLAINTIFF'S NOTICE OF HEARINGS AND TENTATIVE RULING** <br><br> Complaint Filed: September 23, 2021 <br><br> <u>Complex Determination Hearing:</u> <br> Date: November 2, 2021 <br> Time: 3:00 p.m. <br> Place: Department 23 <br><br> <u>Case Management Conference:</u> <br> Date: December 14, 2021 <br> Time: 3:00 p.m. <br> Place: Department 23 |

1

**PLAINTIFF'S NOTICE OF HEARINGS AND TENTATIVE RULING**

1    **TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

2        **PLEASE TAKE NOTICE** the Court has set a Complex Determination Hearing for

3    November 2, 2021, at 3:00 p.m., in Department 23 of the Alameda Superior Court.

4        **PLEASE TAKE FURTHER NOTICE** that the Court has set a Case Management

5    Conference for December 14, 2021, at 3:00 p.m., in Department 23 of the Alameda Superior Court.

6        **PLEASE TAKE FURHTER NOTICE** that a Tentative Ruling was issued on November

7    1, 2021, regarding the Complex Determination Hearing on November 2, 2021. The Court

8    designates this case as complex pursuant to Rule 3.400 et seq. The complex case fees are due within

9    ten days of the signed Tentative Ruling. Attached hereto as **Exhibit 1** is a true and correct copy of

10   the Court's Notice of Hearing. Attached hereto as **Exhibit 2** is a true and correct copy of the Court's

11   Tentative Ruling.

12

13    Dated: November 1, 2021                    **BOYAMIAN LAW, INC.**

14                                         By:  _____

15                                              Michael H. Boyamian
                                                Heather Zermeno
16                                              Attorneys for Plaintiff CHRISTIAN
                                                MATUTE, and all others similarly situated

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

Law Offices of Thomas W. Falvey
Attn: Boyamain, Michael H.
550 N. Brand Boulevard
Suite 1500
Glendale, CA   91203____

Pilot Air Frieght LLC

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

Matute

Plaintiff/Petitioner(s)

VS.

Pilot Air Frieght LLC

Defendant/Respondent(s)
(Abbreviated Title)

No. <u>RG21113609</u>

NOTICE OF HEARING

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 11/02/2021   TIME: 03:00 PM   DEPARTMENT: 23
LOCATION: Administration Building, Fourth Floor
1221 Oak Street, Oakland

Case Management Conference:
DATE: 12/14/2021   TIME: 03:00 PM   DEPARTMENT: 23
LOCATION: Administration Building, Fourth Floor
1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 23 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6939. Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 23.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions. Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to **Direct Calendar Departments** at

**http://apps.alameda.courts.ca.gov/domainweb**.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 23.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 23 by e-mail at Dept23@alameda.courts.ca.gov or by phone at (510) 267-6939.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  09/30/2021                    Chad Finke  Executive Officer / Clerk of the Superior Court

                                      By  _____

                                                                    Deputy Clerk

---

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

        Executed on 10/03/2021.

                                      By  _____

                                                                    Deputy Clerk

**EXHIBIT 2**

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ALAMEDA

## RG21113609 11/02/2021 Hearing on Motion - Other Complaint - Other Employment in Department 23

Tentative Ruling

COMPLEX DETERMINATION

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to one of the three complex judges and an initial case management order will be issued.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9. Note that for those admitted pro hac vice, there is also an annual fee. (Gov't Code section 70617.)

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department.

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

1

## **PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 550 North Brand Boulevard, 15th Floor, Glendale, California 91203.  On November 1, 2021, I served, in the manner indicated below, the foregoing document described as:

4

5

### **PLAINTIFF'S NOTICE OF HEARINGS AND TENTATIVE RULING**

6

on the interested parties in this action as follows:

7

| | |
|---|---|
| Barbara J. Miller<br>Barbara.miller@morganlewis.com<br>Christopher J. Taylor<br>Christopher.taylor@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>600 Anton Blvd., Suite 1800<br>Costa Mesa, CA 92626<br>Telephone: 1.714.830.0600<br>Fax: 1.714.830.0700<br><br>Attorneys for Defendant BEST BUY CO., INC. | Christopher C. McNatt, Jr.<br>cmcnatt@scopelitis.com<br>**SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP**<br>2 North Lake Avenue, Suite 560<br>Pasadena, California 91101<br>Telephone: 626-795-4700<br>Fax: 626-795-4790<br><br>James A. Eckhart<br>jeckhart@scopelitis.com<br>**SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.**<br>10 West Market Street, Suite 1400<br>Indianapolis, IN 46204<br>Telephone: 317-637-1777<br>Fax: 317-687-2414<br><br>Attorneys for Defendant PILOT FREIGHT SERVICES, LLC |

8

9

10

11

12

13

14

15

16

17

18

_____BY REGULAR MAIL:  I caused such envelopes to be deposited in the United States mail at Glendale, California, with postage thereon fully prepaid.  I am readily familiar with the firms's practice of collection and processing correspondence for mailing.  It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. §1013(c)(d)).

19

20

21

_____ BY FACSIMILE:  caused such document to be transmitted via facsimile to the offices of the addressee(s).  (C.C.P. § 1013(a)(e)(f)).

22

23

_____ BY OVERNIGHT DELIVERY: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressee(s). (C.C.P. §1013(c)(d)).

24

_____ BY PERSONAL SERVICE: I provided the documents to a professional messenger service for same day hand-delivery to the offices of the addressee(s).  (C.C.P. § 1011(a)(b)).

25

__X__  BY ELECTRONIC SERVICE: by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth above.

26

27

__X__  STATE: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

28

-1-

PROOF OF SERVICE

1    _____ FEDERAL: I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

2

3    Executed on November 1, 2021 at Glendale, California.

4

5    _____

6    Demiah Cseri

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

PROOF OF SERVICE

# EXHIBIT M

*Minutes on Complex Determination*

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse, Department 23

## JUDICIAL OFFICER: HONORABLE BRAD SELIGMAN

Courtroom Clerk: Jhalisa Castaneda                                                     CSR: None

---

**RG21113609**                                                                    November 2, 2021
                                                                                       3:00 PM

**Matute  VS Pilot Air Frieght LLC**

---

### MINUTES

**APPEARANCES:**

No Appearances

**NATURE OF PROCEEDINGS: Hearing on Motion - Other Complaint - Other Employment**

COMPLEX DETERMINATION

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to a judge and an initial case management order will be issued.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9. Note that for those admitted pro hac vice, there is also an annual fee. (Gov't Code section 70617.)

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Christopher John Taylor (Attorney) must forthwith serve a copy of this order on all counsel of record and self-represented parties, and file proof of service.

Chad Finke, Executive Officer / Clerk of the Court

By:    J. Castaneda, Deputy Clerk

Minutes of: 11/02/2021
Entered on: 11/03/2021

---

Minute Order                                                                Page 2 of 2

# EXHIBIT N

*Notice of Case Reassignment to Brad Seligman*

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda

11/03/2021

Clad Flike, Executive Officer/Clerk of the Court

By: _____ Deputy
J. Castaneda

COURTHOUSE ADDRESS:

Rene C. Davidson Courthouse

1225 Fallon Street, Oakland, CA 94612

PLAINTIFF(S):

Christian Matute

Pilot Air Frieght LLC et al

## NOTICE OF CASE REASSIGNMENT

CASE NUMBER:

RG21113609

**EFFECTIVE** 11/02/2021

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

ASSIGNED JUDGE:   Brad Seligman

DEPARTMENT:   23

LOCATION:   Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, CA 94612

PHONE NUMBER:   (510) 267-6939

FAX NUMBER:

EMAIL ADDRESS:   Dept23@alameda.courts.ca.gov

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedures section 170.6 must be exercised within the time period by law. (See Code of Civ. Proc. §§ 170.6, subd. (a.)(2) and 101.3)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate).  Parties may arrange and pay for the attendance of a certified shorthand reporter.  In limited jurisdiction cases, parties may request electronic recording. Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available.  For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

GENERAL PROCEDURES

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the Rene C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544 and through Civil e-filing. Information regarding Civil e-filing can be found on the courts website. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

## NOTICE OF CASE REASSIGNMENT

**ASSIGNED FOR ALL PURPOSES TO**

JUDGE Brad Seligman

DEPARTMENT 23

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processed (ADR) prior to the Initial Case Management Conference.  The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days."   The court's website contains this form and other ADR information.  If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

COURT RESERVATIONS

The use of the Court Reservation System (CRS) is now mandated in many civil courtrooms within the Alameda County Superior Court. Instead of calling or emailing the courtroom to make a reservation, parties with a case assigned to a courtroom using CRS are directed to utilize CRS to make and manage their own reservations, within parameters set by the courtrooms. CRS is available 24 hours a day, seven days a week and reservations can be made from a computer or smart phone. Please note, you are prohibited from reserving more than one hearing date for the same motion.

Prior to scheduling any motion on CRS, including any Applications for Orders for Appearance and Examination, or continuing any motion, please review the online information (if any) for the courtroom in which you are reserving. There may be specific and important conditions associated with certain motions and proceedings. Information is available on the court's eCourt Public Portal at www.eportal.alameda.courts.ca.gov.

Chad Finke, Executive Officer / Clerk of the Court

Chad Finke, Executive Officer, Clerk of the Court

By

J. Castaneda, Deputy Clerk

**NOTICE OF CASE REASSIGNMENT**

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Alameda<br>11/03/2021<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>J. Castaneda |
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |
| PLAINTIFF/PETITIONER:<br>Christian Matute | |
| DEFENDANT/RESPONDENT:<br>Pilot Air Frieght LLC et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>RG21113609 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Reassignment upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Michael H. Boyamain
Law Offices of Thomas W. Falvey
550 N. Brand Boulevard
Suite 1500
Glendale, CA 91203-

James Anthony Eckhart
Scopelitis Garvin Light Hanson & Feary
10 W Market St Ste 1400
Indianapolis, IN 46204

Christopher John Taylor
Morgan Lewis & Bockius, LLP
600 Anton Blvd, Ste 1800
Costa Mesa, CA 92626

Chad Finke, Executive Officer / Clerk of the Court

Dated: 11/03/2021                    By:

Chad Finke, Executive Officer / Clerk of the Court

J. Castaneda, Deputy Clerk

**CERTIFICATE OF MAILING**

# EXHIBIT O

*Minute Order (Court Order)*

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse, Department 23

### JUDICIAL OFFICER: HONORABLE BRAD SELIGMAN

Courtroom Clerk: J. Castaneda                                      CSR: None

---

**RG21113609**                                      November 3, 2021
                                                      10:35 AM

**Matute  VS Pilot Air Frieght LLC**

---

### MINUTES

**APPEARANCES:**

No Appearances

**NATURE OF PROCEEDINGS: Court Order**


INITIAL                 CASE                MANAGEMENT                ORDER


ASSIGNED  FOR  ALL  PURPOSES  TO: JUDGE  BRAD  SELIGMAN, DEPARTMENT  23


The following order shall apply to all parties in this action:

1.   CASE MANAGEMENT CONFERENCES

At Case Management Conferences the Court will address discovery issues, schedules, and other subjects pursuant to CRC 3.750. Counsel thoroughly familiar with the case shall attend the Case Management Conferences.  See LRC, Rule 3.290.

At the Initial CCMC, the parties must be prepared to discuss at length the nature of the case, both factually and legally, as well as the projected management of the case at each stage.  This is not a perfunctory exercise.  The primary objective of the CCMC is to develop a comprehensive plan for a just, speedy and economical determination of the litigation.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

Courtesy copies of statements must be delivered directly to Dept. 23.  The filing and delivery date is not later than five court days before the conference.

The Court strongly prefers joint CCMC statements prepared in narrative form, and not using Form CM-110, after counsel have met and conferred as required by CRC 3.724.   CCMC statements must address the following issues when applicable:

A.  A brief factual summary to assist the Court in understanding the background of the case, a statement of the issues presented, including each theory of liability and defense and a summary of the facts supporting each position taken, and the relief sought, including an estimate of damages.

B.  The number of parties and their posture, including a proposed structure of representation, (e.g., liaison/lead counsel or by committee) if applicable;

C.  Deadlines and limits on joinder of parties and amended or additional pleadings;

D.  Class discovery and class certification, if applicable;

E.  A proposed schedule for the conduct of the litigation including, but not limited to, a discovery plan, a plan for hearing remaining law and motion, and a projected trial date;

F.  An identification of all potential evidentiary issues involving confidentiality or protected evidence;

G.  A detailed description of the procedural posture of the case, describing any outstanding procedural problems, including, but not limited to:

(1)  unserved parties and the reasons for the failure to serve;

---

Minute Order                                                                                     Page 2 of 6

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

(2)  unserved and/or unfiled cross-complaints;

(3)  related actions pending in any jurisdiction and the potential for coordination or consolidation;

(4)  any possible jurisdictional or venue issues that may arise;

(5)  the status of discovery, including a description of all anticipated discovery and incomplete or disputed discovery issues;

(6)  unresolved law and motion matters;

(7)  requests for, or opposition to, any ADR proceedings, including but not limited to mediation, judicial or contractual arbitration;

(8)  severance of issues for trial; and

(9)  calendar conflicts for any attorney, witness, or party, and any other matter which may affect the setting of a trial date.

H.  Counsel may make suggestions for streamlining the litigation, including, but not limited to, a master file system, designation of lead counsel [for plaintiff(s) and/or defendant(s)] to streamline service of process and/or management of discovery, the use of e-filing, and the use of a web-page maintained by lead counsel for the purpose of posting the litigation schedule and agenda. Counsel may also address ways of structuring the trial of the action such as bifurcation, severance, bell-weather trials, use of special masters, use of expedited jury procedures and/or waiver of jury.

Parties are advised to check the court's register of action before appearing at any case management conference, including the Initial Case Management, at least one day before any

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

scheduled appearance to determine if the court has issued a tentative case management order.  If published, this tentative case management order will become the order of the Court unless counsel or self represented party notifies the Court and opposing counsel/self-represented party by email not less than one court day prior to the CMC that s/he intends to appear in person at the CMC to discuss some aspect of the order, and specifies the nature of the party's concern. (Please note that the Tentative Rulings posted on the website are for tentative rulings on law and motion matters and will not display tentative Case Management Orders. The tentative Case Management Orders are found in the Register of Action). Department 23 may be reached at Dept.23@alameda.courts.ca.gov.

### 2.  NOTICE OF FEE CHANGES - JURY TRIAL FEE

Effective July 2, 2012, the advance jury fee is fixed at $150.00, and is no longer refundable.  With certain exceptions, the jury trial fee is due on or before the date scheduled for the initial case management conference. See, C.C.P. 631(b).

### 3.  DISCOVERY

Discovery Conference: Motions related to discovery (i.e. motions to compel, protective orders etc.) may not be filed without leave of the court until after an informal discovery conference pursuant to revised Local Rule 3.31 (January 1, 2019) except a party may request a discovery conference in a Case Management Conference Statement. The discovery conference is not a pro forma step before a motion.  Requests for a discovery conference may be made, after meaningful meet and confer, by sending an email to the department clerk, copied to all counsel. The court will provide proposed dates.  Parties are to meet and confer as to availability for the proposed dates. If one or more parties are not available on the proposed date(s), additional dates may be requested. Upon request, the court will consider telephonic appearances as well as calls from depositions in progress.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

4.    EMAILS TO COURT

Emails to the court are not part of the court record in this case and may be deleted without notice.  Email is not a substitute for required filings. Any emails should be copied to all counsel. The Department 23 email may only be used for the following purposes: to seek a reservation to schedule a proceeding on the court's calendar, to give notice that a hearing has been dropped or a settlement reached, to request a discovery conference, emergency scheduling issues (i.e. running late to a hearing), to give notice that a litigant intends to appear to contest a tentative ruling, to reply to an inquiry from the clerk or research attorney of Department 23, to communicate with the courtroom clerk regarding department 23 procedures, or other matters that the court has expressly authorized in this case**.**

## 5. Pro Hac Vice Process

**Applications for Pro Hac Vice must be submitted by noticed motion on regular time, or, if it is a time sensitive matter, a request for an order shortening time must be submitted.  Applications will not be considered on an ex parte basis. CRC 9.40.**

6.  NOTICE

Parties are advised that CASE MANAGEMENT ORDERS, including trial setting orders, and FINAL RULINGS ON LAW AND MOTION that are issued by Dept. 23 will be published in the Court's website in the Register of Action for this case.  The clerk of the court WILL NOT serve each party a copy of future orders.  Instead, unless otherwise ordered, counsel shall obtain copies of all future orders from the Register of Action in this case.

SERVICE OF THIS ORDER

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service. The clerk is directed to serve a copy of this CASE MANAGEMENT ORDER upon counsel for Plaintiff(s).

Christopher John Taylor (Attorney) must forthwith serve a copy of this order on all counsel of record and self-represented parties, and file proof of service.

Chad Finke, Executive Officer / Clerk of the Court

By:            J. Castaneda, Deputy Clerk

Minutes of: 11/03/2021
Entered on: 11/03/2021

---

# EXHIBIT P

*Defendant Best Buy's Peremptory Challenge to Judicial Officer; Decl. of Barbara J. Miller; Proposed Order*

MORGAN, LEWIS & BOCKIUS LLP
BARBARA J. MILLER (SBN 167223)
barbara.miller@morganlewis.com
CHRISTOPHER J. TAYLOR (SBN 292369)
christopher.taylor@morganlewis.com
600 Anton Blvd., Suite 1800
Costa Mesa, CA 92626
Tel:    +1.714.830.0600
Fax:    +1.714.830.0700

Attorneys for Defendant
BEST BUY CO., INC.

**FILED**
Superior Court of California
County of Alameda

12/06/2021

Chad Finke , Executive Officer / Clerk of the Court

By: _____ Deputy
        J. Castaneda

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| CHRISTIAN MATUTE, an individual on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PILOT AIR FREIGHT LLC dba PILOT FREIGHT SERVICES; BEST BUY CO., INC.; and DOES 1 through 25 inclusive,<br><br>Defendants. | Case No. RG21113609<br><br>**DEFENDANT BEST BUY CO., INC.'S PEREMPTORY CHALLENGE TO JUDICIAL OFFICER (CODE CIV. PROC. § 170.6); DECLARATION OF BARBARA J. MILLER; [PROPOSED] ORDER**<br><br>Complaint Filed:    September 23, 2021<br>Trial Date:           None set |

Electronically Received 11/15/2021 12:40 PM

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 41994515.1

DEFENDANT'S PEREMPTORY CHALLENGE
CASE NO. RG21113609

**TO PLAINTIFF, ALL ATTORNEYS OF RECORD, AND TO THE COURT:**

Pursuant to Code of Civil Procedure § 170.6, Defendant Best Buy Co., Inc. ("Defendant") hereby moves to exercise a peremptory challenge to the Honorable Brad Seligman, Department 23, before whom this case is pending, on the grounds that counsel for Defendant believes in good faith that Judge Seligman is prejudiced against Defendant and/or its attorneys, or the interests of Defendant and/or its attorneys, so that Defendant believes it cannot have a fair and impartial trial or hearing before Judge Seligman.

This peremptory challenge is timely because Defendants make it "within 15 days after notice of the all purpose assignment." *See* Cal. Civ. Proc. Code § 170.6(2).  On November 3, 2021, the Court filed a Notice of Case Reassignment stating that the above-captioned action had been assigned to the Honorable Brad Seligman, Department 23.  The Notice states that it is effective November 2, 2021.  Because this motion is filed within fifteen days of that notice, it is timely.  *See id.*

Because this matter is complex, Defendant requests that reassignment of this matter be made to one of the other judges in the Court's complex division.

This peremptory challenge is based on the matters referenced herein, the Court's files and records pertaining to this action, California Code of Civil Procedure section 170.6, and the Declaration of Barbara J. Miller attached hereto.


Dated:  November 15, 2021                      MORGAN, LEWIS & BOCKIUS LLP


By _____
    BARBARA J. MILLER
    CHRISTOPHER J. TAYLOR
    Attorneys for Defendant
    BEST BUY CO., INC.

Morgan, Lewis &
Bockius LLP
Attorneys at Law

DB2/ 41994515.1

1

DEFENDANT'S PEREMPTORY CHALLENGE
CASE NO. RG21113609

## **DECLARATION OF BARBARA J. MILLER**

I, Barbara J. Miller, declare:

1.      I am a member in good standing of the State Bar of California and am admitted to practice law before all courts in California. I am a partner with the law firm of Morgan, Lewis & Bockius LLP, attorneys of record for Defendant Best Buy Co., Inc. in the above-entitled action.

2.      The Honorable Brad Seligman, before whom this case is pending and has been assigned, is prejudiced against Defendant and/or its attorneys, or the interests of Defendant and/or its attorneys, so that Defendant cannot, or believes that it cannot, have a fair and impartial trial or hearing before Judge Seligman.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 15th day of November 2021 in Costa Mesa, California.

Barbara J. Miller

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 41994515.1

2

DEFENDANT'S PEREMPTORY CHALLENGE
CASE NO. RG21113609

1

## [~~PROPOSED~~] ORDER

2          IT IS ORDERED that Defendant Best Buy Co., Inc.'s peremptory challenge as to the

3   Honorable Brad Seligman is hereby granted.

4

5   Dated:    12/04/2021                              _____

6                                                     Judge of the Superior Court

7                                                     **Brad Seligman / Judge**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 41994515.1

3          DEFENDANT'S PEREMPTORY CHALLENGE
CASE NO. RG21113609

# PROOF OF SERVICE

*Christian Matute v. Pilot Air Freight LLC, et al.*
Alameda County Superior Court Case No. RG21113609

I, Robin Onaka, declare:

I am a citizen of the United States and employed in San Francisco County, California.  I am over the age of eighteen years and not a party to the within entitled action.  My business address is One Market, Spear Street Tower, San Francisco, CA, 94105.  On November 15, 2021, I served a copy of the within document(s):

**DEFENDANT BEST BUY CO., INC.'S PEREMPTORY CHALLENGE TO JUDICIAL OFFICER (CODE CIV. PROC. § 170.6); DECLARATION OF BARBARA J. MILLER; [PROPOSED] ORDER**

| | |
|---|---|
| ☒ | **BY E-MAIL SERVICE:**  the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on November 15, 2021.  The transmission was reported as complete and without error.  My electronic notification address is One Market, Spear Street Tower, San Francisco, CA, 94105.  My e-mail address is robin.onaka@morganlewis.com. |
| ☐ | **BY MAIL:**  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. |
| ☐ | **BY OVERNIGHT MAIL:** By **FEDERAL EXPRESS,** following ordinary business practices for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business. |
| ☐ | **BY ELECTRONIC SERVICE:**  the parties listed below were served electronically using the Court's electronic service provider **ONE LEGAL** with the document(s) listed above by e-mailed PDF files on November 15, 2021.  The transmission was reported as complete and without error.  My electronic notification address is One Market, Spear Street Tower, San Francisco, CA, 94105.  My e-mail address is robin.onaka@morganlewis.com. |

DB2/ 41998409.1

| BOYAMIAN LAW, INC.<br>Michael H. Boyamian, Esq.<br>Heather M. Zermeno, Esq.<br>550 North Brand Blvd., Suite 1500<br>Glendale, CA 91203<br>Tel:   818.547.5300<br>Fax:   818.547.5678<br>michael@boyamianlaw.com<br>heather@boyamianlaw.com | *Attorneys for Plaintiff Christian Matute* |
|---|---|

Executed on November 15, 2021, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

_____

Robin Onaka

PROOF OF SERVICE

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>12/06/2021<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>J. Castaneda |
| PLAINTIFF/PETITIONER:<br>Christian Matute | |
| DEFENDANT/RESPONDENT:<br>Pilot Air Frieght LLC et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>RG21113609 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**


Christopher John Taylor
Morgan Lewis & Bockius, LLP
600 Anton Blvd, Ste 1800
Costa Mesa, CA 92626

James Anthony Eckhart
Scopelitis Garvin Light Hanson & Feary
10 W Market St Ste 1400
Indianapolis, IN 46204


Michael H. Boyamain
Law Offices of Thomas W. Falvey
550 N. Brand Boulevard
Suite 1500
Glendale, CA 91203-



Chad Finke, Executive Officer / Clerk of the Court

Dated: 12/06/2021                    By:

Chad Finke, Executive Officer / Clerk of the Court

J. Castaneda, Deputy Clerk


**CERTIFICATE OF MAILING**

# EXHIBIT Q

*Notice of Hearing-Application for Admission Pro Hac Vice of Andrew J. Butcher; Declaration in Support; Verified Application and Proposed Order*

1   Christopher C. McNatt, Jr. (SBN 174559)
cmcnatt@scopelitis.com

2   SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560

3   Pasadena, California  91101
Telephone:  (626) 795-4700

4   Facsimile:   (626) 795-4790

5   James A. Eckhart (SBN 321101)
jeckhart@scopelitis.com

6   SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400

7   Indianapolis, Indiana  46204
Telephone: (317) 637-1777

8   Facsimile: (317) 687-2414

9   Attorneys for Defendant,
PILOT FREIGHT SERVICES

10

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**11/30/2021 at 04:24:08 PM**
By: Anita Dhir, Deputy Clerk

11          SUPERIOR COURT OF THE STATE OF CALIFORNIA

12     FOR THE COUNTY OF ALAMEDA – RENE C. DAVIDSON COURTHOUSE

13   CHRISTIAN MATUTE, an individual; Individually and on Behalf of All Similarly

14   Situated Individuals,

15                Plaintiff,

16      vs.

17   PILOT AIR FREIGHT LLC dba PILOT FREIGHT SERVICES, a Pennsylvania

18   Limited Liability Company; BEST BUY Co., INC., a Minnesota Corporation; and

19   DOES 1 to 25 inclusive,

20           Defendants.

21

CASE NO. RG21113609

*[Assigned to Honorable Brad Seligman, Dept. 23]*

**NOTICE OF HEARING ON APPLICATION FOR ADMISSION PRO HAVE VICE OF ANDREW J. BUTCHER**

Hearing Date: February 1, 2022
Time: 3:00 p.m.
Place: Department 23
Reservation No.: 018765285495

Action filed: September 23, 2021
Trial Date: Not Set

22       TO CLERK OF THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD,

23  AND THE STATE BAR OF CALIFORNIA:

24       PLEASE TAKE NOTICE that on February 1, 2022, at 3:00 p.m., or as soon thereafter as the

25  matter may be heard, in Department 23 of this Court, located at 1221 Oak Street, Oakland, California

26  94612, the Honorable Brad Seligman presiding, Andrew J. Butcher will apply, and hereby does apply,

27  to the Court pursuant to Rule 9.40 of the California Rules of Court to be allowed to act as counsel pro

28  hac vice on behalf of defendant Pilot Freight Services in this matter.  Pursuant to Rule 9.40(c)(1) of the

California Rules of Court, a copy of this Notice and supporting papers, have been served upon the State Bar of California at its San Francisco office.  Additionally, the $50.00 fee has been paid and the documents have been uploaded to the State Bar of California's website.

Said application will be based upon this notice, the contemporaneously-filed Verified Application of Andrew J. Butcher and Declaration of Christopher C. McNatt, Jr. in Support of Application for Admission Pro Hac Vice of Andrew J. Butcher, and on such other further oral and documentary evidence as may be presented at the hearing on this matter.

Dated:  November 30, 2021

SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP

Christopher C. McNatt, Jr.
Attorney for Defendant,
PILOT FREIGHT SERVICES

1

## **PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

       I, Michelle Lazo**,** am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2 North Lake Avenue, Suite 560, Pasadena, California 91101.

4

5

       On November 30, 2021, I served the foregoing document described as **NOTICE OF HEARING ON APPLICATION FOR ADMISSION PRO HAC VICE OF ANDREW J. BUTCHER** on interested parties in this action as follows:

6

7

8

       Michael H. Boyamian, Esq.
       michael@boyamianlaw.com
       Heather M. Zermeno, Esq.

9

       heather@boyamianlaw.com
       BOYAMIAN LAW, INC.

10

       550 North Brand Boulevard, Suite 1500
       Glendale, California 91203

11

12

√    **(VIA ELECTRONIC TRANSMISSION):**  I caused such document(s) described herein to be uploaded electronically onto the website www.onelegal.com. I uploaded the above entitled document(s) with the understanding that all parties will be e-served and will have access to be able to download said documents.

13

14

15

√    **(STATE)**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

16

       Executed on November 30, 2021, at Norwalk, California.

17

18

19

                            _____
                                Michelle Lazo

20

4869-5000-6274, v. 2

21

22

23

24

25

26

27

28

**Superior Court of Alameda County Public Portal**

# Make a Reservation

### Matute VS Pilot Air Frieght LLC

Case Number: RG21113609    Case Type: Unlimited Civil    Category: Other Employment Complaint Case
Date Filed: 2021-09-23    Location: Rene C. Davidson Courthouse - Department 23

### Reservation

| | |
|---|---|
| Case Name: | Case Number: |
| Matute VS Pilot Air Frieght LLC | RG21113609 |
| Type: | Status: |
| Motion to Be Admitted Pro Hac Vice | RESERVED |
| Filing Party: | Location: |
| Pilot Air Frieght LLC (Defendant) | Rene C. Davidson Courthouse - Department 23 |
| Date/Time: | Number of Motions: |
| 02/01/2022 3:00 PM | 1 |
| Reservation ID: | Confirmation Code: |
| 018765285495 | CR-G2TMJTFKFVSDY7RYW |

### Fees

| Description | Fee | Qty | Amount |
|---|---|---|---|
| Motion to Be Admitted Pro Hac Vice | 0.00 | 1 | 0.00 |
| Court Technology Fee | 1.00 | 1 | 1.00 |
| TOTAL | | | **$1.00** |

### Payment

| | |
|---|---|
| Amount: | Type: |
| $1.00 | Visa |
| Account Number: | Authorization: |
| XXXX8902 | 643178 |

🖨 Print Receipt    ➕ Reserve Another Hearing    👤 View My Reservations

Terms of Service

Contact Us

Copyright © Journal Technologies, USA. All rights reserved.

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
11/30/2021 at 04:24:08 PM
By: Anita Dhir, Deputy Clerk

1  Christopher C. McNatt, Jr. (SBN 174559)
   cmcnatt@scopelitis.com
2  SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
   2 North Lake Avenue, Suite 560
3  Pasadena, California 91101
   Telephone: (626) 795-4700
4  Facsimile: (626) 795-4790

5  James A. Eckhart (SBN 321101)
   jeckhart@scopelitis.com
6  SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
   10 West Market Street, Suite 1400
7  Indianapolis, Indiana 46204
   Telephone: (317) 637-1777
8  Facsimile: (317) 687-2414

9  Attorneys for Defendant,
   PILOT FREIGHT SERVICES
10

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                     FOR THE COUNTY OF ALAMEDA

13

14  CHRISTIAN MATUTE, an individual;          CASE NO. 21113609
    Individually and on Behalf of All Similarly
15  Situated Individuals,                     *[Assigned to Honorable Brad Seligman, Dept. 23]*

16                            Plaintiff,       **DECLARATION OF CHRISTOPHER C.**
                                               **MCNATT, JR. IN SUPPORT OF**
17            vs.                              **APPLICATION FOR ADMISSION** *PRO*
                                               *HAC VICE* **OF ANDREW J. BUTCHER**
18  PILOT AIR FREIGHT, LLC dba PILOT
    FREIGHT SERVICES, a Pennsylvania          Hearing Date: February 1, 2022
19  Limited Liability Company; BEST BUY        Time: 3:00 p.m.
    Co., INC., a Minnesota Corporation; and    Place: Department 23
20  DOES 1 to 25 inclusive,                    Reservation No.: 018765285495

21                            Defendants.       Action filed: September 23, 2021
                                                Trial Date: Not Set
22

23      I, Christopher C. McNatt, Jr., declare:

24          1.      I am an attorney duly admitted to practice before all of the courts of the State of

25  California. I am a partner of Scopelitis, Garvin, Light, Hanson & Feary, LLP, 2 North Lake Avenue,

26  Suite 560, Pasadena, California 91101, counsel of record for defendant Pilot Freight Services, in the

27  above-captioned matter, and I am personally familiar with the matters set forth herein and, if called to

28  testify, could and would competently testify thereto.

                                              1

2.      I make this declaration in support of the Application by defendant Pilot Freight Services, to have Andrew J. Butcher admitted *pro hac vice* and associated as counsel to defendant Pilot Freight Services in this matter.

3.      On November 30, 2021, I caused to be served on the State Bar of California, at its San Francisco offices via United States Mail and via its website www.admissions.calbar.ca.gov, a copy of these papers, to wit, Notice of Hearing on Application for Admission *Pro Hac Vice* of Andrew J. Butcher; Verified Application of Andrew J. Butcher to Appear as *Pro Hac Vice* Counsel; Declaration of  Christopher C. McNatt, Jr., as well as a copy of the [Proposed] Order Granting Application for Admission *Pro Hac Vice* of Andrew J. Butcher and the $50.00 fee, pursuant to the requirements of Rule 9.40 of the California Rules of Court.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration is made this 30th day of November 2021, at Pasadena, California.

                                    _____
                                    Christopher C. McNatt, Jr

DECLARATION OF CHRISTOPHER C. MCNATT, JR. IN SUPPORT OF APPLICATION FOR ADMISSION *PRO HAC VICE* OF ANDREW J. BUTCHER

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

  I, **Michelle Lazo,** am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2 North Lake Avenue, Suite 560, Pasadena, California 91101.

  On November 30, 2021, I served the foregoing document described as **DECLARATION OF CHRISTOPHER C. MCNATT, JR. IN SUPPORT OF APPLICATION FOR ADMISSION *PRO HAC VICE* OF ANDREW J. BUTCHER** on interested parties in this action as follows:

     Michael H. Boyamian, Esq.
     michael@boyamianlaw.com
     Heather M. Zermeno, Esq.
     heather@boyamianlaw.com
     BOYAMIAN LAW, INC.
     550 North Brand Boulevard, Suite 1500
     Glendale, California 91203

√  **(VIA ELECTRONIC TRANSMISSION):** I caused such document(s) described herein to be uploaded electronically onto the website www.onelegal.com. I uploaded the above entitled document(s) with the understanding that all parties will be e-served and will have access to be able to download said documents.

√  **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

  Executed on November 30, 2021, at Norwalk, California.

             _____
             Michelle Lazo

4863-2924-9282, v. 2

1  Christopher C. McNatt, Jr. (SBN 174559)
   cmcnatt@scopelitis.com
2  SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
   2 North Lake Avenue, Suite 560
3  Pasadena, California 91101
   Telephone: (626) 795-4700
4  Facsimile: (626) 795-4790

5  James A. Eckhart (SBN 321101)
   jeckhart@scopelitis.com
6  SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
   10 West Market Street, Suite 1400
7  Indianapolis, Indiana 46204
   Telephone: (317) 637-1777
8  Facsimile: (317) 687-2414

9  Attorneys for Defendant,
   PILOT FREIGHT SERVICES

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**11/30/2021 at 04:24:08 PM**
By: Anita Dhir, Deputy Clerk

10                SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                        FOR THE COUNTY OF ALAMEDA

12

| | |
|---|---|
| 13  CHRISTIAN MATUTE, an individual; Individually and on Behalf of All Similarly Situated Individuals, | CASE NO. RG21113609 |
| 14 | *[Assigned to Honorable Brad Seligman, Dept. 23]* |
| 15                             Plaintiff, | **VERIFIED APPLICATION OF ANDREW J. BUTCHER AS *PRO HAC VICE* COUNSEL** |
| 16         vs. | Hearing Date: February 1, 2022 |
| 17  PILOT AIR FREIGHT, LLC dba PILOT FREIGHT SERVICES, a Pennsylvania Limited Liability Company; BEST BUY Co., INC., a Minnesota Corporation; and DOES 1 to 25 inclusive, | Time: 3:00 p.m. Place: Department 23 Reservation No.: 018765285495 |
| 18 | Action filed: September 23, 2021 |
| 19 | Trial Date: Not Set |
| 20                             Defendants. | |

21        I, Andrew J. Butcher, declare:

22        1.        I hereby request permission pursuant to Rule 9.40 of the California Rules of Court to

23  appear in this action as counsel *pro hac vice* for Defendants, Pilot Freight Services, in association with

24  Christopher C. McNatt, Jr. of Scopelitis, Garvin, Light, Hanson & Feary, LLP, 2 North Lake Avenue,

25  Suite 560, Pasadena, California 91101, telephone (626) 795-4700; and James A. Eckhart of Scopelitis,

26  Garvin, Light, Hanson & Feary, P.C., 10 West Market Street, Suite 1400, Indianapolis, Indiana 46204,

27  telephone (317) 637-1777, in this case now pending before this Court.

28        2.        My residence address is 900 N. Vail Avenue, Arlington Heights, IL 60004.

1

3.      My office address is Scopelitis, Garvin, Light, Hanson & Feary, P.C., 30 W. Monroe Street, Suite 1600, Chicago, Illinois 60603.

4.      I have been admitted to practice in the courts listed on Exhibit "A". The dates of admission for each court are also set forth on Exhibit "A".

5.      I am a member in good standing in the Bars of such courts and am not currently suspended or disbarred from practice in any court.

6.      Attached hereto as Exhibit "B" is a Certificate of Good Standing confirming that I was admitted to practice law in the State of Illinois as of April 25, 2017, that I am currently registered to practice law in the State of Illinois, and that I am in good standing in the Bar of that Court.

7.      Christopher C. McNatt, Jr., who is an active member of the State Bar of California, has appeared as attorney of record for Defendant in this proceeding. His address is 2 North Lake Avenue, Suite 560, Pasadena, California 91101, and his telephone number is (626) 795-4700.

8.      In the preceding two years, I have *not* filed applications to appear as Counsel pro hac vice in California.

9.      I have paid a fee of $50.00 to the State Bar of California, along with a copy of this Application and Notice of Hearing.

10.     My reason for requesting permission to appear as counsel pro hac vice in this case is that I have been retained by Defendant, Pilot Freight Services, to represent them in this case, and I desire to take an active role in this case.

11.     I am not a resident of the State of California, not regularly employed in the State of California and not regularly engaged in substantial business, professional, or other activities in the State of California.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 30, 2021 at Chicago, Illinois.

_____
Andrew J. Butcher

# EXHIBIT A

Andrew J. Butcher

COURT ADMISSIONS

| Court | Admission Date | Active Member in Good Standing |
|---|---|---|
| Bar of the State of Indiana | 10/19/2007 | Yes |
| U.S. District Court for Southern District of Indiana | 2007 | Yes |
| U.S. District Court for Northern District of Indiana | 2007 | Yes |
| District of Columbia | 4/1/2013 | Yes |
| U.S. District Court for Maryland | 2015 | Yes |
| U.S. Supreme Court | 2015 | Yes |
| U.S. District Court of Colorado | 2016 | Yes |
| U.S. District Court for Northern District of Illinois | 2017 | Yes |
| Bar of the State of Illinois | 4/25/2017 | Yes |
| U.S. District Court for Eastern District of Wisconsin | 12/12/2017 | Yes |

# EXHIBIT B

# Certificate of Admission
# To the Bar of Illinois

I, Carolyn Taft Grosboll, Clerk of the Supreme Court of Illinois, do hereby certify that

Andrew Joseph Butcher

has been duly licensed and admitted to practice as an Attorney and Counselor at Law within this State; has duly taken the required oath to support the CONSTITUTION OF THE UNITED STATES and of the STATE OF ILLINOIS, and also the oath of office prescribed by law, that said name was entered upon the Roll of Attorneys and Counselors in my office on 04/25/2017 and is in good standing, so far as the records of this office disclose.

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed the seal of said Court, this 12th day of November, 2021.

*Carolyn Taft Grosboll*

Clerk,
Supreme Court of the State of Illinois

# **PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

    I, **Michelle Lazo,** am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2 North Lake Avenue, Suite 560, Pasadena, California 91101.

    On November 30, 2021, I served the foregoing document described as **VERIFIED APPLICATION OF ANDREW J. BUTCHER TO APPEAR AS PRO HAC VICE COUNSEL** on interested parties in this action as follows:

>Michael H. Boyamian, Esq.
>michael@boyamianlaw.com
>Heather M. Zermeno, Esq.
>heather@boyamianlaw.com
>BOYAMIAN LAW, INC.
>550 North Brand Boulevard, Suite 1500
>Glendale, California 91203

√   **(VIA ELECTRONIC TRANSMISSION):**  I caused such document(s) described herein to be uploaded electronically onto the website www.onelegal.com. I uploaded the above entitled document(s) with the understanding that all parties will be e-served and will have access to be able to download said documents.

√   **(STATE)**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on November 30, 2021, at Norwalk, California.

_____
Michelle Lazo

4875-2043-1618, v. 2

1   Christopher C. McNatt, Jr. (SBN 174559)
    cmcnatt@scopelitis.com
2   SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
    2 North Lake Avenue, Suite 560
3   Pasadena, California  91101
    Telephone:  (626) 795-4700
4   Facsimile:   (626) 795-4790

5   James A. Eckhart (SBN 321101)
    jeckhart@scopelitis.com
6   SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
    10 West Market Street, Suite 1400
7   Indianapolis, Indiana  46204
    Telephone: (317) 637-1777
8   Facsimile:  (317) 687-2414

9   Attorneys for Defendant,
    PILOT FREIGHT SERVICES
10

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                   FOR THE COUNTY OF ALAMEDA

13  | CHRISTIAN MATUTE, an individual; | CASE NO. RG21113609 |
    | Individually and on Behalf of All Similarly | |
14  | Situated Individuals, | *[Assigned to Honorable Brad Seligman, Dept. 23]* |
15  | Plaintiff, | **(PROPOSED) ORDER GRANTING** |
    | | **ADMISSION *PRO HAC VICE* OF ANDREW** |
16  | vs. | **J. BUTCHER** |
17  | PILOT AIR FREIGHT, LLC dba PILOT | Hearing Date: February 1, 2022 |
    | FREIGHT SERVICES, a Pennsylvania | Time: 3:00 p.m. |
18  | Limited Liability Company; BEST BUY Co., | Place: Department 23 |
    | INC., a Minnesota Corporation; and DOES 1 | Reservation No.: 018765285495 |
19  | to 25 inclusive, | |
    | | Action filed: September 23, 2021 |
20  | Defendants. | Trial Date: Not Set |

21

22          The Application of Andrew J. Butcher to be allowed to appear in this matter as counsel *pro*

23  *hac vice* on behalf of defendant Pilot Freight Services, came on regularly for hearing by the Court.

24          The Court having considered the application and all other papers submitted and the records

25  and files herein and having determined that all conditions to admission as counsel *pro hac vice* as

26  outlined in rule 9.40 of the California Rules of Court have been satisfied.

27  ///

28  ///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IT IS HEREBY ORDERED that the application of Andrew J. Butcher is granted and Andrew

J. Butcher may appear as counsel *pro hac vice* on behalf of defendant Pilot Freight Services.


Dated: _____          _____

                                          Judge, Alameda County Superior Court

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, **Michelle Lazo,** am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2 North Lake Avenue, Suite 560, Pasadena, California 91101.

On November 30, 2021, I served the foregoing document described as **(PROPOSED) ORDER GRANTING ADMISSION *PRO HAC VICE* OF ANDREW J. BUTCHER** on interested parties in this action as follows:

> Michael H. Boyamian, Esq.
> michael@boyamianlaw.com
> Heather M. Zermeno, Esq.
> heather@boyamianlaw.com
> BOYAMIAN LAW, INC.
> 550 North Brand Boulevard, Suite 1500
> Glendale, California 91203

√   **(VIA ELECTRONIC TRANSMISSION):**  I caused such document(s) described herein to be uploaded electronically onto the website www.onelegal.com. I uploaded the above entitled document(s) with the understanding that all parties will be e-served and will have access to be able to download said documents.

√   **(STATE)**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 30, 2021, at Norwalk, California.

_____
Michelle Lazo

4894-4974-5922, v. 2

# EXHIBIT R

*Order Granting Defendant Best Buy Co. Inc.'s*
*Peremptory Challenge to Judicial Officer*

MORGAN, LEWIS & BOCKIUS LLP
BARBARA J. MILLER (SBN 167223)
barbara.miller@morganlewis.com
CHRISTOPHER J. TAYLOR (SBN 292369)
christopher.taylor@morganlewis.com
600 Anton Blvd., Suite 1800
Costa Mesa, CA 92626
Tel:    +1.714.830.0600
Fax:    +1.714.830.0700

Attorneys for Defendant
BEST BUY CO., INC.

**FILED**
Superior Court of California
County of Alameda
12/06/2021
Chad Finke , Executive Officer / Clerk of the Court
By: _____ Deputy
J. Castaneda

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| CHRISTIAN MATUTE, an individual on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PILOT AIR FREIGHT LLC dba PILOT FREIGHT SERVICES; BEST BUY CO., INC.; and DOES 1 through 25 inclusive,<br><br>Defendants. | Case No. RG21113609<br><br>**DEFENDANT BEST BUY CO., INC.'S PEREMPTORY CHALLENGE TO JUDICIAL OFFICER (CODE CIV. PROC. § 170.6); DECLARATION OF BARBARA J. MILLER; [PROPOSED] ORDER**<br><br>Complaint Filed:    September 23, 2021<br>Trial Date:    None set |

Electronically Received 11/15/2021 12:40 PM

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 41994515.1

DEFENDANT'S PEREMPTORY CHALLENGE
CASE NO. RG21113609

1   **TO PLAINTIFF, ALL ATTORNEYS OF RECORD, AND TO THE COURT:**

2       Pursuant to Code of Civil Procedure § 170.6, Defendant Best Buy Co., Inc. ("Defendant")

3   hereby moves to exercise a peremptory challenge to the Honorable Brad Seligman, Department

4   23, before whom this case is pending, on the grounds that counsel for Defendant believes in good

5   faith that Judge Seligman is prejudiced against Defendant and/or its attorneys, or the interests of

6   Defendant and/or its attorneys, so that Defendant believes it cannot have a fair and impartial trial

7   or hearing before Judge Seligman.

8       This peremptory challenge is timely because Defendants make it "within 15 days after

9   notice of the all purpose assignment." *See* Cal. Civ. Proc. Code § 170.6(2).  On November 3,

10  2021, the Court filed a Notice of Case Reassignment stating that the above-captioned action had

11  been assigned to the Honorable Brad Seligman, Department 23.  The Notice states that it is

12  effective November 2, 2021.  Because this motion is filed within fifteen days of that notice, it is

13  timely.  *See id.*

14      Because this matter is complex, Defendant requests that reassignment of this matter be

15  made to one of the other judges in the Court's complex division.

16      This peremptory challenge is based on the matters referenced herein, the Court's files and

17  records pertaining to this action, California Code of Civil Procedure section 170.6, and the

18  Declaration of Barbara J. Miller attached hereto.

19

20

21  Dated:  November 15, 2021                    MORGAN, LEWIS & BOCKIUS LLP

22                                              By _____

23                                                  BARBARA J. MILLER
                                                    CHRISTOPHER J. TAYLOR
24                                                  Attorneys for Defendant
                                                    BEST BUY CO., INC.
25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 41994515.1

1                                               DEFENDANT'S PEREMPTORY CHALLENGE
                                                CASE NO. RG21113609

## <u>DECLARATION OF BARBARA J. MILLER</u>

I, Barbara J. Miller, declare:

1.    I am a member in good standing of the State Bar of California and am admitted to practice law before all courts in California. I am a partner with the law firm of Morgan, Lewis & Bockius LLP, attorneys of record for Defendant Best Buy Co., Inc. in the above-entitled action.

2.    The Honorable Brad Seligman, before whom this case is pending and has been assigned, is prejudiced against Defendant and/or its attorneys, or the interests of Defendant and/or its attorneys, so that Defendant cannot, or believes that it cannot, have a fair and impartial trial or hearing before Judge Seligman.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 15th day of November 2021 in Costa Mesa, California.

_____
Barbara J. Miller

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 41994515.1

2

DEFENDANT'S PEREMPTORY CHALLENGE
CASE NO. RG21113609

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[~~PROPOSED~~] ORDER**

IT IS ORDERED that Defendant Best Buy Co., Inc.'s peremptory challenge as to the

Honorable Brad Seligman is hereby granted.

Dated: ___12/04/2021_____

_____
Judge of the Superior Court

**Brad Seligman / Judge**

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

3

1

## PROOF OF SERVICE

2

*Christian Matute v. Pilot Air Freight LLC, et al.*
Alameda County Superior Court Case No. RG21113609

3

4

I, Robin Onaka, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is One Market, Spear Street Tower, San Francisco, CA, 94105. On November 15, 2021, I served a copy of the within document(s):

5

6

7

**DEFENDANT BEST BUY CO., INC.'S PEREMPTORY CHALLENGE TO JUDICIAL OFFICER (CODE CIV. PROC. § 170.6); DECLARATION OF BARBARA J. MILLER; [PROPOSED] ORDER**

8

9

| ☒ | **BY E-MAIL SERVICE:** the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on November 15, 2021. The transmission was reported as complete and without error. My electronic notification address is One Market, Spear Street Tower, San Francisco, CA, 94105. My e-mail address is robin.onaka@morganlewis.com. |
|---|---|
| ☐ | **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. |
| ☐ | **BY OVERNIGHT MAIL:** By **FEDERAL EXPRESS,** following ordinary business practices for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business. |
| ☐ | **BY ELECTRONIC SERVICE:** the parties listed below were served electronically using the Court's electronic service provider **ONE LEGAL** with the document(s) listed above by e-mailed PDF files on November 15, 2021. The transmission was reported as complete and without error. My electronic notification address is One Market, Spear Street Tower, San Francisco, CA, 94105. My e-mail address is robin.onaka@morganlewis.com. |

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DB2/ 41998409.1

| BOYAMIAN LAW, INC. | *Attorneys for Plaintiff Christian Matute* |
|---|---|
| Michael H. Boyamian, Esq. | |
| Heather M. Zermeno, Esq. | |
| 550 North Brand Blvd., Suite 1500 | |
| Glendale, CA 91203 | |
| Tel:  818.547.5300 | |
| Fax:  818.547.5678 | |
| michael@boyamianlaw.com | |
| heather@boyamianlaw.com | |

Executed on November 15, 2021, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

_____

Robin Onaka

PROOF OF SERVICE

DB2/ 41998409.1

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp<br>**FILED**<br>Superior Court of California<br>County of Alameda<br>12/06/2021<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>J. Castaneda |
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |
| PLAINTIFF/PETITIONER:<br>Christian Matute | |
| DEFENDANT/RESPONDENT:<br>Pilot Air Frieght LLC et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>RG21113609 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Christopher John Taylor
Morgan Lewis & Bockius, LLP
600 Anton Blvd, Ste 1800
Costa Mesa, CA 92626

James Anthony Eckhart
Scopelitis Garvin Light Hanson & Feary
10 W Market St Ste 1400
Indianapolis, IN 46204

Michael H. Boyamain
Law Offices of Thomas W. Falvey
550 N. Brand Boulevard
Suite 1500
Glendale, CA 91203-

Chad Finke, Executive Officer / Clerk of the Court

Dated: 12/06/2021                              By:

Chad Finke, Executive Officer / Clerk of the Court

J. Castaneda, Deputy Clerk

**CERTIFICATE OF MAILING**

# EXHIBIT S

*Notice of Case Reassignment to
Honorable Evelio Grillo*

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:

Rene C. Davidson Courthouse

1225 Fallon Street, Oakland, CA 94612

**FILED**
Superior Court of California
County of Alameda

12/06/2021

Chad Finke , Executive Officer / Clerk of the Court

By: _Lynette Rushing_ , Deputy
Lynette Rushing

PLAINTIFF(S):

Christian Matute

Pilot Air Frieght LLC et al

### NOTICE OF CASE REASSIGNMENT

CASE NUMBER:

RG21113609

**EFFECTIVE**   12/06/2021

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

| | |
|---|---|
| ASSIGNED JUDGE: | Evelio Grillo |
| DEPARTMENT: | 21 |
| LOCATION: | Rene C. Davidson Courthouse |
| | 1225 Fallon Street, Oakland, CA 94612 |
| PHONE NUMBER: | (510) 267-6937 |
| FAX NUMBER: | |
| EMAIL ADDRESS: | Dept21@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedures section 170.6 must be exercised within the time period by law. (See Code of Civ. Proc. §§ 170.6, subd. (a.)(2) and 101.3)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording. Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

GENERAL PROCEDURES

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the Rene C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544 and through Civil e-filing. Information regarding Civil e-filing can be found on the courts website. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

### NOTICE OF CASE REASSIGNMENT

**ASSIGNED FOR ALL PURPOSES TO**
JUDGE <u>Evelio Grillo</u>
DEPARTMENT <u>21</u>

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processed (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days." The court's website contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

COURT RESERVATIONS

The use of the Court Reservation System (CRS) is now mandated in many civil courtrooms within the Alameda County Superior Court. Instead of calling or emailing the courtroom to make a reservation, parties with a case assigned to a courtroom using CRS are directed to utilize CRS to make and manage their own reservations, within parameters set by the courtrooms. CRS is available 24 hours a day, seven days a week and reservations can be made from a computer or smart phone. Please note, you are prohibited from reserving more than one hearing date for the same motion.

Prior to scheduling any motion on CRS, including any Applications for Orders for Appearance and Examination, or continuing any motion, please review the online information (if any) for the courtroom in which you are reserving. There may be specific and important conditions associated with certain motions and proceedings. Information is available on the court's eCourt Public Portal at www.eportal.alameda.courts.ca.gov.

Chad Finke, Executive Officer / Clerk of the Court

By *Lynette Rushing*

Lynette Rushing, Deputy Clerk

**NOTICE OF CASE REASSIGNMENT**

ACSC (Rev. 10/21)

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>12/06/2021<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _Lynette Rushing_ Deputy<br>Lynette Rushing |
| PLAINTIFF/PETITIONER:<br>Christian Matute | |
| DEFENDANT/RESPONDENT:<br>Pilot Air Frieght LLC et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>RG21113609 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Reassignment upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Michael H. Boyamain
Law Offices of Thomas W. Falvey
550 N. Brand Boulevard
Suite 1500
Glendale, CA 91203-

James Anthony Eckhart
Scopelitis Garvin Light Hanson & Feary
10 W Market St Ste 1400
Indianapolis, IN 46204

Christopher John Taylor
Morgan Lewis & Bockius, LLP
600 Anton Blvd, Ste 1800
Costa Mesa, CA 92626

Chad Finke, Executive Officer / Clerk of the Court

Dated: 12/06/2021                    By:

_Lynette Rushing_

Lynette Rushing, Deputy Clerk

**CERTIFICATE OF MAILING**

# EXHIBIT T

*Notice of Case Rescheduling or Relocation*

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda

12/07/2021

Chad Finke, Executive Officer/Clerk of the Court

By: _C. W___ Deputy
C. Wright

COURTHOUSE ADDRESS:

Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, CA 94612

PLAINTIFF:
Christian Matute

DEFENDANT:
Pilot Air Frieght LLC et al

## NOTICE OF CASE RESCHEDULING OR RELOCATION

CASE NUMBER:
RG21113609

TO THE PARTIES:

You are hereby notified that the above-entitled matter, previously set for hearing in:

Rene C. Davidson Courthouse ___ on 12/14/2021 ___ at 3:00 PM in Department 23

has been rescheduled, or relocated, as follows:

Rene C. Davidson Courthouse ___ on 02/01/2022 ___ at 10:00 AM in Department 21

Chad Finke, Executive Officer / Clerk of the Court

Dated: 12/07/2021 ___

By C. Wright ___

Deputy Clerk

## NOTICE OF CASE RESCHEDULING OR RELOCATION

09/17

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>12/07/2021<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _C. W&_ Deputy<br>C. Wright |
| PLAINTIFF/PETITIONER:<br>Christian Matute | |
| DEFENDANT/RESPONDENT:<br>Pilot Air Frieght LLC et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>RG21113609 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Rescheduling or Relocation upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Christopher John Taylor
Morgan Lewis & Bockius, LLP
600 Anton Blvd, Ste 1800
Costa Mesa, CA 92626

James Anthony Eckhart
Scopelitis Garvin Light Hanson & Feary
10 W Market St Ste 1400
Indianapolis, IN 46204

Michael H. Boyamain
Law Offices of Thomas W. Falvey
550 N. Brand Boulevard
Suite 1500
Glendale, CA 91203-

Chad Finke, Executive Officer / Clerk of the Court

Dated: 12/07/2021            By:

Chad Finke, Executive Officer/Clerk of the Court

C. Wright, Deputy Clerk

**CERTIFICATE OF MAILING**

# EXHIBIT U

*Order Granting Joint Stipulation and Order for Plaintiff to File Amended Complaint*

**BOYAMIAN LAW, INC.**
Michael H. Boyamian, SBN 256107
Heather M. Zermeno, SBN 334460
550 North Brand Boulevard, Suite 1500
Glendale, California 91203-1922
Telephone:     (818) 547-5300
Facsimile:     (818) 547-5678
E-mail(s):     michael@boyamianlaw.com
               heather@boyamianlaw.com

**MORGAN, LEWIS & BOCKIUS LLP**
BARBARA J. MILLER (SBN 167223)
barbara.miller@morganlewis.com
CHRISTOPHER J. TAYLOR (SBN 292369)
christopher.taylor@morganlewis.com
600 Anton Blvd., Suite 1800
Costa Mesa, CA 92626
Tel: +1.714.830.0600
Fax: +1.714.830.0700

Attorneys for Defendant
BEST BUY CO., INC.
(*Additional Counsel Listed On Following Page*)

**FILED**
Superior Court of California
County of Alameda

01/17/2022

Chad Flnke , Executive Officer / Clerk of the Court

By: _____ Deputy
Lynette Rushing

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| CHRISTIAN MATUTE, an individual; Individually and on Behalf of All Similarly Situated Individuals, | Case No. RG21113609 |
| Plaintiff, | *[Case Assigned for All Purposes to Hon. Judge Evelio Grillo, Dept. 21]* |
| v. | **JOINT STIPULATION AND [PROPOSED] ORDER FOR PLAINTIFF TO FILE AMENDED COMPLAINT** |
| PILOT AIR FREIGHT LLC dba PILOT FREIGHT SERVICES, a Pennsylvania Limited Liability Company; BEST BUY CO., INC., a Minnesota Corporation; and DOES 1 through 25, Inclusive, | Complaint Filed: September 23, 2021 |
| Defendants. | |

-1-

JOINT STIPULATION AND [PROPOSED] ORDER FOR PLAINTIFF TO FILE AMENDED COMPLAINT

1  Christopher C. McNatt, Jr. (SBN 174559)
   cmcnatt@scopelitis.com
2  SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
   2 North Lake Avenue, Suite 560
3  Pasadena, California 91101
   Telephone: (626) 795-4700
4  Facsimile: (626) 795-4790

5  James A. Eckhart (SBN 321101)
   jeckhart@scopelitis.com
6  SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
   10 West Market Street, Suite 1400
7  Indianapolis, Indiana 46204
   Telephone: (317) 637-1777
8  Facsimile: (317) 687-2414

9  Attorneys for Defendant,
   PILOT AIR FREIGHT LLC dba PILOT FREIGHT SERVICES

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

JOINT STIPULATION AND [PROPOSED] ORDER FOR PLAINTIFF TO FILE AMENDED COMPLAINT

1    IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff CHRISTIAN

2 MATUTE ("Plaintiff") on the one hand, and Defendants BEST BUY CO. INC., and PILOT AIR

3 FREIGHT LLC, dba PILOT FREIGHT SERVICES (collectively "Defendants") on the other,

4 through their respective counsel of record:

5    WHEREAS, the Action was filed on September 23, 2021 as a Class Action Complaint

6 alleging the following nine (9) causes of action: (1) Failure to Pay Minimum Wage, (2) Failure to

7 Pay Overtime Compensation, (3) Reimbursement of Employment Expenses, (4) Unlawful

8 Deduction from wages, (5) Failure to Provide Meal Periods, (6) Failure to Authorize and Permit

9 Rest Periods, (7) Failure to Furnish Accurate Wage Statements, (8) Waiting Time Penalties, and

10 (9) Unfair Competition;

11    WHEREAS, Plaintiff provided notice to the Labor and Workforce Development Agency

12 on September 22, 2021;

13    WHEREAS, more than sixty (60) days have passed without response from the LWDA as

14 to whether it wishes to investigate the matter further;

15    WHEREAS, Plaintiff now seeks to add a claim for civil penalties under Labor Code

16 Private Attorneys General Act of 2004;

17    WHEREAS, Plaintiff now seeks to file a First Amended Complaint;

18    WHEREAS, Defendants are not opposed to Plaintiff filing a First Amended Complaint,

19 but maintain their general denial of the allegations and reserve their rights to file responsive

20 pleadings;

21    WHEREAS, the proposed First Amended Complaint adding a claim for civil penalties

22 under Labor Code Private Attorneys General Act of 2004, cited above, is attached hereto as

23 Exhibit "1".

24    NOW THEREFORE, IT HIS HEREBY STIPULATED, by and between Plaintiff and

25 Defendants, through their attorneys of record, as follows:

26    1.    Pursuant to the Court's leave, Plaintiff may file the attached First Amended

27        Complaint.

28 ////

1     DATED: January 13, 2022                 **BOYAMIAN LAW, INC.**

2

3                                             By: _____

4                                                 Michael H. Boyamian
                                                  Heather M. Zermeno

5                                             Attorneys for Plaintiff CHRISTIAN MATUTE
                                              Individually, and on Behalf of All Similarly
6                                             Situated Individuals

7

8

9     DATED: January 13, 2022                 **MORGAN, LEWIS & BOCKIUS LLP**

10

11                                            By:  /s/ Christopher J. Taylor
                                                  _____
12                                                Barbara J. Miller
                                                  Christopher J. Taylor
13                                            Attorneys for Defendant BEST BUY CO. INC.

14

15

16    DATED: January 13, 2022                 **SCOPELITIS, GARVIN, LIGHT, HANSON &**
                                              **FEARY, P.C.**
17

18

19                                            By:  /s/ James A. Eckhart
                                                  _____
20                                                Christopher C. McNatt, Jr.
                                                  James A. Eckhart
21                                            Attorneys for Defendant PILOT AIR FREIGHT
                                              LLC dba PILOT FREIGHT SERVICES
22                                            .

23

24

25

26

27

28

Electronically Received 01/13/2022 04:45 PM

1

**BOYAMIAN LAW, INC.**
Michael H. Boyamian, SBN 256107

2
Heather M. Zermeno, SBN 334460
550 North Brand Boulevard, Suite 1500

3
Glendale, California 91203-1922
Telephone:    (818) 547-5300

4
Facsimile:    (818) 547-5678
E-mail(s):    michael@boyamianlaw.com

5
               heather@boyamianlaw.com

6
**MORGAN, LEWIS & BOCKIUS LLP**
BARBARA J. MILLER (SBN 167223)

7
barbara.miller@morganlewis.com
CHRISTOPHER J. TAYLOR (SBN 292369)

8
christopher.taylor@morganlewis.com
600 Anton Blvd., Suite 1800

9
Costa Mesa, CA 92626

10
Tel: +1.714.830.0600
Fax: +1.714.830.0700

11

12
Attorneys for Defendant
BEST BUY CO., INC.

13
(*Additional Counsel Listed On Following Page*)

14
        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

15
            **FOR THE COUNTY OF ALAMEDA**

16

17
CHRISTIAN MATUTE, an individual;
Individually and on Behalf of All Similarly

18
Situated Individuals,

19
            Plaintiff,

20
        v.

21
PILOT AIR FREIGHT LLC dba PILOT
FREIGHT SERVICES, a Pennsylvania Limited

22
Liability Company; BEST BUY CO., INC., a
Minnesota Corporation; and DOES 1 through

23
25, Inclusive,

24
            Defendants.

25

26

27

28

Case No. RG21113609

*[Case Assigned for All Purposes to Hon. Judge Evelio Grillo, Dept. 21]*

**CLASS ACTION**

[~~PROPOSED~~] **ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT**

Action Filed: September 23, 2021

-5-

Christopher C. McNatt, Jr. (SBN 174559)
cmcnatt@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, California 91101
Telephone: (626) 795-4700
Facsimile: (626) 795-4790

James A. Eckhart (SBN 321101)
jeckhart@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, Indiana 46204
Telephone: (317) 637-1777
Facsimile: (317) 687-2414

Attorneys for Defendant,
PILOT AIR FREIGHT LLC dba PILOT FREIGHT SERVICES

JOINT STIPULATION AND [PROPOSED] ORDER FOR PLAINTIFF TO FILE AMENDED COMPLAINT

1          **[~~PROPOSED~~] ORDER**

2          Pursuant to the Parties' Joint Stipulation for Plaintiff to File an Amended Complaint, and

3     good cause appearing therefore:

4          IT IS HEREBY ORDERED THAT:

5          1.     Plaintiff is granted leave to file the First Amended Complaint attached as Exhibit "1"

6     to the Parties' Stipulation.

7

8          **IT IS SO ORDERED**.

9     Dated:
                      01/17/2022

10                                                      _____

                                                        HON. EVELIO GRILLO

11                                                      Judge of the Alameda Superior Court
                                                        **Evelio Grillo / Judge**

12

13    4858-4303-2585, v. 1

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-7-
JOINT STIPULATION AND [~~PROPOSED~~] ORDER FOR PLAINTIFF TO FILE AMENDED COMPLAINT

# EXHIBIT 1

1

2  **BOYAMIAN LAW, INC.**
   Michael H. Boyamian, SBN 256107
3      michael@boyamianlaw.com
   Heather M. Zermeno, SBN 334460
4      heather@boyamianlaw.com
   550 North Brand Boulevard, Suite 1500
5  Glendale, California 91203
   Telephone:   (818) 547-5300
6  Facsimile:    (818) 547-5678

7  Attorneys for Plaintiff CHRISTIAN MATUTE,
   and all others similarly situated
8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                  **FOR THE COUNTY OF ALAMEDA**

11  | | |
    |---|---|
    | CHRISTIAN MATUTE, an individual; Individually and on Behalf of All Similarly Situated Individuals, | **Case No.** |

12

13  | | |
    |---|---|
    | Plaintiff, | **CLASS ACTION** |

14          v.

15  PILOT AIR FREIGHT LLC dba PILOT
    FREIGHT SERVICES, a Pennsylvania Limited
16  Liability Company; BEST BUY CO., INC., a
    Minnesota Corporation; and DOES 1 through
17  25, Inclusive,

18          Defendants.

Case No.

**CLASS ACTION**

1. FAILURE TO PAY MINIMUM WAGE;
2. FAILURE TO PAY OVERTIME COMPENSATION;
3. REIMBURSEMENT OF EMPLOYMENT EXPENSES;
4. UNLAWFUL DEDUCTION FROM WAGES;
5. FAILURE TO PROVIDE MEAL PERIODS;
6. FAILURE TO AUTHORIZE AND PERMIT REST PERIODS;
7. FAILURE TO FURNISH ACCURATE WAGE STATEMENTS;
8. WAITING TIME PENALTIES; AND
9. UNFAIR COMPETITION
10. PRIVATE ATTORNEYS GENERAL ACT (LABOR CODE § 2698 ET SEQ.)

COMPLAINT FILED: SEPTEMBER 23, 2021
TRIAL DATE: N/A

**JURY TRIAL DEMANDED**

19

20

21

22

23

24

25

26

27

28

BOYAMIAN LAW,
INC.
550 N. BRAND BLVD.,
STE 1500
GLENDALE, CA 91203

FIRST AMENDED COMPLAINT

Plaintiff CHRISTIAN MATUTE ("Plaintiff"), individually and on behalf of all similarly situated individuals, allege as follows:

## **GENERAL ALLEGATIONS**

1. This is a proposed class action brought against Defendants PILOT AIR FREIGHT, LLC dba PILOT FREIGHT SERVICES; BEST BUY CO. INC.; and DOES 1 through 25, inclusive (collectively, "Defendants"), on behalf of Plaintiff and all other non-employee workers who worked in California as a Contract Carrier, Driver, and/or Helper (hereinafter collectively referred to as "Delivery Drivers") for Defendants at any time from March 28, 2017[1], and continuing while this action is pending ("Class Period"), who were denied the benefits and protections required under the California Labor Code and other statutes and regulations applicable to California employees.

2. During the Class Period, Defendants:

    a.    unlawfully misclassified Delivery Drivers as independent contractors;

    b.    failed to pay wages for all hours worked by Delivery Drivers;

    c.    failed to pay Delivery Drivers the applicable legal minimum wage;

    d.    failed to pay overtime wages due to Delivery Drivers;

    e.    failed to provide meal and rest periods due to Delivery Drivers;

    f.    failed to provide the Delivery Drivers with timely and accurate wage and hour statements;

    g.    failed to pay the Delivery Drivers compensation in a timely manner upon their termination or resignation;

    h.    failed to maintain complete and accurate payroll records for the Delivery Drivers;

    i.    wrongfully withheld wages and compensation due to the Delivery Drivers; and

    j.    committed unfair business practices in an effort to increase profits and to gain an unfair business advantage at the expense of the Delivery Drivers and the public.

3. The foregoing acts and other acts by Defendants - committed throughout California and Los

---

[1] Pursuant to California Emergency Rule of Court 9, the statute of limitations for this matter was tolled beginning on April 6, 2020 and, continued to October 1, 2020, for a period of 178 days.

BOYAMIAN LAW, INC.
550 N. BRAND BLVD., STE 1500
GLENDALE, CA 91203

**FIRST AMENDED COMPLAINT**

1    Angeles County - violated provisions of the California Labor Code, including sections 201, 202, 203,

2    204, 226, 226.7, 226.8, 246, 510, 512, 515, 551, 552, 558, 1194, and 1198 (collectively, "Employment

3    Laws"), violated the applicable Wage Orders issued by California's Industrial Welfare Commission,

4    including Wage Orders 9-2001 during the Class Period ("Regulations"), violated California's Unfair

5    Business Practices Act, California Business & Professions Code sections 17200 *et seq*., and violated

6    Plaintiff's rights.

7                              **JURISDICTION AND VENUE**

8        4.   Venue is proper in this Judicial District and the County of Alameda because work was

9    performed by Plaintiff and other members of the Class for Defendants in the County of Alameda,

10   California, and Defendants' obligations under the Employment Laws and Regulations to pay

11   overtime wages, to provide meal and rest periods and accurate wage statements to Plaintiff and other

12   members of the Class arose and were breached in California, including the County of Alameda.

13       5.   The California Superior Court has jurisdiction in this matter because Plaintiff is a resident of

14   California, and Defendants are corporations qualified to do business in California and regularly

15   conduct business in California.  Further, no federal question is at issue as the claims are based solely

16   on California law.

17                                **THE PARTIES**

18       6.   Plaintiff CHRISTIAN MATUTE is, and at all relevant times was, a competent adult

19   residing in California. CHRISTIAN MATUTE brings suit on behalf of himself and all similarly

20   situated individuals pursuant California Code of Civil Procedure section 382, and California Business

21   & Professions Code sections 17200, *et seq*.  CHRISTIAN MATUTE was unlawfully classified by

22   Defendants Pilot Air Freight LLC dba Pilot Freight Service, and Best Buy Co., Inc. as an independent

23   contractor and worked as a Driver out of the warehouse owned and operated by Best Buy Co., Inc. in

24   San Leandro, California, from approximately November 2019 to on or about February 2021.

25       7.   Defendant PILOT AIR FREIGHT, LLC is, and at all relevant times was, a Minnesota

26   limited liability company licensed to do business and actually doing business in the State of

27   California. Pilot provides logistics and delivery services to its retail merchants like Best Buy, and

28   others, to deliver product and services to their clients' customers.  Pilot utilizes Delivery Drivers to

**FIRST AMENDED COMPLAINT**

pick up the merchandise at the merchants' stores or warehouses and to deliver and install them at the customers' homes or businesses.  Pilot is therefore a provider of managed transportation services including the planning and execution for "last mile" delivery of its retail merchant clients.  Pilot has engaged in unlawful employment practices addressed in this Complaint throughout California and in Alameda County.

8.   Defendant BEST BUY CO., INC. is, and at all relevant times was, a Pennsylvania limited liability company licensed to do business and actually doing business in the State of California. Best Buy is a retail merchant that utilizes Pilot, a provider of managed transportation services, to complete the planning and execution of "last mile" delivery for its customers. Best Buy, through Pilot, utilizes Delivery Drivers to pick up merchandise at Best Buy's stores or warehouses and to deliver and install them at the customers' homes or businesses. Plaintiff asserts claims against BEST BUY CO., INC. in its capacity as Client Employer through Labor Code § 2810.3.  Best Buy has engaged in unlawful employment practices addressed in this Complaint throughout California and in Alameda County.

9.   Plaintiff is informed and believes and based thereon alleges that Defendants uniformly apply their pay practices, and overtime policies to all Drivers and Driver Assistants. Plaintiff is currently unaware of the true names and capacities of the defendants sued in this action by the fictitious names DOES 1 through 25, inclusive, and therefore sue those defendants by such fictitious names.

10. Plaintiff will amend this Complaint to allege the true names and capacities of such fictitiously named defendants when they are ascertained.

11. Plaintiff is informed and believes and based thereon alleges that each defendant sued in this action, including each defendant sued by the fictitious names DOES 1 through 25, inclusive, is responsible in some manner for the occurrences, controversies and damages alleged below.

12. Plaintiff is informed and believes and based thereon alleges that DOES 1 through 25, inclusive were the agents, servants and/or employees of Defendants and, in doing the things hereinafter alleged and at all times, were acting within the scope of their authority as such agents, servants and employees, and with the permission and consent of Defendants.

13. Plaintiff is informed and believes and based thereon alleges that Defendants ratified, authorized, and consented to each and all of the acts and conduct of each other as alleged herein.

14. Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them, were their employer under California law, that Defendants did acts consistent with the existence of an employer-employee relationship with Plaintiff despite their unlawful classification of Plaintiff as independent contractor.

## FACTS COMMON TO ALL CAUSES OF ACTION

15. Defendants unlawfully classified Plaintiff and other similarly situated individuals as independent contractors when, in fact, they were heavily regulated through a series of work-related restrictions and directives through Defendants.

16. Best Buy retained Pilot for delivery services. Specifically, Pilot secures truck owners and contracts with such truck owners for purposes of delivering, installing, and picking up of merchandise and products to Pilot's clients' customers, like Best Buy. These truck owners go to the warehouses of Pilot's clients and go through a hiring process with Pilot's and Best Buy's employees who are officed at the same site.  Truck owners are hired by Pilot and Best Buy.  Truck owners then bring on drivers and driver assistants who are also evaluated by Pilot and Best Buy for hiring purposes. Delivery Drivers provide "last mile" delivery, installation, and haul away services.

17. Upon information and belief, Pilot enters into written agreements with Delivery Drivers which provide that the Delivery Drivers are independent contractors. Pilot's Pre-Qualification Packet with Delivery Drivers requires that Delivery Drivers subject themselves to a background check and drug and alcohol test, and that Pilot reserves the right to "require both pre-engagement and post-engagement alcohol and drug tests of all its Contract Carriers." The agreements are contracts of adhesion that are drafted exclusively by Pilot and/or on its behalf by its agents, like Best Buy. The terms of the agreements are non-negotiable. Through this agreement, Pilot and Best Buy reserve and actually exercises the right to control the manner and means by which the Delivery Drivers perform their duties.

18. Pilot has a series of directives that Delivery Drivers must abide by despite the fact that Pilot unlawfully classifies them as independent contractors. Pilot reserves the right to determine the locations where the Delivery Drivers pick up and drop off the merchandise assigned to them; the time of day when they must report to work; and the order and timing of their deliveries. Pilot provides

**FIRST AMENDED COMPLAINT**

each Delivery Driver a daily manifest of work assignments that includes the delivery address, the "service window" time when the delivery must be made, and whether the Delivery Driver is required to call the customer 30 minutes ahead of arrival to give notice of when he will make the delivery. The Delivery Drivers must complete all of the work assigned to them and are not allowed to refuse assignments.  Pilot and Best Buy reserve the right to control the Delivery Drivers' physical appearance, including requiring them to wear Pilot uniforms. Pilot also reserves the right to require the Delivery Drivers to know and follow Pilot's customer service standards in performing their work, and conduct surveys to determine whether customers are satisfied with the Delivery Drivers' work.

19. Pilot further reserves the right to require the Delivery Drivers to follow certain work methods related to, for example, how to move and install the appliances and how to interact with customers.  Pilot determines the year, branding, and other specifications of the vehicles that the Delivery Drivers use to perform their work. Pilot prescribes how the Delivery Drivers document their work and require the Delivery Drivers to contact Pilot upon arrival at each stop and then again after the delivery is completed.  Pilot and Best Buy also reserve the right to require the Delivery Drivers to call each customer 30 minutes before making the delivery to let the customers know they are on their way.  Pilot and Best Buy also employ a variety of managerial and supervisory employees who instruct the Delivery Drivers on their job performance and their delivery assignments. The Delivery Drivers interact with Pilot and Best Buy's personnel on a daily basis. Pilot and Best Buy's managerial and supervisory employees also hold regular in-person and/or telephonic meetings where the Delivery Drivers' attendance is mandatory.

20. The Delivery Drivers are paid each week by Pilot a flat amount for each delivery, or each day or week of work, in amounts that are unilaterally determined by Pilot.  Pilot makes deductions from the Delivery Drivers' pay for reasons including customer complaints, late deliveries, and damaged items and property. This "flat rate" constitutes an unlawful piece-rate compensation system because Delivery Drivers had no control over how many hours they worked and could do nothing to change the amount of pay through their own efficiencies.

21. Upon information and belief, Pilot and Best Buy require the Delivery Drivers to purchase

-5-

**FIRST AMENDED COMPLAINT**

multiple forms of insurance coverage in amounts determined by Pilot through insurance plans specified and sometimes negotiated by Pilot, and to name Pilot and Best Buy as additional "insureds." Pilot further requires the Delivery Drivers to purchase or rent from Pilot and Best Buy, certain tools and equipment.

22. Pilot directs Delivery Drivers to engage helpers to deliver the assigned merchandise. Pilot prohibits the Delivery Drivers from working with helpers who have not been screened, qualified, and approved in advance by Pilot and Best Buy.  Pilot expects helpers to follow the same work methods and standards it requires the Delivery Drivers to follow and to comply with all other requirements communicated by Pilot and Best Buy, including attendance at meetings held by Pilot management and/or Best Buy.

23. Pilot permits Delivery Drivers to engage other Drivers and/or Helpers at their own expense who have been screened, qualified, and approved by Pilot and Best Buy.  Delivery Drivers may engage such Drivers and/or Helpers so that they are able to take a day off from work, such as for example when they are unable to come to work due to illness or so that they may have a day of rest. Pilot expects Drivers and/or Helpers to follow the same work methods and standards it requires the Delivery Drivers to follow and to comply with all other requirements communicated by Pilot and Best Buy, including following instructions given by Pilot and Best Buy managers and attending mandatory meetings.

24. The Delivery Drivers are economically dependent for their financial livelihood on Pilot, and Pilot is entirely dependent on the Delivery Drivers for the retail merchandise delivery service provided by Pilot to its clients, like Best Buy. The Delivery Drivers are terminable at will. They may be terminated upon fifteen- or thirty-days written notice without cause or immediately for alleged breaches of the broadly worded standards and obligations described in the agreement, or arbitrarily.

25. Most of the Delivery Drivers have worked, or did work, for Pilot for several years.  Despite Pilot's pervasive control over all aspects of its delivery service operation, including the details of the Delivery Drivers' work, Pilot has classified and treated the Delivery Drivers as "independent contractors." Pilot's classification and treatment of the Delivery Drivers as "independent contractors" rather than as "employees" is and during all relevant times has been unlawful.

**CLASS ACTION ALLEGATIONS**

26. Plaintiff brings these claims as a class action pursuant to Code of Civil Procedure § 382 and Business and Professions Code §§ 17203 & 17204.  Plaintiff brings this action on Plaintiff's own behalf and on behalf of the following class of individuals (the "Class" or "Class Members"):

> All current and former individuals who performed delivery services for Defendants as Contract Carriers, Drivers, and/or Helpers in the State of California from March 28, 2017 and continuing while this action is pending.

27. All Delivery Drivers, i.e., Contract Carriers, Drivers, and Helpers, including Plaintiff, are putative class members.

28. During the Class Period, by virtue of unlawfully classifying Plaintiff and Class Members as independent contractors and compensating Class Members with a "flat rate" Defendants have routinely failed to compensate Delivery Drivers all of the wages they are due ("off-the-clock" work).

29. During the Class Period, Plaintiff and Delivery Drivers were subject to Defendants' Unlawful company practice of classifying them as independent contractors and paying them a daily flat sum of money when in fact they were subjected to the pervasive control of Defendants.  All who were subject to this unlawful classification and compensation scheme suffered damages.  Defendants applied this illegal wage device uniformly to all Delivery Drivers to the disadvantage of Class Members.

30. As a result, during the Class Period, Defendants have failed to provide Drivers and Helpers with accurate wage and hour statements since the daily "flat rate" did not fully compensate Delivery Drivers for all hours worked.  Defendants have failed to provide Delivery Drivers with accurate wage and hour statements since the gross hours earned, total hours worked, all deductions made, net wages earned, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate.

31. During the Class Period, Plaintiff and Delivery Drivers have been required to work more than eight hours per day and more than forty hours per workweek.  Defendants have routinely failed to compensate Delivery Drivers all of the overtime wages they are due.

////

32. During the Class Period, Defendants have failed to pay accrued wages and other compensation due immediately to Delivery Drivers who were terminated, and Defendants have failed to pay accrued wages and other compensation due within seventy-two hours to Delivery Drivers who ended their employment.

33. The proposed class is ascertainable in that its members can be identified using information contained in Defendants' payroll and personnel records.

34. <u>Numerosity</u>.  The Delivery Drivers are so numerous, conservatively estimated to include over 40 Delivery Drivers, that joinder of each individual Class Member would be impracticable, and the disposition of their claims in a class action, rather than numerous individual actions, will benefit the parties, the Court, and the interests of justice.

35. <u>Commonality</u>.  There is a well-defined community of interest in the questions of law and fact involved in this action because Defendants' failure to pay Delivery Drivers their wages or afford them the protections required under the Employment Laws and Regulations affects all Class Members. Common questions of law and fact predominate over questions that affect only individual Delivery Drivers, because all Delivery Drivers were subject to the uniform, unlawful pay practices and policies.  The predominate questions of law and fact include, but are not limited to:

    a.    Whether Defendants devised a scheme and/or plan to circumvent California wage and hour laws;

    b.    Whether Defendants' conduct was fraudulent and/or deceitful;

    c.    Whether Defendants' conduct violated the Employment Laws and Regulations; and

        (i)    failed to compensate Plaintiff and the Class Members for all hours worked;

        (ii)    failed to compensate Plaintiff and the Class Members at the applicable and legally-mandated minimum hourly rate then in effect;

        (iii)    failed to provide Plaintiff and the Class Members with timely and accurate wage and hour statements; and

1                   (iv)    failed to maintain complete and accurate payroll records for

2                        Plaintiff and the Class Members;

3         d.      Whether Defendants' systematic acts and practices violate, *inter alia*,

4                California Business & Professions Code section 17200, *et seq.*

5     36. <u>Typicality</u>.  Plaintiff's claims are typical of those of the other Delivery Drivers because

6 all Delivery Drivers share the same or similar employment duties and activities, all are automatically

7 classified as independent contractors, and all have been denied the benefits and protections of the

8 Employment Laws and Regulations in the same manner.  Since Defendants have uniformly applied

9 the same pay practices and policies to each Delivery Driver, Plaintiff's claims are typical of the claims

10 of all Delivery Drivers.  Plaintiff's claims are also typical because Plaintiff has suffered the same

11 damages as those suffered by all Class Members.

12     37. <u>Adequacy of Representation</u>.  Plaintiff can fairly and adequately represent and protect the

13 interests of all Delivery Drivers in that Plaintiff does not have disabling conflicts of interest which

14 are antagonistic to those of all other Delivery Drivers.  Plaintiff seeks no relief which is antagonistic

15 or adverse to the other Class Members, and the infringement of their rights and the damages they

16 have suffered are typical of all other Class Members.   Plaintiff's counsel is competent and

17 experienced in litigating class actions in California based on large employers' violations of the

18 Employment Laws and Regulations.

19     38. As mentioned above, to the extent that any Delivery Drivers entered into any arbitration

20 agreement with any Defendant and such agreement purports to require arbitration, such agreement

21 is void and unenforceable.  Even if such agreement is deemed enforceable, however, class-wide

22 arbitration is appropriate and should be utilized to obtain class-wide relief.

23     39. <u>Superiority of Class Action</u>.  The nature of this action and the nature of laws available to

24 Plaintiff and the other Delivery Drivers in the putative Class make use of the class action a particularly

25 efficient and effective procedure because:

26         a.      For many of the Delivery Drivers, individual actions or other

27                individual remedies would be impracticable and litigating individual

28                actions would be too costly;

**FIRST AMENDED COMPLAINT**

b.    The action involves a large corporate employer or employers (Pilot and Best Buy) and a large number of individual employees (Plaintiff and the other Class Members), many with relatively small claims and all with common issues of law and fact;

c.    If the Delivery Drivers are forced to bring individual lawsuits, the corporate defendants would necessarily gain an unfair advantage, the ability to exploit and overwhelm the limited resources of individual Class Members with vastly superior financial and legal resources;

d.    The costs of individual suits would likely consume the amounts recovered;

e.    Requiring each Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by current employees of Defendants, who would be disinclined to pursue an action against their present and/or former employer due to an appreciable and justified fear of retaliation and permanent damage to their immediate and/or future employment; and

f.    Common business practices Plaintiff experienced are representative of those experienced by all Delivery Drivers and can establish the right of all Delivery Drivers to recover on the alleged claims.

### FIRST CAUSE OF ACTION

**FAILURE TO PAY MINIMUM WAGE**

**(CAL. LABOR CODE §§ 1182.11, 1194 ET SEQ.; IWC WAGE ORDER NO. 9; MINIMUM WAGE ORDER)**

40.  The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief.

41. At all times relevant to this complaint, Cal. Labor Code §§ 1182.11, 1182.12, and 1197,

////

////

-10-
**FIRST AMENDED COMPLAINT**

IWC wage order No. 9, and the Minimum Wage Order were in full force and effect and required that Defendant's California nonexempt employees receive the minimum wage for all hours worked irrespective of whether nominally paid on an hourly, piece rate, or any other basis, at the rate of ten dollars ($10) per hour for work performed up through January 1, 2017, ten dollars and fifty cents ($10.50) per hour for work performance up through January 1, 2018, eleven dollars ($11) per hour for work performed up through January 1, 2019, twelve dollars ($12) per hour for work performed up through January 1, 2020, and thirteen dollars ($13) per hour for work performed thereafter.

42. Defendants failed to pay Plaintiff and putative class members for all hours worked at the statutory minimum wage rate, as required by law, including for work time spent at mandatory meetings; work time spent waiting to receive assignments and merchandise at Best Buy's stores or warehouses; work time spent picking up and transporting "haul away" merchandise; and work time spent returning paperwork to Best Buy's stores at the end of the workday.

43. At various times throughout the relevant statutory period, Defendants have caused Plaintiff and putative class members to incur expenses and deductions that contributed to Defendants' failing to pay minimum wages for all hours worked, as required by law.

44. As a direct and proximate result of the acts and/or omissions of Defendants, Plaintiff and putative class members have been deprived of minimum wages due in amounts to be determined at trial, and to additional amounts as liquidated damages, pursuant to Cal. Labor Code §§ 1194 and 1194.2.

45. By violating Cal. Labor Code §§ 1182.11, 1182.12, and 1197, IWC wage order No. 9, § 4, and the Minimum Wage Order, Defendants are also liable for civil penalties, interest and reasonable attorneys' fees and costs under Cal. Labor Code §§ 558, 1194, 1197.1.

46. Plaintiff requests relief as described below.

### SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME COMPENSATION

### (CAL. LABOR CODE §§ 510, 1194 ET SEQ.; IWC WAGE ORDER NO. 9.)

47. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief.

48. Defendants have been required, pursuant to Cal. Labor Code § 510 and IWC wage order No. 9, § 3, to pay Plaintiff and putative class members overtime compensation at a rate of 1.5 times their regular rates of pay for all hours worked in excess of eight in a day and in excess of 40 in a week, and at a rate of two times their regular rates of pay for all hours worked in excess of 12 in a day.

49. Defendants failed to pay Plaintiff and putative class members daily or weekly overtime compensation in violation of Cal. Labor Code § 510 and IWC wage order No. 9, § 3.

50. As a result of Defendants' unlawful acts, Plaintiff and putative class members have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, under Cal. Labor Code § 1194.

51. By violating Cal. Labor Code § 510, Defendants are liable for civil penalties and attorneys' fees and costs under Cal. Labor Code §§ 558, 1194, and 1197.1.

52. Plaintiff requests relief as described below.

**THIRD CAUSE OF ACTION**

**REIMBURSEMENT OF EMPLOYMENT EXPENSES**

**(CAL. LABOR CODE § 2802)**

53. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief.

54. Cal. Labor Code § 2802 provides: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer . . . [which includes] all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

55. As a direct consequence of discharging their duties for Defendants and/or obeying Defendants' directions, Plaintiff and putative class members have necessarily incurred expenses for which they have not been indemnified by Pilot and Best Buy, including the purchase and/or lease and depreciation of vehicles; fuel, maintenance, and other vehicle operating costs; various forms of insurance; wages paid to Delivery Drivers; costs associated with lost or damaged merchandise and

other property damage; Pilot proprietary uniforms; certain tools and equipment Defendants have required Plaintiff and class members to purchase or rent from Pilot and Best Buy; other miscellaneous equipment including moving pads and blankets, dollies, hand tools, installation supplies, GPS navigational equipment, and cellular telephones; fees for payroll administration services; expenses associated with a cash bond or fund; and the attorneys' fees incurred to enforce Plaintiff's and putative class members' rights under Cal. Labor Code § 2802.

56. Defendants have failed to indemnify or in any manner reimburse Plaintiff and putative class members for these expenditures and losses.

57. By requiring Plaintiff and putative class members to pay expenses and cover losses that they incurred in direct consequence of the discharge of their duties for Defendants and/or in obedience of Defendants' direction, Defendants have violated and continues to violate Cal. Labor Code § 2802.

58. As a direct and proximate result of Defendants' conduct, Plaintiff and putative class members have suffered substantial losses according to proof, as well as pre-judgment interest, costs, and attorneys' fees for the prosecution of this action, which losses are compensable under Cal. Labor Code §2802.

59. Plaintiff requests relief as described below.

## FOURTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES

### (CAL. LABOR CODE §§ 221 & 223; IWC WAGE ORDER NO. 9)

60. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief.

61. Cal. Labor Code § 221 provides: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

62. Cal. Labor Code § 223 provides: "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

63. IWC wage order No. 9, § 8 provides that the only circumstance under which an employer can make a deduction from an employee's wage due to cash shortage, breakage, or loss of

**FIRST AMENDED COMPLAINT**

1    equipment is if the employer can show that the shortage, breakage, or loss was the result of

2    the

3    employee's gross negligence or dishonest or willful act.

4    64. These and related statutes, along with California's fundamental public policy protecting

5    wages and wage scales, prohibit employers from subjecting employees to unanticipated or

6    unpredicted reductions in their wages; making employees the insurers of their employer's business

7    losses; otherwise passing the ordinary business losses of the employer onto the employee; taking

8    deductions from wages for business losses in any form unless the employer can establish that the loss

9    was caused by a dishonest or willful act, or gross negligence of the employee; or taking other

10    unpredictable deductions that may impose a special hardship on employees.

11    65. Defendants have violated Cal. Labor Code §§ 221 and 223 and IWC wage order No. 9, § 8

12    by unlawfully taking deductions from Plaintiff's and putative class members' compensation to

13    cover certain ordinary business expenses of Defendants, including various forms of insurance;

14    uniforms; payment services; equipment and tools; losses associated with lost or damaged

15    merchandise and other property damage; gift cards and other payments given or reimbursed to

16    customers who complain or are dissatisfied with service they received; and "charge-back" items

17    Defendants claim to reserve the right to deduct from Plaintiff's and putative class members' pay.

18    66. Defendants have further violated Cal. Labor Code §§ 221 and 223 and IWC wage order No.

19    9, § 8 by unlawfully taking deductions from Plaintiff's and putative class members' compensation

20    for the purpose of establishing a reserve account to draw upon to cover ordinary business expenses,

21    including compensation to customers complaining of damages to their merchandise or to their homes.

22    67. Because Defendants made unlawful deductions from Plaintiff's and putative class members'

23    compensation, they are liable to Plaintiff and putative class members for the compensation that should

24    have been paid but for the unlawful deductions, pursuant to Cal. Labor Code §§ 221 and 223 and

25    IWC wage order No. 9, § 8.

26    68. By unlawfully deducting wages and failing to pay Plaintiff and putative class members

27    Defendants are also liable for penalties, interest and reasonable attorneys' fees and costs

28    under Cal. Labor Code §§ 218.5 and 1194.

69. Plaintiff request reliefs as described below.

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (CAL. LABOR CODE §§ 226.7, 512; IWC WAGE ORDER NO. 9)

70. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief.

71. Plaintiff and putative class members have regularly worked in excess of five (5) hours in a workday without being provided at least a half-hour meal period in which they were relieved of all duties, as required by Cal. Labor Code §§ 226.7 and 512, and IWC Wage Order No. 9, § 11(A).

72. Because Defendants failed to provide proper meal periods, they are liable to Plaintiff and putative class members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Cal. Labor Code § 226.7(b) and IWC wage order No. 9, § 11(B).

73. By violating Cal. Labor Code §§ 226.7 and 512, and IWC wage order No. 9, §11, Defendants are also liable for penalties, reasonable attorneys' fees, and costs under Cal. Labor Code §§ 218.5 and 1194.

74. Plaintiff requests relief as described below.

## SIXTH CAUSE OF ACTION

### FAILURE TO AUTHORIZE AND PERMIT REST PERIODS

### (CAL. LABOR CODE § 226.7; IWC WAGE ORDER NO. 9)

75. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief.

76. Plaintiff and putative class members have regularly worked in excess of four (4) hours in a workday without Defendant's authorizing and permitting them to take at least a ten-minute rest period, as required by Cal. Labor Code § 226.7 and IWC wage order No. 9, § 12.

77. Because Defendants failed to authorize and permit proper rest periods, Defendants are liable to Plaintiff and putative class members for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not authorized and permitted,

-15-
**FIRST AMENDED COMPLAINT**

1    pursuant to Cal. Labor Code § 226.7(b) and IWC wage order No. 9, § 12(B).

2        78.  By violating Cal. Labor Code §§ 226.7 and 512, and IWC wage order No. 9, §11,

3    Defendants are also liable for penalties, reasonable attorneys' fees, and costs under Cal. Labor Code

4    §§ 218.5 and 1194.

5        79. Plaintiff requests relief as described below.

6                              **SEVENTH CAUSE OF ACTION**

7                    **FAILURE TO FURNISH ACCURATE WAGE STATEMENTS**

8                **(CAL. LABOR CODE §§ 226, 226.3; IWC WAGE ORDER NO. 9)**

9        80. The allegations of each of the preceding paragraphs are realleged and incorporated herein by

10   reference, and Plaintiff alleges as follows a claim of relief.

11       81. Cal. Labor Code § 226(a) and IWC wage order No. 9, § 7(B) require employers semi-

12   monthly or at the time of each payment of wages to furnish each California employee with a

13   statement itemizing, among other things, the total hours worked by the employee. Cal. Labor Code

14   § 226(b) provides that if an employer knowingly and intentionally fails to provide a statement

15   itemizing, among other things, the total hours worked by the employee, then the employee is

16   entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation

17   and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

18       82. Defendants knowingly and intentionally failed to furnish Plaintiff and putative class

19   members with timely, itemized statements that accurately report the total hours worked, as required

20   by Cal. Labor Code § 226(a) and IWC wage order No. 9, § 7(B). As a result, Defendants are liable to

21   Plaintiff and putative class members for the amounts provided by Cal. Labor Code § 226(b), including

22   an award of costs and reasonable attorneys' fees.

23       83. Plaintiff requests relief as described below.

24                              **EIGHTH CAUSE OF ACTION**

25                            **WAITING TIME PENALTIES**

26                        **(CAL. LABOR CODE §§ 201-203)**

27       84. As a separate and distinct cause of action, Plaintiff complains and realleges all the

28   ////

allegations contained in this complaint and incorporate them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

85. During the Class Period, Defendants failed to pay accrued wages and other compensation due immediately to each putative class member who was terminated and failed to pay accrued wages, including meal and rest period wages and other compensation due within seventy-two hours to each putative class member who ended his or her employment.

86. As a consequence of Defendants' actions, putative class members are entitled to all available statutory penalties, including those provided in California Labor Code section 203, as well as all other available remedies.

## NINTH CAUSE OF ACTION

### VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION ACT

### (CAL. BUSINESS & PROFESSIONS CODE §§ 17200-17209)

87. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief.

88. California Business & Professions Code § 17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

89. California Business & Professions Code § 17204 allows "any person acting for the interests of itself, its members or the general public" to prosecute a civil action for violation of the Unfair Competition Law.

90. Beginning at an exact date unknown to Plaintiff, but at least four years prior to the filing of this action, Defendants committed unlawful, unfair, and/or fraudulent business acts and practices as defined by California Business & Professions Code § 17200, by engaging in the following:

    a.    Failing to pay California minimum wage and overtime compensation to Plaintiff and putative class members;

    b.    Failing to provide adequate off-duty meal periods to Plaintiff and putative class members, and failing to pay them premium pay for missed meal periods;

    c.    Failing to authorize and permit adequate rest periods to Plaintiff and

putative class members, and failing to pay them premium pay for missed rest periods;

d. Failing to indemnify Plaintiff and putative class members for employment-related business expenses and losses;

e. Improperly and unlawfully making deductions from Plaintiff's and plaintiff class members' compensation to cover certain ordinary business expenses and losses of Defendants, which were not attributable to Plaintiff's and putative class members' dishonest or willful act, or to their gross negligence, as described above;

f. Improperly and unlawfully demanding a cash bond from Plaintiff and putative class members, and making deductions from such bonds in violation of the Employee Bond Law, Cal. Labor Code §§ 400-410;

g. Coercing or compelling Plaintiff and putative class members to patronize Defendants' clients, like Best Buy by requiring Delivery Drivers to purchase or rent certain tools and equipment from Best Buy, in violation of Labor Code §450;

h. Failing to maintain workers' compensation insurance covering Plaintiff and putative class members, requiring Plaintiff and putative class members to purchase workers' compensation insurance for themselves, and failing to pay compensation to Plaintiff and putative class members injured on the job;

i. Failing to contribute to the Unemployment Trust Fund on behalf of Plaintiff and putative class members;

j. Failing to pay all wages due upon termination of employment to Plaintiff and similarly situated putative class members no longer in Defendant's employ;

k. Failing to provide accurate itemized wage statements to Plaintiff and putative class members;

l. Failing to keep accurate payroll records noting the actual hours worked by Plaintiff and putative class members, in violation of Cal. Labor Code § 1174 and IWC wage order No. 9, § 7(A);

m. Failing to pay all wages for labor performed between the 1st and 15th days of

**FIRST AMENDED COMPLAINT**

the month between the 16th and the 26th day of the month during which the labor was performed, and failing to pay all wages for labor performed between the 16th and the last day of the month between the 1st and 10th day of the following month, as required by Cal. Labor Code § 204;

n.  Willfully misclassifying Plaintiff and putative class members as "independent contractors" in violation of the California Employee Misclassification Act, Cal. Labor Code § 226.8;

o.  Failing to provide Plaintiff and putative class members paid sick leave as required by Cal. Labor Code § 246; and

P.  Intentionally, recklessly and/or negligently misrepresenting to Plaintiff and putative class members the true nature of their employment status.

91. The violations of these laws serve as unlawful, unfair, and/or fraudulent predicate acts and practices for purposes of Business & Professions Code § 17200.

92. As a direct and proximate result of Defendants' unlawful, unfair, and/or fraudulent acts and practices described herein, Defendants have received and continue to hold ill-gotten gains belonging to Plaintiff and putative class members. As a direct and proximate result of Defendants' unlawful business practices, Plaintiff and putative class members have suffered economic injuries including, but not limited to out-of-pocket business expenses, unlawful deductions from compensation, loss of minimum wage and overtime wages, compensation for missed meal periods, compensation for missed rest periods, loss of unemployment insurance benefits, loss of amounts paid into cash bonds and interest thereon, waiting time penalties, and attorneys' fees and costs incurred to enforce their rights, including their rights under Cal. Labor Code § 2802. Defendants have profited from its unlawful, unfair, and/or fraudulent acts and practices in the amount of those business expenses, improper deductions from compensation, unpaid minimum wage and overtime, unpaid compensation for missed meal periods and missed rest periods, unpaid unemployment insurance and workers' compensation premiums, cash bond payments, and interest accrued.

93. Plaintiff and putative class members are entitled to restitution pursuant to Cal. Business &

Professions Code §§ 17203 and 17208 for all unpaid business expenses, unlawful deductions from compensation, minimum wage, overtime, meal period and rest period compensation, unemployment insurance and workers' compensation premiums, cash bond payments, unpaid waiting time penalties, interest since four years prior to the filing of this action, and attorney's fees and costs Plaintiff has incurred to enforce these rights, including their rights under Cal. Labor Code § 2802.

94. Plaintiff and putative class members are entitled to enforce all applicable penalty provisions of the California Labor Code pursuant to Business & Professions Code § 17202.

95. By all of the foregoing alleged conduct, Defendants have committed, and are continuing to commit, ongoing unlawful, unfair and fraudulent business practices within the meaning of Cal. Business & Professions Code §17200 *et seq.*

96. As a direct and proximate result of the unfair business practices described above, Plaintiff and putative class members have suffered significant losses and Defendants have been unjustly enriched.

97. Pursuant to Cal. Business & Prof. Code §17203, Plaintiff is entitled to: (a) restitution of money acquired by means of its unfair business practices, in amounts not yet ascertained but to be ascertained at trial; (b) injunctive relief against Defendants' continuation of unfair and unlawful business practices; and (c) a declaration that Defendants' business practices are unfair and unlawful within the meaning of the statute.

98. Plaintiff assumed the responsibility of enforcement of the laws and lawful claims specified herein.  There is a financial burden incurred in pursuing this action which is in the public interest. Therefore, reasonable attorneys' fees are appropriate pursuant to Cal. Code of Civil Procedure § 1021.5.

99.  Plaintiff requests relief as described below.

### TENTH CAUSE OF ACTION

### PRIVATE ATTORNEYS GENERAL ACT

### (LABOR CODE §§ *2698 et seq.*)

100.      As a separate and distinct cause of action, Plaintiff complains and realleges all of

-20-
**FIRST AMENDED COMPLAINT**

the allegations contained in this complaint and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action. Plaintiff is an aggrieved employee as defined in Labor Code § 2699 (a).  Plaintiff brings this cause on behalf of himself, and other current or former employees affected by the labor law violations alleged in this complaint.

101.    Defendant, at all times relevant to this complaint, were employers or persons acting on behalf of an employer who violated Plaintiff's rights by violating relevant sections of the California Labor Code and are subject to civil penalties.

102.    Defendant committed the following violations of the Labor Code against Plaintiff, and, on information and belief, against other current or former employees while they were employed by Defendants:

(a)    Defendants violated Labor Code §§ 201-203 by failing to pay all wages due on the date of the employee's involuntary termination or within 72 hours of the employee's voluntary termination.

(b)    Defendants violated Labor Code § 204 by failing to pay all wages due at least twice during each calendar month, in compliance with those provisions.

(c)    Defendants violated Labor Code § 216 by, having the ability to pay, willfully refusing to pay wages due and payable after demand has been made.

(d)    Defendants violated Labor Code § 226 by failing to provide accurate itemized wage statements.

(e)    Defendants violated Labor Code § 510 and provisions of the applicable IWC Wage Order by failing to compensate Class Members, including Plaintiff, at one and one-half times the regular rate of pay for any work in excess of eight hours in a day and 40 hours in a week.

(f)    Defendants violated Labor Code §§ 226.7 and 512 by failing to provide meal and rest periods compliant with California law.

(g)    Defendants violated Labor Code § 1174 by failing to maintain payroll records showing the daily hours worked.

-21-
**FIRST AMENDED COMPLAINT**

(h)      Defendants violated Labor Code §§ 1194 and 1197 and provisions of the applicable IWC Wage Order by failing to pay the legal minimum wage.

(i)      Defendants violated Labor Code § 226.8 by misclassifying Class Members, including Plaintiff, as independent contractors and depriving them of the benefits and protections of the California Labor Code and rights customarily afforded to employees in the state of California.

103.      As set forth above, Plaintiff provided written notice on or about September 22, 2201, by certified mail to the Labor and Workforce Development Agency and to Defendants of the facts and theories regarding the violations of the Employment Laws and Regulations.  Attached as **Exhibit 1** is a true and correct copy of the letter sent to the LWDA and Defendants.  More than sixty-five days has elapsed since Plaintiff's submission to the LWDA.  The LWDA has not taken any action, nor advised Plaintiff it intends to take action, to investigate the violations of the California Labor Code alleged herein and has not provide any written notice.

104.      Pursuant to PAGA, Plaintiff should be awarded twenty-five percent (25%) of all penalties due under California law, including attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all Delivery Drivers, prays that the Court enter judgment in their favor and against Defendants as follows:

1.      For an Order certifying the First Through Ninth Causes of Action as a class action;

2.      For an Order that the Tenth Cause of Action (PAGA) be maintained as a representative action;

3.      For an Order appointing Plaintiff's counsel as Class Counsel;

4.      For compensatory damages in an amount to be ascertained at trial;

5.      For restitution in an amount to be ascertained at trial;

6.      For punitive damages in an amount to be ascertained at trial;

7.      For penalties as required by the applicable Wage Order or otherwise by law;

8.      For prejudgment interest at the legal rate pursuant to California Labor Code section 218.6 and other applicable sections;

9.      For reasonable attorney's fees pursuant to California Labor Code § 1194;

1        10.     For cost of suit incurred herein;

2        11.     For disgorgement of profits garnered as a result of Defendants' unlawful failure to pay

3    overtime premium compensation and meal and rest period compensation; and

4        12.     For such further relief as the Court may deem appropriate.

5

6    DATED: November , 2021                          **BOYAMIAN LAW, INC.**

7
                                        By:     _____
8
                                                Michael H. Boyamian
9                                               Attorneys for Plaintiff CHRISTIAN
                                                MATUTE and All Others Similarly Situated
10
                            **<u>DEMAND FOR JURY TRIAL</u>**
11
           Plaintiff CHRISTIAN MATUTE, individually and on behalf of all similarly situated
12
     individuals, demand jury trial of this matter.
13
     DATED: _____, 2022                       **BOYAMIAN LAW, INC.**
14

15
                                        By:     _____
16                                              Michael H. Boyamian
                                                Attorneys for Plaintiff CHRISTIAN
17                                              MATUTE and All Others Similarly Situated

18

19

20

21

22

23

24

25

26

27

28

**FIRST AMENDED COMPLAINT**

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 550 North Brand Boulevard, 15th Floor, Glendale, California 91203.  On January 13, 2022, I served, in the manner indicated below, the foregoing document described as:

4

5

6

**JOINT STIPULATION AND [PROPOSED] ORDER FOR PLAINTIFF TO FILE AMENDED COMPLAINT**

7

on the interested parties in this action as follows:

| | |
|---|---|
| Barbara J. Miller<br>Barbara.miller@morganlewis.com<br>Christopher J. Taylor<br>Christopher.taylor@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>600 Anton Blvd., Suite 1800<br>Costa Mesa, CA 92626<br>Telephone: 1.714.830.0600<br>Fax: 1.714.830.0700<br><br>Attorneys for Defendant BEST BUY CO., INC. | Christopher C. McNatt, Jr.<br>cmcnatt@scopelitis.com<br>**SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP**<br>2 North Lake Avenue, Suite 560<br>Pasadena, California 91101<br>Telephone: 626-795-4700<br>Fax: 626-795-4790<br><br>James A. Eckhart<br>jeckhart@scopelitis.com<br>**SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.**<br>10 West Market Street, Suite 1400<br>Indianapolis, IN 46204<br>Telephone: 317-637-1777<br>Fax: 317-687-2414<br><br>Attorneys for Defendant PILOT FREIGHT SERVICES, LLC |

19

_____BY REGULAR MAIL:  I caused such envelopes to be deposited in the United States mail at Glendale, California, with postage thereon fully prepaid.  I am readily familiar with the firms's practice of collection and processing correspondence for mailing.  It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. §1013(c)(d)).

20

21

22

_____ BY FACSIMILE:  caused such document to be transmitted via facsimile to the offices of the addressee(s).  (C.C.P. § 1013(a)(e)(f)).

23

24

_____ BY OVERNIGHT DELIVERY: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressee(s). (C.C.P. §1013(c)(d)).

25

_____ BY PERSONAL SERVICE: I provided the documents to a professional messenger service for same day hand-delivery to the offices of the addressee(s).  (C.C.P. § 1011(a)(b)).

26

27

__X__ BY ELECTRONIC SERVICE: by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth above.

28

__X__ STATE: I declare under penalty of perjury under the laws of the State of California that

-1-

1    the foregoing is true and correct.

2    _____ FEDERAL: I declare that I am employed in the office of a member of the bar of this court
     whose direction the service was made.

3

4          Executed on January 13, 2022 at Glendale, California.

5

6                                        _____

7                                        Demiah Cseri

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

COURTHOUSE ADDRESS:
Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, CA 94612

PLAINTIFF/PETITIONER:
Christian Matute

DEFENDANT/RESPONDENT:
Pilot Air Frieght LLC et al

**CERTIFICATE OF ELECTRONIC SERVICE CODE OF CIVIL PROCEDURE 1010.6**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda

01/21/2022

Chad Finke, Executive Officer / Clerk of the Court

By: _____ Deputy
Lynette Rushing

CASE NUMBER:
RG21113609

**I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served one copy of the Stipulation and Order Joint Stipulation and [Proposed] Order for Plaintiff to File Amended Complaint entered herein upon each party or counsel of record in the above entitled action, by electronically serving the document(s) from my place of business, in accordance with standard court practices.**

Christopher John Taylor
Morgan Lewis & Bockius, LLP
christopher.taylor@morganlewis.com

James Anthony Eckhart
Scopelitis Garvin Light Hanson & Feary
jeckhart@scopelitis.com

Michael H. Boyamain
Law Offices of Thomas W. Falvey
michael@boyamianlaw.com

Chad Finke, Executive Officer / Clerk of the Court

Dated: 01/21/2022

By:

Lynette Rushing, Deputy Clerk

# EXHIBIT V

*Plaintiff's First Amended*
*Class Action Complaint*

**BOYAMIAN LAW, INC.**
Michael H. Boyamian, SBN 256107
  michael@boyamianlaw.com
Heather M. Zermeno, SBN 334460
  heather@boyamianlaw.com
550 North Brand Boulevard, Suite 1500
Glendale, California 91203
Telephone:   (818) 547-5300
Facsimile:   (818) 547-5678

Attorneys for Plaintiff CHRISTIAN MATUTE,
and all others similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| CHRISTIAN MATUTE, an individual; Individually and on Behalf of All Similarly Situated Individuals,<br><br>             Plaintiff,<br><br>        v.<br><br>PILOT AIR FREIGHT LLC dba PILOT FREIGHT SERVICES, a Pennsylvania Limited Liability Company; BEST BUY CO., INC., a Minnesota Corporation; and DOES 1 through 25, Inclusive,<br><br>             Defendants. | **Case No.** RG21113609<br><br>**CLASS ACTION**<br><br>1. FAILURE TO PAY MINIMUM WAGE;<br>2. FAILURE TO PAY OVERTIME COMPENSATION;<br>3. REIMBURSEMENT OF EMPLOYMENT EXPENSES;<br>4. UNLAWFUL DEDUCTION FROM WAGES;<br>5. FAILURE TO PROVIDE MEAL PERIODS;<br>6. FAILURE TO AUTHORIZE AND PERMIT REST PERIODS;<br>7. FAILURE TO FURNISH ACCURATE WAGE STATEMENTS;<br>8. WAITING TIME PENALTIES; AND<br>9. UNFAIR COMPETITION<br>10. PRIVATE ATTORNEYS GENERAL ACT (LABOR CODE § 2698 ET SEQ.)<br><br>COMPLAINT FILED: SEPTEMBER 23, 2021<br>TRIAL DATE: N/A<br><br>**JURY TRIAL DEMANDED** |

BOYAMIAN LAW,
INC.
550 N. BRAND BLVD.,
STE 1500
GLENDALE, CA 91203

FIRST AMENDED COMPLAINT

Plaintiff CHRISTIAN MATUTE ("Plaintiff"), individually and on behalf of all similarly situated individuals, allege as follows:

## **GENERAL ALLEGATIONS**

1.   This is a proposed class action brought against Defendants PILOT AIR FREIGHT, LLC dba PILOT FREIGHT SERVICES; BEST BUY CO. INC.; and DOES 1 through 25, inclusive (collectively, "Defendants"), on behalf of Plaintiff and all other non-employee workers who worked in California as a Contract Carrier, Driver, and/or Helper (hereinafter collectively referred to as "Delivery Drivers") for Defendants at any time from March 28, 2017[1], and continuing while this action is pending ("Class Period"), who were denied the benefits and protections required under the California Labor Code and other statutes and regulations applicable to California employees.

2.   During the Class Period, Defendants:

    a.    unlawfully misclassified Delivery Drivers as independent contractors;

    b.    failed to pay wages for all hours worked by Delivery Drivers;

    c.    failed to pay Delivery Drivers the applicable legal minimum wage;

    d.    failed to pay overtime wages due to Delivery Drivers;

    e.    failed to provide meal and rest periods due to Delivery Drivers;

    f.    failed to provide the Delivery Drivers with timely and accurate wage and hour statements;

    g.    failed to pay the Delivery Drivers compensation in a timely manner upon their termination or resignation;

    h.    failed to maintain complete and accurate payroll records for the Delivery Drivers;

    i.    wrongfully withheld wages and compensation due to the Delivery Drivers; and

    j.    committed unfair business practices in an effort to increase profits and to gain an unfair business advantage at the expense of the Delivery Drivers and the public.

3.   The foregoing acts and other acts by Defendants - committed throughout California and Los

---

[1] Pursuant to California Emergency Rule of Court 9, the statute of limitations for this matter was tolled beginning on April 6, 2020 and, continued to October 1, 2020, for a period of 178 days.

1  Angeles County - violated provisions of the California Labor Code, including sections 201, 202, 203,

2  204, 226, 226.7, 226.8, 246, 510, 512, 515, 551, 552, 558, 1194, and 1198 (collectively, "Employment

3  Laws"), violated the applicable Wage Orders issued by California's Industrial Welfare Commission,

4  including Wage Orders 9-2001 during the Class Period ("Regulations"), violated California's Unfair

5  Business Practices Act, California Business & Professions Code sections 17200 *et seq*., and violated

6  Plaintiff's rights.

7  **JURISDICTION AND VENUE**

8  4.   Venue is proper in this Judicial District and the County of Alameda because work was

9  performed by Plaintiff and other members of the Class for Defendants in the County of Alameda,

10  California, and Defendants' obligations under the Employment Laws and Regulations to pay

11  overtime wages, to provide meal and rest periods and accurate wage statements to Plaintiff and other

12  members of the Class arose and were breached in California, including the County of Alameda.

13  5.   The California Superior Court has jurisdiction in this matter because Plaintiff is a resident of

14  California, and Defendants are corporations qualified to do business in California and regularly

15  conduct business in California.  Further, no federal question is at issue as the claims are based solely

16  on California law.

17  **THE PARTIES**

18  6.   Plaintiff CHRISTIAN MATUTE is, and at all relevant times was, a competent adult

19  residing in California. CHRISTIAN MATUTE brings suit on behalf of himself and all similarly

20  situated individuals pursuant California Code of Civil Procedure section 382, and California Business

21  & Professions Code sections 17200, *et seq*.  CHRISTIAN MATUTE was unlawfully classified by

22  Defendants Pilot Air Freight LLC dba Pilot Freight Service, and Best Buy Co., Inc. as an independent

23  contractor and worked as a Driver out of the warehouse owned and operated by Best Buy Co., Inc. in

24  San Leandro, California, from approximately November 2019 to on or about February 2021.

25  7.   Defendant PILOT AIR FREIGHT, LLC is, and at all relevant times was, a Minnesota

26  limited liability company licensed to do business and actually doing business in the State of

27  California. Pilot provides logistics and delivery services to its retail merchants like Best Buy, and

28  others, to deliver product and services to their clients' customers.  Pilot utilizes Delivery Drivers to

-2-
**FIRST AMENDED COMPLAINT**

pick up the merchandise at the merchants' stores or warehouses and to deliver and install them at the customers' homes or businesses.  Pilot is therefore a provider of managed transportation services including the planning and execution for "last mile" delivery of its retail merchant clients.  Pilot has engaged in unlawful employment practices addressed in this Complaint throughout California and in Alameda County.

8.   Defendant BEST BUY CO., INC. is, and at all relevant times was, a Pennsylvania limited liability company licensed to do business and actually doing business in the State of California. Best Buy is a retail merchant that utilizes Pilot, a provider of managed transportation services, to complete the planning and execution of "last mile" delivery for its customers. Best Buy, through Pilot, utilizes Delivery Drivers to pick up merchandise at Best Buy's stores or warehouses and to deliver and install them at the customers' homes or businesses. Plaintiff asserts claims against BEST BUY CO., INC. in its capacity as Client Employer through Labor Code § 2810.3.  Best Buy has engaged in unlawful employment practices addressed in this Complaint throughout California and in Alameda County.

9.   Plaintiff is informed and believes and based thereon alleges that Defendants uniformly apply their pay practices, and overtime policies to all Drivers and Driver Assistants. Plaintiff is currently unaware of the true names and capacities of the defendants sued in this action by the fictitious names DOES 1 through 25, inclusive, and therefore sue those defendants by such fictitious names.

10. Plaintiff will amend this Complaint to allege the true names and capacities of such fictitiously named defendants when they are ascertained.

11. Plaintiff is informed and believes and based thereon alleges that each defendant sued in this action, including each defendant sued by the fictitious names DOES 1 through 25, inclusive, is responsible in some manner for the occurrences, controversies and damages alleged below.

12. Plaintiff is informed and believes and based thereon alleges that DOES 1 through 25, inclusive were the agents, servants and/or employees of Defendants and, in doing the things hereinafter alleged and at all times, were acting within the scope of their authority as such agents, servants and employees, and with the permission and consent of Defendants.

13. Plaintiff is informed and believes and based thereon alleges that Defendants ratified, authorized, and consented to each and all of the acts and conduct of each other as alleged herein.

**FIRST AMENDED COMPLAINT**

14. Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them, were their employer under California law, that Defendants did acts consistent with the existence of an employer-employee relationship with Plaintiff despite their unlawful classification of Plaintiff as independent contractor.

### FACTS COMMON TO ALL CAUSES OF ACTION

15. Defendants unlawfully classified Plaintiff and other similarly situated individuals as independent contractors when, in fact, they were heavily regulated through a series of work-related restrictions and directives through Defendants.

16. Best Buy retained Pilot for delivery services. Specifically, Pilot secures truck owners and contracts with such truck owners for purposes of delivering, installing, and picking up of merchandise and products to Pilot's clients' customers, like Best Buy. These truck owners go to the warehouses of Pilot's clients and go through a hiring process with Pilot's and Best Buy's employees who are officed at the same site. Truck owners are hired by Pilot and Best Buy. Truck owners then bring on drivers and driver assistants who are also evaluated by Pilot and Best Buy for hiring purposes. Delivery Drivers provide "last mile" delivery, installation, and haul away services.

17. Upon information and belief, Pilot enters into written agreements with Delivery Drivers which provide that the Delivery Drivers are independent contractors. Pilot's Pre-Qualification Packet with Delivery Drivers requires that Delivery Drivers subject themselves to a background check and drug and alcohol test, and that Pilot reserves the right to "require both pre-engagement and post-engagement alcohol and drug tests of all its Contract Carriers." The agreements are contracts of adhesion that are drafted exclusively by Pilot and/or on its behalf by its agents, like Best Buy. The terms of the agreements are non-negotiable. Through this agreement, Pilot and Best Buy reserve and actually exercises the right to control the manner and means by which the Delivery Drivers perform their duties.

18. Pilot has a series of directives that Delivery Drivers must abide by despite the fact that Pilot unlawfully classifies them as independent contractors. Pilot reserves the right to determine the locations where the Delivery Drivers pick up and drop off the merchandise assigned to them; the time of day when they must report to work; and the order and timing of their deliveries. Pilot provides

**FIRST AMENDED COMPLAINT**

each Delivery Driver a daily manifest of work assignments that includes the delivery address, the "service window" time when the delivery must be made, and whether the Delivery Driver is required to call the customer 30 minutes ahead of arrival to give notice of when he will make the delivery. The Delivery Drivers must complete all of the work assigned to them and are not allowed to refuse assignments.  Pilot and Best Buy reserve the right to control the Delivery Drivers' physical appearance, including requiring them to wear Pilot uniforms. Pilot also reserves the right to require the Delivery Drivers to know and follow Pilot's customer service standards in performing their work, and conduct surveys to determine whether customers are satisfied with the Delivery Drivers' work.

19. Pilot further reserves the right to require the Delivery Drivers to follow certain work methods related to, for example, how to move and install the appliances and how to interact with customers.  Pilot determines the year, branding, and other specifications of the vehicles that the Delivery Drivers use to perform their work. Pilot prescribes how the Delivery Drivers document their work and require the Delivery Drivers to contact Pilot upon arrival at each stop and then again after the delivery is completed.  Pilot and Best Buy also reserve the right to require the Delivery Drivers to call each customer 30 minutes before making the delivery to let the customers know they are on their way.  Pilot and Best Buy also employ a variety of managerial and supervisory employees who instruct the Delivery Drivers on their job performance and their delivery assignments. The Delivery Drivers interact with Pilot and Best Buy's personnel on a daily basis. Pilot and Best Buy's managerial and supervisory employees also hold regular in-person and/or telephonic meetings where the Delivery Drivers' attendance is mandatory.

20. The Delivery Drivers are paid each week by Pilot a flat amount for each delivery, or each day or week of work, in amounts that are unilaterally determined by Pilot.  Pilot makes deductions from the Delivery Drivers' pay for reasons including customer complaints, late deliveries, and damaged items and property. This "flat rate" constitutes an unlawful piece-rate compensation system because Delivery Drivers had no control over how many hours they worked and could do nothing to change the amount of pay through their own efficiencies.

21. Upon information and belief, Pilot and Best Buy require the Delivery Drivers to purchase

**FIRST AMENDED COMPLAINT**

multiple forms of insurance coverage in amounts determined by Pilot through insurance plans specified and sometimes negotiated by Pilot, and to name Pilot and Best Buy as additional "insureds." Pilot further requires the Delivery Drivers to purchase or rent from Pilot and Best Buy, certain tools and equipment.

22. Pilot directs Delivery Drivers to engage helpers to deliver the assigned merchandise. Pilot prohibits the Delivery Drivers from working with helpers who have not been screened, qualified, and approved in advance by Pilot and Best Buy.  Pilot expects helpers to follow the same work methods and standards it requires the Delivery Drivers to follow and to comply with all other requirements communicated by Pilot and Best Buy, including attendance at meetings held by Pilot management and/or Best Buy.

23. Pilot permits Delivery Drivers to engage other Drivers and/or Helpers at their own expense who have been screened, qualified, and approved by Pilot and Best Buy.  Delivery Drivers may engage such Drivers and/or Helpers so that they are able to take a day off from work, such as for example when they are unable to come to work due to illness or so that they may have a day of rest. Pilot expects Drivers and/or Helpers to follow the same work methods and standards it requires the Delivery Drivers to follow and to comply with all other requirements communicated by Pilot and Best Buy, including following instructions given by Pilot and Best Buy managers and attending mandatory meetings.

24. The Delivery Drivers are economically dependent for their financial livelihood on Pilot, and Pilot is entirely dependent on the Delivery Drivers for the retail merchandise delivery service provided by Pilot to its clients, like Best Buy. The Delivery Drivers are terminable at will. They may be terminated upon fifteen- or thirty-days written notice without cause or immediately for alleged breaches of the broadly worded standards and obligations described in the agreement, or arbitrarily.

25. Most of the Delivery Drivers have worked, or did work, for Pilot for several years.  Despite Pilot's pervasive control over all aspects of its delivery service operation, including the details of the Delivery Drivers' work, Pilot has classified and treated the Delivery Drivers as "independent contractors." Pilot's classification and treatment of the Delivery Drivers as "independent contractors" rather than as "employees" is and during all relevant times has been unlawful.

**CLASS ACTION ALLEGATIONS**

26. Plaintiff brings these claims as a class action pursuant to Code of Civil Procedure § 382 and Business and Professions Code §§ 17203 & 17204.  Plaintiff brings this action on Plaintiff's own behalf and on behalf of the following class of individuals (the "Class" or "Class Members"):

> All current and former individuals who performed delivery services for Defendants
> as Contract Carriers, Drivers, and/or Helpers in the State of California from March
> 28, 2017 and continuing while this action is pending.

27. All Delivery Drivers, i.e., Contract Carriers, Drivers, and Helpers, including Plaintiff, are putative class members.

28. During the Class Period, by virtue of unlawfully classifying Plaintiff and Class Members as independent contractors and compensating Class Members with a "flat rate" Defendants have routinely failed to compensate Delivery Drivers all of the wages they are due ("off-the-clock" work).

29. During the Class Period, Plaintiff and Delivery Drivers were subject to Defendants' Unlawful company practice of classifying them as independent contractors and paying them a daily flat sum of money when in fact they were subjected to the pervasive control of Defendants.  All who were subject to this unlawful classification and compensation scheme suffered damages.  Defendants applied this illegal wage device uniformly to all Delivery Drivers to the disadvantage of Class Members.

30. As a result, during the Class Period, Defendants have failed to provide Drivers and Helpers with accurate wage and hour statements since the daily "flat rate" did not fully compensate Delivery Drivers for all hours worked.  Defendants have failed to provide Delivery Drivers with accurate wage and hour statements since the gross hours earned, total hours worked, all deductions made, net wages earned, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate.

31. During the Class Period, Plaintiff and Delivery Drivers have been required to work more than eight hours per day and more than forty hours per workweek.  Defendants have routinely failed to compensate Delivery Drivers all of the overtime wages they are due.

////

**FIRST AMENDED COMPLAINT**

32. During the Class Period, Defendants have failed to pay accrued wages and other compensation due immediately to Delivery Drivers who were terminated, and Defendants have failed to pay accrued wages and other compensation due within seventy-two hours to Delivery Drivers who ended their employment.

33. The proposed class is ascertainable in that its members can be identified using information contained in Defendants' payroll and personnel records.

34. <u>Numerosity</u>.  The Delivery Drivers are so numerous, conservatively estimated to include over 40 Delivery Drivers, that joinder of each individual Class Member would be impracticable, and the disposition of their claims in a class action, rather than numerous individual actions, will benefit the parties, the Court, and the interests of justice.

35. <u>Commonality</u>.  There is a well-defined community of interest in the questions of law and fact involved in this action because Defendants' failure to pay Delivery Drivers their wages or afford them the protections required under the Employment Laws and Regulations affects all Class Members. Common questions of law and fact predominate over questions that affect only individual Delivery Drivers, because all Delivery Drivers were subject to the uniform, unlawful pay practices and policies.  The predominate questions of law and fact include, but are not limited to:

      a.    Whether Defendants devised a scheme and/or plan to circumvent California wage and hour laws;

      b.    Whether Defendants' conduct was fraudulent and/or deceitful;

      c.    Whether Defendants' conduct violated the Employment Laws and Regulations; and

           (i)    failed to compensate Plaintiff and the Class Members for all hours worked;

           (ii)    failed to compensate Plaintiff and the Class Members at the applicable and legally-mandated minimum hourly rate then in effect;

           (iii)    failed to provide Plaintiff and the Class Members with timely and accurate wage and hour statements; and

**FIRST AMENDED COMPLAINT**

(iv)    failed to maintain complete and accurate payroll records for Plaintiff and the Class Members;

d.    Whether Defendants' systematic acts and practices violate, *inter alia*, California Business & Professions Code section 17200, *et seq.*

36. <u>Typicality</u>.  Plaintiff's claims are typical of those of the other Delivery Drivers because all Delivery Drivers share the same or similar employment duties and activities, all are automatically classified as independent contractors, and all have been denied the benefits and protections of the Employment Laws and Regulations in the same manner.  Since Defendants have uniformly applied the same pay practices and policies to each Delivery Driver, Plaintiff's claims are typical of the claims of all Delivery Drivers.  Plaintiff's claims are also typical because Plaintiff has suffered the same damages as those suffered by all Class Members.

37. <u>Adequacy of Representation</u>.  Plaintiff can fairly and adequately represent and protect the interests of all Delivery Drivers in that Plaintiff does not have disabling conflicts of interest which are antagonistic to those of all other Delivery Drivers.  Plaintiff seeks no relief which is antagonistic or adverse to the other Class Members, and the infringement of their rights and the damages they have suffered are typical of all other Class Members.   Plaintiff's counsel is competent and experienced in litigating class actions in California based on large employers' violations of the Employment Laws and Regulations.

38. As mentioned above, to the extent that any Delivery Drivers entered into any arbitration agreement with any Defendant and such agreement purports to require arbitration, such agreement is void and unenforceable.  Even if such agreement is deemed enforceable, however, class-wide arbitration is appropriate and should be utilized to obtain class-wide relief.

39. <u>Superiority of Class Action</u>.  The nature of this action and the nature of laws available to Plaintiff and the other Delivery Drivers in the putative Class make use of the class action a particularly efficient and effective procedure because:

a.    For many of the Delivery Drivers, individual actions or other individual remedies would be impracticable and litigating individual actions would be too costly;

-9-

**FIRST AMENDED COMPLAINT**

b.    The action involves a large corporate employer or employers (Pilot and Best Buy) and a large number of individual employees (Plaintiff and the other Class Members), many with relatively small claims and all with common issues of law and fact;

c.    If the Delivery Drivers are forced to bring individual lawsuits, the corporate defendants would necessarily gain an unfair advantage, the ability to exploit and overwhelm the limited resources of individual Class Members with vastly superior financial and legal resources;

d.    The costs of individual suits would likely consume the amounts recovered;

e.    Requiring each Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by current employees of Defendants, who would be disinclined to pursue an action against their present and/or former employer due to an appreciable and justified fear of retaliation and permanent damage to their immediate and/or future employment; and

f.    Common business practices Plaintiff experienced are representative of those experienced by all Delivery Drivers and can establish the right of all Delivery Drivers to recover on the alleged claims.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGE**

**(CAL. LABOR CODE §§ 1182.11, 1194 ET SEQ.; IWC WAGE ORDER NO. 9;**

**MINIMUM WAGE ORDER)**

40.  The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief.

41. At all times relevant to this complaint, Cal. Labor Code §§ 1182.11, 1182.12, and 1197,

////

////

-10-

**FIRST AMENDED COMPLAINT**

IWC wage order No. 9, and the Minimum Wage Order were in full force and effect and required that Defendant's California nonexempt employees receive the minimum wage for all hours worked irrespective of whether nominally paid on an hourly, piece rate, or any other basis, at the rate of ten dollars ($10) per hour for work performed up through January 1, 2017, ten dollars and fifty cents ($10.50) per hour for work performance up through January 1, 2018, eleven dollars ($11) per hour for work performed up through January 1, 2019, twelve dollars ($12) per hour for work performed up through January 1, 2020, and thirteen dollars ($13) per hour for work performed thereafter.

42. Defendants failed to pay Plaintiff and putative class members for all hours worked at the statutory minimum wage rate, as required by law, including for work time spent at mandatory meetings; work time spent waiting to receive assignments and merchandise at Best Buy's stores or warehouses; work time spent picking up and transporting "haul away" merchandise; and work time spent returning paperwork to Best Buy's stores at the end of the workday.

43. At various times throughout the relevant statutory period, Defendants have caused Plaintiff and putative class members to incur expenses and deductions that contributed to Defendants' failing to pay minimum wages for all hours worked, as required by law.

44. As a direct and proximate result of the acts and/or omissions of Defendants, Plaintiff and putative class members have been deprived of minimum wages due in amounts to be determined at trial, and to additional amounts as liquidated damages, pursuant to Cal. Labor Code §§ 1194 and 1194.2.

45. By violating Cal. Labor Code §§ 1182.11, 1182.12, and 1197, IWC wage order No. 9, § 4, and the Minimum Wage Order, Defendants are also liable for civil penalties, interest and reasonable attorneys' fees and costs under Cal. Labor Code §§ 558, 1194, 1197.1.

46. Plaintiff requests relief as described below.

### SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME COMPENSATION

### (CAL. LABOR CODE §§ 510, 1194 ET SEQ.; IWC WAGE ORDER NO. 9.)

47. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief.

1    48. Defendants have been required, pursuant to Cal. Labor Code § 510 and IWC wage order No.

2    9, § 3, to pay Plaintiff and putative class members overtime compensation at a rate of 1.5 times their

3    regular rates of pay for all hours worked in excess of eight in a day and in excess of 40 in a week,

4    and at a rate of two times their regular rates of pay for all hours worked in excess of 12 in a day.

5    49. Defendants failed to pay Plaintiff and putative class members daily or weekly overtime

6    compensation in violation of Cal. Labor Code § 510 and IWC wage order No. 9, § 3.

7    50. As a result of Defendants' unlawful acts, Plaintiff and putative class members have been

8    deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery

9    of such amounts, plus interest thereon, and attorneys' fees and costs, under Cal. Labor

10    Code § 1194.

11    51. By violating Cal. Labor Code § 510, Defendants are liable for civil penalties and attorneys'

12    fees and costs under Cal. Labor Code §§ 558, 1194, and 1197.1.

13    52. Plaintiff requests relief as described below.

### THIRD CAUSE OF ACTION

### REIMBURSEMENT OF EMPLOYMENT EXPENSES

### (CAL. LABOR CODE § 2802)

17    53. The allegations of each of the preceding paragraphs are realleged and incorporated

18    herein by reference, and Plaintiff alleges as follows a claim of relief.

19    54. Cal. Labor Code § 2802 provides: "An employer shall indemnify his or her employee for all

20    necessary expenditures or losses incurred by the employee in direct consequence of the discharge of

21    his or her duties, or of his or her obedience to the directions of the employer . . . [which includes] all

22    reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the

23    rights granted by this section."

24    55. As a direct consequence of discharging their duties for Defendants and/or obeying

25    Defendants' directions, Plaintiff and putative class members have necessarily incurred expenses

26    for which they have not been indemnified by Pilot and Best Buy, including the purchase and/or lease

27    and depreciation of vehicles; fuel, maintenance, and other vehicle operating costs; various forms of

28    insurance; wages paid to Delivery Drivers; costs associated with lost or damaged merchandise and

other property damage; Pilot proprietary uniforms; certain tools and equipment Defendants have required Plaintiff and class members to purchase or rent from Pilot and Best Buy; other miscellaneous equipment including moving pads and blankets, dollies, hand tools, installation supplies, GPS navigational equipment, and cellular telephones; fees for payroll administration services; expenses associated with a cash bond or fund; and the attorneys' fees incurred to enforce Plaintiff's and putative class members' rights under Cal. Labor Code § 2802.

56. Defendants have failed to indemnify or in any manner reimburse Plaintiff and putative class members for these expenditures and losses.

57. By requiring Plaintiff and putative class members to pay expenses and cover losses that they incurred in direct consequence of the discharge of their duties for Defendants and/or in obedience of Defendants' direction, Defendants have violated and continues to violate Cal. Labor Code § 2802.

58. As a direct and proximate result of Defendants' conduct, Plaintiff and putative class members have suffered substantial losses according to proof, as well as pre-judgment interest, costs, and attorneys' fees for the prosecution of this action, which losses are compensable under Cal. Labor Code §2802.

59. Plaintiff requests relief as described below.

**FOURTH CAUSE OF ACTION**

**UNLAWFUL DEDUCTIONS FROM WAGES**

**(CAL. LABOR CODE §§ 221 & 223; IWC WAGE ORDER NO. 9)**

60. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief.

61. Cal. Labor Code § 221 provides: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

62. Cal. Labor Code § 223 provides: "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

63. IWC wage order No. 9, § 8 provides that the only circumstance under which an employer can make a deduction from an employee's wage due to cash shortage, breakage, or loss of

-13-

**FIRST AMENDED COMPLAINT**

1    equipment is if the employer can show that the shortage, breakage, or loss was the result of

2    the

3    employee's gross negligence or dishonest or willful act.

4    64. These and related statutes, along with California's fundamental public policy protecting

5    wages and wage scales, prohibit employers from subjecting employees to unanticipated or

6    unpredicted reductions in their wages; making employees the insurers of their employer's business

7    losses; otherwise passing the ordinary business losses of the employer onto the employee; taking

8    deductions from wages for business losses in any form unless the employer can establish that the loss

9    was caused by a dishonest or willful act, or gross negligence of the employee; or taking other

10    unpredictable deductions that may impose a special hardship on employees.

11    65. Defendants have violated Cal. Labor Code §§ 221 and 223 and IWC wage order No. 9, § 8

12    by unlawfully taking deductions from Plaintiff's and putative class members' compensation to

13    cover certain ordinary business expenses of Defendants, including various forms of insurance;

14    uniforms; payment services; equipment and tools; losses associated with lost or damaged

15    merchandise and other property damage; gift cards and other payments given or reimbursed to

16    customers who complain or are dissatisfied with service they received; and "charge-back" items

17    Defendants claim to reserve the right to deduct from Plaintiff's and putative class members' pay.

18    66. Defendants have further violated Cal. Labor Code §§ 221 and 223 and IWC wage order No.

19    9, § 8 by unlawfully taking deductions from Plaintiff's and putative class members' compensation

20    for the purpose of establishing a reserve account to draw upon to cover ordinary business expenses,

21    including compensation to customers complaining of damages to their merchandise or to their homes.

22    67. Because Defendants made unlawful deductions from Plaintiff's and putative class members'

23    compensation, they are liable to Plaintiff and putative class members for the compensation that should

24    have been paid but for the unlawful deductions, pursuant to Cal. Labor Code §§ 221 and 223 and

25    IWC wage order No. 9, § 8.

26    68. By unlawfully deducting wages and failing to pay Plaintiff and putative class members

27    Defendants are also liable for penalties, interest and reasonable attorneys' fees and costs

28    under Cal. Labor Code §§ 218.5 and 1194.

69. Plaintiff request reliefs as described below.

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (CAL. LABOR CODE §§ 226.7, 512; IWC WAGE ORDER NO. 9)

70. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief.

71. Plaintiff and putative class members have regularly worked in excess of five (5) hours in a workday without being provided at least a half-hour meal period in which they were relieved of all duties, as required by Cal. Labor Code §§ 226.7 and 512, and IWC Wage Order No. 9, § 11(A).

72. Because Defendants failed to provide proper meal periods, they are liable to Plaintiff and putative class members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Cal. Labor Code § 226.7(b) and IWC wage order No. 9, § 11(B).

73. By violating Cal. Labor Code §§ 226.7 and 512, and IWC wage order No. 9, §11, Defendants are also liable for penalties, reasonable attorneys' fees, and costs under Cal. Labor Code §§ 218.5 and 1194.

74. Plaintiff requests relief as described below.

## SIXTH CAUSE OF ACTION

### FAILURE TO AUTHORIZE AND PERMIT REST PERIODS

### (CAL. LABOR CODE § 226.7; IWC WAGE ORDER NO. 9)

75. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief.

76. Plaintiff and putative class members have regularly worked in excess of four (4) hours in a workday without Defendant's authorizing and permitting them to take at least a ten-minute rest period, as required by Cal. Labor Code § 226.7 and IWC wage order No. 9, § 12.

77. Because Defendants failed to authorize and permit proper rest periods, Defendants are liable to Plaintiff and putative class members for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not authorized and permitted,

-15-

**FIRST AMENDED COMPLAINT**

1  pursuant to Cal. Labor Code § 226.7(b) and IWC wage order No. 9, § 12(B).

2      78.  By violating Cal. Labor Code §§ 226.7 and 512, and IWC wage order No. 9, §11,

3  Defendants are also liable for penalties, reasonable attorneys' fees, and costs under Cal. Labor Code

4  §§ 218.5 and 1194.

5      79. Plaintiff requests relief as described below.

6  **SEVENTH CAUSE OF ACTION**

7  **FAILURE TO FURNISH ACCURATE WAGE STATEMENTS**

8  **(CAL. LABOR CODE §§ 226, 226.3; IWC WAGE ORDER NO. 9)**

9      80. The allegations of each of the preceding paragraphs are realleged and incorporated herein by

10  reference, and Plaintiff alleges as follows a claim of relief.

11      81. Cal. Labor Code § 226(a) and IWC wage order No. 9, § 7(B) require employers semi-

12  monthly or at the time of each payment of wages to furnish each California employee with a

13  statement itemizing, among other things, the total hours worked by the employee. Cal. Labor Code

14  § 226(b) provides that if an employer knowingly and intentionally fails to provide a statement

15  itemizing, among other things, the total hours worked by the employee, then the employee is

16  entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation

17  and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

18      82. Defendants knowingly and intentionally failed to furnish Plaintiff and putative class

19  members with timely, itemized statements that accurately report the total hours worked, as required

20  by Cal. Labor Code § 226(a) and IWC wage order No. 9, § 7(B). As a result, Defendants are liable to

21  Plaintiff and putative class members for the amounts provided by Cal. Labor Code § 226(b), including

22  an award of costs and reasonable attorneys' fees.

23      83. Plaintiff requests relief as described below.

24  **EIGHTH CAUSE OF ACTION**

25  **WAITING TIME PENALTIES**

26  **(CAL. LABOR CODE §§ 201-203)**

27      84. As a separate and distinct cause of action, Plaintiff complains and realleges all the

28  ////

**FIRST AMENDED COMPLAINT**

allegations contained in this complaint and incorporate them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

85. During the Class Period, Defendants failed to pay accrued wages and other compensation due immediately to each putative class member who was terminated and failed to pay accrued wages, including meal and rest period wages and other compensation due within seventy-two hours to each putative class member who ended his or her employment.

86. As a consequence of Defendants' actions, putative class members are entitled to all available statutory penalties, including those provided in California Labor Code section 203, as well as all other available remedies.

## NINTH CAUSE OF ACTION

### VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION ACT

### (CAL. BUSINESS & PROFESSIONS CODE §§ 17200-17209)

87. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief.

88. California Business & Professions Code § 17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

89. California Business & Professions Code § 17204 allows "any person acting for the interests of itself, its members or the general public" to prosecute a civil action for violation of the Unfair Competition Law.

90. Beginning at an exact date unknown to Plaintiff, but at least four years prior to the filing of this action, Defendants committed unlawful, unfair, and/or fraudulent business acts and practices as defined by California Business & Professions Code § 17200, by engaging in the following:

  a.  Failing to pay California minimum wage and overtime compensation to Plaintiff and putative class members;

  b.  Failing to provide adequate off-duty meal periods to Plaintiff and putative class members, and failing to pay them premium pay for missed meal periods;

  c.  Failing to authorize and permit adequate rest periods to Plaintiff and

**FIRST AMENDED COMPLAINT**

1    putative class members, and failing to pay them premium pay for missed rest periods;

2    d.    Failing to indemnify Plaintiff and putative class members for employment-

3          related business expenses and losses;

4    e.    Improperly and unlawfully making deductions from Plaintiff's and plaintiff

5          class members' compensation to cover certain ordinary business expenses and losses

6          of Defendants, which were not attributable to Plaintiff's and putative class members'

7          dishonest or willful act, or to their gross negligence, as described above;

8    f.    Improperly and unlawfully demanding a cash bond from Plaintiff and

9          putative class members, and making deductions from such bonds in violation of the

10         Employee Bond Law, Cal. Labor Code §§ 400-410;

11   g.    Coercing or compelling Plaintiff and putative class members to patronize Defendants'

12         clients, like Best Buy by requiring Delivery Drivers to purchase or rent certain tools

13         and equipment from Best Buy, in violation of Labor Code §450;

14   h.    Failing to maintain workers' compensation insurance covering Plaintiff and

15         putative class members, requiring Plaintiff and putative class members to purchase

16         workers' compensation insurance for themselves, and failing to pay compensation to

17         Plaintiff and putative class members injured on the job;

18   i.    Failing to contribute to the Unemployment Trust Fund on behalf of Plaintiff and

19         putative class members;

20   j.    Failing to pay all wages due upon termination of employment to Plaintiff

21         and similarly situated putative class members no longer in Defendant's employ;

22   k.    Failing to provide accurate itemized wage statements to Plaintiff and

23         putative class members;

24   l.    Failing to keep accurate payroll records noting the actual hours worked by

25         Plaintiff and putative class members, in violation of Cal. Labor Code § 1174 and IWC

26         wage order No. 9, § 7(A);

27   m.    Failing to pay all wages for labor performed between the 1st and 15th days of

28

-18-

**FIRST AMENDED COMPLAINT**

the month between the 16th and the 26th day of the month during which the labor was performed, and failing to pay all wages for labor performed between the 16th and the last day of the month between the 1st and 10th day of the following month, as required by Cal. Labor Code § 204;

n.     Willfully misclassifying Plaintiff and putative class members as "independent contractors" in violation of the California Employee Misclassification Act, Cal. Labor Code § 226.8;

o.     Failing to provide Plaintiff and putative class members paid sick leave as required by Cal. Labor Code § 246; and

P.     Intentionally, recklessly and/or negligently misrepresenting to Plaintiff and putative class members the true nature of their employment status.

91. The violations of these laws serve as unlawful, unfair, and/or fraudulent predicate acts and practices for purposes of Business & Professions Code § 17200.

92. As a direct and proximate result of Defendants' unlawful, unfair, and/or fraudulent acts and practices described herein, Defendants have received and continue to hold ill-gotten gains belonging to Plaintiff and putative class members. As a direct and proximate result of Defendants' unlawful business practices, Plaintiff and putative class members have suffered economic injuries including, but not limited to out-of-pocket business expenses, unlawful deductions from compensation, loss of minimum wage and overtime wages, compensation for missed meal periods, compensation for missed rest periods, loss of unemployment insurance benefits, loss of amounts paid into cash bonds and interest thereon, waiting time penalties, and attorneys' fees and costs incurred to enforce their rights, including their rights under Cal. Labor Code § 2802.  Defendants have profited from its unlawful, unfair, and/or fraudulent acts and practices in the amount of those business expenses, improper deductions from compensation, unpaid minimum wage and overtime, unpaid compensation for missed meal periods and missed rest periods, unpaid unemployment insurance and workers' compensation premiums, cash bond payments, and interest accrued.

93. Plaintiff and putative class members are entitled to restitution pursuant to Cal. Business &

Professions Code §§ 17203 and 17208 for all unpaid business expenses, unlawful deductions from compensation, minimum wage, overtime, meal period and rest period compensation, unemployment insurance and workers' compensation premiums, cash bond payments, unpaid waiting time penalties, interest since four years prior to the filing of this action, and attorney's fees and costs Plaintiff has incurred to enforce these rights, including their rights under Cal. Labor Code § 2802.

94. Plaintiff and putative class members are entitled to enforce all applicable penalty provisions of the California Labor Code pursuant to Business & Professions Code § 17202.

95. By all of the foregoing alleged conduct, Defendants have committed, and are continuing to commit, ongoing unlawful, unfair and fraudulent business practices within the meaning of Cal. Business & Professions Code §17200 *et seq.*

96. As a direct and proximate result of the unfair business practices described above, Plaintiff and putative class members have suffered significant losses and Defendants have been unjustly enriched.

97. Pursuant to Cal. Business & Prof. Code §17203, Plaintiff is entitled to: (a) restitution of money acquired by means of its unfair business practices, in amounts not yet ascertained but to be ascertained at trial; (b) injunctive relief against Defendants' continuation of unfair and unlawful business practices; and (c) a declaration that Defendants' business practices are unfair and unlawful within the meaning of the statute.

98. Plaintiff assumed the responsibility of enforcement of the laws and lawful claims specified herein. There is a financial burden incurred in pursuing this action which is in the public interest. Therefore, reasonable attorneys' fees are appropriate pursuant to Cal. Code of Civil Procedure § 1021.5.

99. Plaintiff requests relief as described below.

## TENTH CAUSE OF ACTION

### PRIVATE ATTORNEYS GENERAL ACT

### (LABOR CODE §§ *2698 et seq.*)

100.    As a separate and distinct cause of action, Plaintiff complains and realleges all of

the allegations contained in this complaint and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action. Plaintiff is an aggrieved employee as defined in Labor Code § 2699 (a). Plaintiff brings this cause on behalf of himself, and other current or former employees affected by the labor law violations alleged in this complaint.

101.    Defendant, at all times relevant to this complaint, were employers or persons acting on behalf of an employer who violated Plaintiff's rights by violating relevant sections of the California Labor Code and are subject to civil penalties.

102.    Defendant committed the following violations of the Labor Code against Plaintiff, and, on information and belief, against other current or former employees while they were employed by Defendants:

(a)    Defendants violated Labor Code §§ 201-203 by failing to pay all wages due on the date of the employee's involuntary termination or within 72 hours of the employee's voluntary termination.

(b)    Defendants violated Labor Code § 204 by failing to pay all wages due at least twice during each calendar month, in compliance with those provisions.

(c)    Defendants violated Labor Code § 216 by, having the ability to pay, willfully refusing to pay wages due and payable after demand has been made.

(d)    Defendants violated Labor Code § 226 by failing to provide accurate itemized wage statements.

(e)    Defendants violated Labor Code § 510 and provisions of the applicable IWC Wage Order by failing to compensate Class Members, including Plaintiff, at one and one-half times the regular rate of pay for any work in excess of eight hours in a day and 40 hours in a week.

(f)    Defendants violated Labor Code §§ 226.7 and 512 by failing to provide meal and rest periods compliant with California law.

(g)    Defendants violated Labor Code § 1174 by failing to maintain payroll records showing the daily hours worked.

1          (h)     Defendants violated Labor Code §§ 1194 and 1197 and provisions of the

2 applicable IWC Wage Order by failing to pay the legal minimum wage.

3          (i)     Defendants violated Labor Code § 226.8 by misclassifying Class Members,

4 including Plaintiff, as independent contractors and depriving them of the benefits and protections of

5 the California Labor Code and rights customarily afforded to employees in the state of California.

6    103.     As set forth above, Plaintiff provided written notice on or about September 22, 2201,

7 by certified mail to the Labor and Workforce Development Agency and to Defendants of the facts

8 and theories regarding the violations of the Employment Laws and Regulations.  Attached as

9 **Exhibit 1** is a true and correct copy of the letter sent to the LWDA and Defendants.  More than

10 sixty-five days has elapsed since Plaintiff's submission to the LWDA.  The LWDA has not taken

11 any action, nor advised Plaintiff it intends to take action, to investigate the violations of the

12 California Labor Code alleged herein and has not provide any written notice.

13    104.     Pursuant to PAGA, Plaintiff should be awarded twenty-five percent (25%) of all

14 penalties due under California law, including attorneys' fees and costs.

15 **<u>PRAYER FOR RELIEF</u>**

16    WHEREFORE, Plaintiff, individually and on behalf of all Delivery Drivers, prays that the

17 Court enter judgment in their favor and against Defendants as follows:

18    1.     For an Order certifying the First Through Ninth Causes of Action as a class action;

19    2.     For an Order that the Tenth Cause of Action (PAGA) be maintained as a representative

20          action;

21    3.     For an Order appointing Plaintiff's counsel as Class Counsel;

22    4.     For compensatory damages in an amount to be ascertained at trial;

23    5.     For restitution in an amount to be ascertained at trial;

24    6.     For punitive damages in an amount to be ascertained at trial;

25    7.     For penalties as required by the applicable Wage Order or otherwise by law;

26    8.     For prejudgment interest at the legal rate pursuant to California Labor Code section

27 218.6 and other applicable sections;

28    9.     For reasonable attorney's fees pursuant to California Labor Code § 1194;

**FIRST AMENDED COMPLAINT**

1        10.      For cost of suit incurred herein;

2        11.      For disgorgement of profits garnered as a result of Defendants' unlawful failure to pay

3    overtime premium compensation and meal and rest period compensation; and

4        12.      For such further relief as the Court may deem appropriate.

5

6    DATED: January 27, 2022                          **BOYAMIAN LAW, INC.**

7
                                        By:    _____
8
                                               Michael H. Boyamian
9                                              Attorneys for Plaintiff CHRISTIAN
                                               MATUTE and All Others Similarly Situated
10

11                               **DEMAND FOR JURY TRIAL**

12        Plaintiff CHRISTIAN MATUTE, individually and on behalf of all similarly situated

13    individuals, demand jury trial of this matter.

14    DATED: January 27, 2022                          **BOYAMIAN LAW, INC.**

15
                                        By:    _____
16                                             Michael H. Boyamian
                                               Attorneys for Plaintiff CHRISTIAN
17                                             MATUTE and All Others Similarly Situated

18

19

20

21

22

23

24

25

26

27

28

**FIRST AMENDED COMPLAINT**

# EXHIBIT 1

# BOYAMIAN LAW

September 22, 2021

**SUBMITTED ELECTRONICALLY VIA ONLINE SUBMISSION**
Labor and Workforce Development Agency
Attention: PAGA Administrator
455 Golden Gate Avenue, 9th Floor
San Francisco, California 94102

> Re:    *Matute adv. Pilot Air Freight LLC, et al.*
> Notice of PAGA Claims Pursuant to Labor Code § 2699.3

To Whom It May Concern:

My office represents Christian Matute (hereinafter "Claimant"), with respect to claims on behalf of himself and other similarly situated current and former Contract Carriers, Drivers and Driver Assistants (commonly referred to as "Helpers") (collectively, hereinafter referred to as "Delivery Drivers") of Pilot Air Freight LLC dba Pilot Freight Services, Pilot Freight Services (collectively "Pilot") and Best Buy Co., Inc. ("Best Buy") who worked in California from April 6, 2020[1] and continuing to the present ("Relevant Time Period"). The purpose of this letter is to satisfy the notice requirements of Labor Code § 2699.3(a). Also, under separate cover and being sent out today, is a check made out to the Labor Workforce and Development Agency in the amount of seventy-five dollars ($75.00) for the filing fee of this matter.

Below we set forth the facts and theories which we believe support our contention that Pilot and Best Buy have violated and continue to violate various provisions of the California Labor Code including, but not limited to, the misclassification of Delivery Drivers, and the resulting failures by Pilot and Best Buy to pay minimum wages and overtime wages, to provide meal and rest periods, and to reimburse for necessary business expenditures.

### Facts & Theories About the Case

Christian Matute was a driver who performed delivery services for Best Buy through Pilot. Mr. Matute worked for both Pilot and Best Buy from in or around November 2020 to in or around February 2021. Throughout his time with Pilot and Best Buy, he was classified or regarded as an independent contractor and worked out of a warehouse located in San Leandro, California that was owned and/or operated by Pilot and/or Best Buy.

Pilot and Best Buy have violated California's labor laws with respect to paying its Contract Carriers, Drivers and Helpers, such as Christian Matute, for all hours worked, including overtime payment, among other things. Pilot provides logistics and delivery

---

[1] Pursuant to California Emergency Rule of Court 9, the statute of limitations for this matter was tolled beginning on April 6, 2020.

services to its retail merchants like Best Buy, and others, to deliver product and services to their clients' customers. Pilot utilizes Delivery Drivers, including assistant drivers and helpers, to pick up the merchandise at the merchants' stores or warehouses and to deliver and install them at the customers' homes or businesses. Delivery Drivers, including assistant drivers and helpers, are responsible for, among other things, maintaining quality control, delivering purchased products to customers at their place of work or residence, and ensuring that customer service is achieved in accordance with the standards set by Pilot and Best Buy.

Our investigation has revealed that Pilot unlawfully classifies its Delivery Drivers, including Mr. Matute and other assistant drivers and helpers, as independent contractors when, in fact, they are heavily regulated through a series of restrictions and directives through Pilot and Best Buy. Specifically, Pilot secures truck owners and contracts with such truck owners for purposes of delivering, installing, and picking up of merchandise and products to Pilot clients' customers, including Best Buy. These truck owners go to the warehouses of Pilot's clients and go through a hiring process with Pilot and Best Buy's employees who are officed at the same site. Truck owners are hired by Pilot and Best Buy. Truck owners then bring on drivers and driver assistants who are also evaluated by Pilot and Best Buy for hiring purposes. Delivery Drivers provide "last mile" delivery, installation, and haul away services. These services are integral and essential to Pilot's core business.[2]

Pilot's Pre-Qualification Packet with Delivery Drivers requires that Delivery Drivers subject themselves to a background check and drug and alcohol test, and that Pilot reserves the right to "require both pre-engagement and post-engagement alcohol and drug tests of all its Contract Carriers." The Agreements are contracts of adhesion that are drafted exclusively by Pilot and/or on its behalf by its agents. The terms of the Agreement are non-negotiable. Through this agreement, Pilot reserves and actually exercises the right to control the manner and means by which the Delivery Drivers perform their duties for Pilot and its clients, like Best Buy.

Pilot has a series of directives that Delivery Drivers, including Mr. Matute and other assistant drivers and helpers, must abide by despite the fact that Pilot unlawfully

---

[2] Delivery Drivers, including Mr. Matute, can also assert claims against Best Buy through Labor Code § 2810.3. Specifically, Delivery Drivers and Mr. Matute are able to assert their claims against Best Buy in its capacity as a Client Employer. See Labor Code § 2810.3(1)(A) ("Client employer' means a business entity, regardless of its form, that obtains or is provided workers to perform labor within its usual course of business from a labor contractor.") The fact of the matter is, Delivery Drivers, including Mr. Matute, would not have to show a joint employment relationship between Pilot and Best Buy to hold the latter accountable for Pilot's wage and hour violations. It is enough that Best Buy retained Pilot for delivery services, and that Pilot's supervisors proceeded to violate California's wage and hour laws as to Mr. Matute's and Delivery Drivers' work.

classifies them as independent contractors. Pilot reserves the right to determine the locations where the Delivery Drivers pick up and drop off the merchandise assigned to them; the time of day when they must report to work; and the order and timing of their deliveries. Pilot provides each Delivery Driver, including Mr. Matute, a daily manifest of work assignments that includes the delivery address, the "service window" time when the delivery must be made, and whether the Delivery Driver is required to call the customer 30 minutes ahead of arrival to give notice of when they will make the delivery. The Delivery Drivers must complete all of the work assigned to them and are not allowed to refuse assignments. Pilot and Best Buy reserve the right to control the Delivery Drivers' physical appearance, including requiring them to wear Pilot uniforms. Pilot also reserves the right to require the Delivery Drivers to know and follow Pilot's customer service standards in performing their work, and conduct surveys to determine whether customers are satisfied with the Delivery Drivers' work.

Pilot further reserves the right to require the Delivery Drivers, including assistant drivers and helpers, to follow certain work methods related to, for example, how to move, wrap, and install the furniture and how to interact with customers. Pilot determines the year, branding, and other specifications of the vehicles that the Delivery Drivers use to perform their work. Pilot prescribes how the Delivery Drivers document their work and require the Delivery Drivers to contact Pilot upon arrival at each stop and then again after the delivery is completed. Pilot also reserves the right to require the Delivery Drivers to call each customer 30 minutes before making the delivery to let the customers know they are on their way. Pilot employs a variety of managerial and supervisory employees who instruct the Delivery Drivers on their job performance and their delivery assignments. The Delivery Drivers interact with Pilot's and Best Buy's personnel on a daily basis. Pilot's and Best Buy's managerial and supervisory employees also hold regular in-person and/or telephonic meetings where the Delivery Drivers' attendance is mandatory.

The Delivery Drivers are paid each week by Pilot a flat amount for each delivery, or for each day or week of work, in amounts that are unilaterally determined by Pilot and Best Buy. Pilot makes deductions from the Delivery Drivers' pay for reasons including customer complaints, late deliveries, and damaged items and property. This "flat rate" constitutes an unlawful piece-rate compensation system because drivers had no control over how many hours they worked and could do nothing to change the amount of pay through their own efficiencies.

Pilot and Best Buy require the Delivery Drivers to purchase multiple forms of insurance coverage in amounts determined by Pilot through insurance plans specified and sometimes negotiated by Pilot, and to name Pilot and Best Buy as additional "insureds." Pilot further requires the Delivery Drivers to purchase or rent from Pilot and Best Buy, certain tools and equipment.

Pilot directs Delivery Drivers to engage helpers to deliver the assigned merchandise. Pilot prohibits the Delivery Drivers from working with helpers who have not been screened, qualified, and approved in advance by Pilot and Best Buy. Pilot expects

helpers to follow the same work methods and standards it requires the Delivery Drivers to follow and to comply with all other requirements communicated by Pilot and Best Buy, including attendance at meetings held by Pilot and Best Buy's managers.

Pilot permits Delivery Drivers to engage other Drivers and/or Helpers at their own expense who have been screened, qualified, and approved by Pilot and Best Buy. Delivery Drivers may engage such Drivers and/or Helpers so that they are able to take a day off from work, such as for example when they are unable to come to work due to illness or so that they may have a day of rest. Pilot expects Drivers and/or Helpers to follow the same work methods and standards it requires the Delivery Drivers to follow and to comply with all other requirements communicated by Pilot and Best Buy, including following instructions given by Pilot and Best Buy's managers and attending mandatory meetings.

The Delivery Drivers are economically dependent for their financial livelihood on Pilot, and Pilot is entirely dependent on the Delivery Drivers for the retail merchandise delivery service provided by Pilot to its clients, like Best Buy. The Delivery Drivers are terminable at will. They may be terminated upon fifteen- or thirty-days written notice without cause or immediately for alleged breaches of the broadly worded standards and obligations described in the agreements the Delivery Drivers sign.

Most of the Delivery Drivers have worked, or did work, for Pilot for several years. Despite Pilot's pervasive control over all aspects of its delivery service operation, including the details of the Delivery Drivers' work, Pilot has classified and treated the Delivery Drivers as "independent contractors." Pilot's classification and treatment of the Delivery Drivers as "independent contractors" rather than as "employees" is and during all relevant times has been unlawful.

As a result of Pilot's and Best Buy's misclassification of the Delivery Drivers, including their assistant drivers and helpers, as "independent contractors," Pilot and/or Best Buy has:

(1) required and/or knowingly permitted Delivery Drivers, including their assistant drivers and helpers, to work hours considerably in excess of eight hours per day, 12 hours per day, and/or 40 hours per week. Claimant is informed and believes, and on that basis alleges, that it has been Pilot's and Best Buy's policy and practice to require and/or knowingly and willfully permit Delivery Drivers, including their assistant drivers and helpers, to work such overtime hours without paying them overtime compensation required by the California Labor Code;

(2) failed to indemnify them – specifically as to the Delivery Drivers - for the employment expenses they necessarily incur in performing their assigned job duties for Pilot, such as the costs of providing and operating a Pilot-approved delivery vehicle, including fuel, maintenance, repair, cleaning, marking, and licensing; Pilot uniforms; wages paid to helpers and assistant drivers; insurance, including workers' compensation and employer's liability insurance, automobile liability insurance, general liability insurance, umbrella insurance, and cargo

insurance; certain tools and equipment Pilot requires the Delivery Drivers to purchase or rent from its clients; gift cards and other payments made to customers in response to customer complaints; losses associated with lost or damaged merchandise and other property damage; payroll administration services; and the equipment required to perform their duties, including moving pads, dollies, hand tools, and cellular telephones. Pilot has taken deductions from Delivery Drivers' compensation to cover many of these, and other, employment-related expenses;

(3) failed to provide a 30 minute off-duty meal period to the Delivery Drivers, including their assistant drivers and helpers, who worked more than five hours in a day. As a result of Pilot's misclassification of the Delivery Drivers, as "independent contractors," Pilot has failed to provide a second 30 minute off-duty meal period to the Delivery Drivers, including their assistant drivers and helpers, who worked more than 10 hours in a day;

(4) failed to authorize and permit a rest period of ten minutes per every four hours, or major fraction thereof, worked. As a result of Pilot's misclassification of the Delivery Drivers, including their assistant drivers and helpers, as "independent contractors," PLM has failed to pay Federal and California minimum wage compensation to the Delivery Drivers, for all hours worked;

(5) failed to pay to the Delivery Drivers, including their assistant drivers and helpers, all wages due and owing twice per month at the times prescribed by Cal. Labor Code § 204;

(6) failed to itemize the total hours worked on wage statements furnished to the Delivery Drivers, including their assistant drivers and helpers, as required by Cal. Labor Code §§ 226, 226.3, and Wage Order 9;

(7) not properly maintained payroll records showing the actual hours the Delivery Drivers, including their assistant drivers and helpers, worked each day as required by Cal. Labor Code § 1174 and IWC wage order No. 9, § 7(A);

(8) willfully and knowingly failed to pay Delivery Drivers, upon termination of employment, all accrued compensation, including reimbursement of all unlawful deductions from wages, payment of missed meal and rest period compensation, and payment of minimum wage and overtime compensation;

(9) failed to maintain workers' compensation insurance covering the Delivery Drivers and their assistant drivers and helpers, and instead has required the Delivery Drivers to purchase their own workers' compensation insurance coverage and failed to contribute to the Unemployment Trust Fund on their behalf; and

(10) failed to provide Delivery Drivers, including their assistant drivers and helpers, with paid sick time off in accordance with Cal. Labor Code § 246.

Claimant seeks to recover the unpaid compensation for all hours worked as defined by the Labor Code and the applicable Industrial Welfare Commission wage order as to the time during which an employee is subject to the control of an employer, and includes all the time the employee is engaged, suffered or permitted to work, whether or not required to do so, or as otherwise set forth in *Dynamex Operations West, Inc. v. Superior Court of Los Angeles*, 4 Cal.5th 903 (2018). California law requires that all hours worked over 8 in a day or 40 in a week or worked on the 7th consecutive day of a work week be paid 1.5 times an employee's regular rate of pay. *See, e.g.*, Lab. Code §§ 510, 1194; Cal. Code Regs., tit. 8, § 11090, *et seq*. In addition, hours worked over 12 in a day or hours over 8 worked on the 7th consecutive day in a week are paid at 2 times an employee's regular rate of pay.

Likewise, the pre-arranged delivery schedule, for which Delivery Drivers, including their assistant drivers and helpers, have no discretion to change or alter, does not account for meal or break time. California law also requires that an employer provide an employee who works more than five hours a meal break that is no less than 30 minutes in duration. 8 CCR 11090(11)(A). Unless an employee is relieved of all duty during the 30-minute meal period, the meal period is considered an on-duty meal period and counted as time worked. However, an on-duty meal period is permitted only when the nature of the work prevents an employee from being relieved of all duty and the parties agree in writing to an on-the-job paid meal period. *Id*. If an employer fails to provide an employee a lawful meal period, the employer must pay the employee one hour of pay for each violation. 8 CCR 11090(11)(D). Additionally, California law mandates that an employer must "authorize and permit" an employee to take a duty-free rest period not less than 10 minutes in duration for every four hours of work. 8 CCR 11090(12)(A). Violation of the rest break provisions requires the employer pay the employee one hour of pay for each workday a rest period was not provided. 8 CCR 11090(12)(B). Lastly, in California, the employer is required to keep records of all hours worked. Labor Code § 1174(d).

Additionally, Labor Code §226.8 states: (a) It is unlawful for any person or employer to engage in any of the following activities;

(1) Willful misclassification of an individual as an independent contractor,

(2) Charging an individual who has been willfully misclassified as an independent contractor a fee, or making any deductions from compensation, for any purpose … arising from the individual's employment where any of the acts described in this paragraph would have violated the law if the individual had not been misclassified."

Claimants will likewise establish that Pilot and/or Best Buy willfully misclassified them and all other similarly situated Delivery Drivers, including assistant drivers and helpers, as independent contractors based on the numerous practices and policies in place during the Relevant Time Period. Furthermore, Pilot did charge these people and make deductions from compensation for damages and charges they chose to impose on these

individuals.  The penalty for this wrongdoing by any *de facto* employer appears in Labor Code §226.8 (b), to wit,

> "If … a court issues a determination that a person or employer has engaged in any of the enumerated violations of subdivision (a), the person or the employer shall be subject to a civil penalty of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for each violation, in addition to any other penalties or fines permitted by law."

Because Claimant and other similarly situated Delivery Drivers, were misclassified as "independent contractors," and therefore not fully compensated for all hours worked, were deprived of overtime compensation, Pilot also failed to provide accurate wage statements in a violation of Labor Code Section 226, and failed to fully compensate former employees in a timely manner when their employment ended, in violation of Labor Code Section 201 *et seq*.

Accordingly, we believe that Pilot and/or Best Buy have violated, and continue to violate, numerous provisions of California law, including, without limitation Labor Code Sections §§ 201, 202, 203, 204, 210, 216, 221, 225.5, 226, 226.3, 226.7, 226.8, 246, 510, 511, 512, 551, 552, 558, 1194-1197.1, 1198, 2802, and 2698, *et seq*., as well as the relevant IWC orders and regulations, and that Claimant and other similarly situated Delivery Drivers, including their assistant drivers and helpers, are entitled to all statutory penalties allowed by law. Our investigation is continuing, and there may be more violations uncovered.

We respectfully request that the Labor Workforce Development Agency notify this office within sixty (60) days if it wishes to investigate this matter further. Should you have any questions or concerns or require additional information, please do not hesitate to contact the undersigned.  If Pilot and/or Best Buy wishes to resolve these claims without resorting to protracted litigation, please contact the undersigned forthwith to discuss this matter further.

////

////

////

Thank you for your immediate attention to this matter.

Very truly yours,

Michael H. Boyamian

Cc:   Pilot Air Freight LLC (*Sent via Certified U.S. Mail*)
       Attention: Corporation Service Company (*Sent* (*Agent of Service of Process*)
       2710 Gateway Oaks Drive, Suite 150N
       Sacramento, CA 95833

Cc:   Best Buy Co., Inc. (*Sent via Certified U.S. Mail)*
       Attention: CT Corporation System (*Agent of Service of Process*)
       330 N. Brand Boulevard
       Glendale, CA 91203

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is 550 North Brand Boulevard, 15th Floor, Glendale, California 91203. On January 27, 2022, I served, in the manner indicated below, the foregoing document described as:

4

5

## FIRST AMENDED COMPLAINT

6

on the interested parties in this action as follows:

7

| | |
|---|---|
| Barbara J. Miller<br>Barbara.miller@morganlewis.com<br>Christopher J. Taylor<br>Christopher.taylor@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>600 Anton Blvd., Suite 1800<br>Costa Mesa, CA 92626<br>Telephone: 1.714.830.0600<br>Fax: 1.714.830.0700<br><br><br>Attorneys for Defendant BEST BUY CO., INC. | Christopher C. McNatt, Jr.<br>cmcnatt@scopelitis.com<br>**SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP**<br>2 North Lake Avenue, Suite 560<br>Pasadena, California 91101<br>Telephone: 626-795-4700<br>Fax: 626-795-4790<br><br>James A. Eckhart<br>jeckhart@scopelitis.com<br>**SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.**<br>10 West Market Street, Suite 1400<br>Indianapolis, IN 46204<br>Telephone: 317-637-1777<br>Fax: 317-687-2414<br><br>Attorneys for Defendant PILOT FREIGHT SERVICES, LLC |

8

9

10

11

12

13

14

15

16

17

18

_____BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail at Glendale, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. §1013(c)(d)).

19

20

21

_____ BY FACSIMILE: caused such document to be transmitted via facsimile to the offices of the addressee(s). (C.C.P. § 1013(a)(e)(f)).

22

23

_____ BY OVERNIGHT DELIVERY: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressee(s). (C.C.P. §1013(c)(d)).

24

_____ BY PERSONAL SERVICE: I provided the documents to a professional messenger service for same day hand-delivery to the offices of the addressee(s). (C.C.P. § 1011(a)(b)).

25

26

__X__ BY ELECTRONIC SERVICE: by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth above.

27

__X__ STATE: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

28

-1-

PROOF OF SERVICE

_____ FEDERAL: I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on January 27, 2022 at Glendale, California.

_____
Demiah Cseri

PROOF OF SERVICE

# EXHIBIT W

*Joint Complex Management Statement*

1

2   **BOYAMIAN LAW, INC.**
    Michael H. Boyamian, SBN 256107
3       michael@boyamianlaw.com
    Heather M. Zermeno, SBN 334460
4       heather@boyamianlaw.com
    550 North Brand Boulevard, Suite 1500
5   Glendale, California 91203
    Telephone:    (818) 547-5300
6   Facsimile:    (818) 547-5678

7   Attorneys for Plaintiff CHRISTIAN MATUTE,
    and all others similarly situated
8

9   **MORGAN, LEWIS & BOCKIUS LLP**
    BARBARA J. MILLER (SBN 167223)
10  barbara.miller@morganlewis.com
    CHRISTOPHER J. TAYLOR (SBN 292369)
11  christopher.taylor@morganlewis.com
    600 Anton Blvd., Suite 1800
12  Costa Mesa, CA 92626
    Tel: +1.714.830.0600
13  Fax: +1.714.830.0700

14
    Attorneys for Defendant
15  BEST BUY CO., INC.
    (*Additional Counsel Listed On Following Page*)
16

17          SUPERIOR COURT OF THE STATE OF CALIFORNIA

              FOR THE COUNTY OF ALAMEDA
18

19  | CHRISTIAN MATUTE, an individual; Individually and on Behalf of All Similarly Situated Individuals, | **Case No. RG21113609** |
20  | | **CLASS ACTION** |
    | Plaintiff, | |
21  | | **JOINT COMPLEX CASE MANAGEMENT STATEMENT** |
    | v. | |
22  | | DATE: FEBRUARY 1, 2022 |
23  | PILOT AIR FREIGHT LLC dba PILOT FREIGHT SERVICES, a Pennsylvania Limited Liability Company; BEST BUY CO., INC., a Minnesota Corporation; and DOES 1 through 25, Inclusive, | DEPT.: 21 |
    | | TIME: 10:00 A.M. |
24  | | |
25  | Defendants. | |
26

27

28

1

2

3    Christopher C. McNatt, Jr. (SBN 174559)
     cmcnatt@scopelitis.com
4    SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
     2 North Lake Avenue, Suite 560
     Pasadena, California 91101
5    Telephone: (626) 795-4700
     Facsimile: (626) 795-4790
6
     James A. Eckhart (SBN 321101)
7    jeckhart@scopelitis.com
     SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
8    10 West Market Street, Suite 1400
     Indianapolis, Indiana 46204
9    Telephone: (317) 637-1777
     Facsimile: (317) 687-2414
10
     Attorneys for Defendant,
11   PILOT AIR FREIGHT LLC dba PILOT FREIGHT SERVICES

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BOYAMIAN LAW,
INC.
550 N. BRAND BLVD.,
STE 1500
GLENDALE, CA 91203

-1-

JOINT COMPLEX CASE MANAGEMENT
STATEMENT

Plaintiff CHRISTIAN MATUTE ("Plaintiff"), individually and on behalf of all similarly situated individuals, along with Defendants PILOT AIR FREIGHT LLC dba PILOT FREIGHT SERVICES ("Pilot") and BEST BUY CO., Inc. ("Best Buy") hereby submit their Joint Complex Case Management Statement in advance of the parties' February 1, 2022 Initial Case Management Conference:

**A. A brief factual summary to assist the Court in understanding the background of the case, a statement of the issues presented, including each theory of liability and defense and a summary of the facts supporting each position taken, and the relief sought, including an estimate of damages.**

**Plaintiff's Position:**

Plaintiff and the putative class of Delivery Drivers he seeks to represent are last-mile delivery drivers who transport freight to Defendants' customers. Plaintiff alleges that Defendants violated California law by misclassifying him and putative class members as independent contractors and accordingly were not paid for all hours worked including overtime, meal and rest break violations, unlawfully shouldered the costs of necessary business expenditures, and were denied related benefits and protections under California law.

Plaintiff contends that Defendant Pilot (1) contracts directly with drivers who enter into independent contractor agreements with Defendant Pilot to provide the trucks and equipment to facilitate transport; and (2) utilizes drivers and helpers who do not contract with Defendant Pilot directly, but who tendered freight by Defendant Pilot through the independent contractor agreements to deliver to Defendant's customers. Plaintiff alleges that Defendants were his employer under California law, that Defendants did acts consistent with the existence of an employer-employee relationship with Plaintiff despite their unlawful classification of Plaintiff and other similarly situated Delivery Drivers as independent contractors. Separately, Plaintiff asserts claims against Defendant Best Buy in its capacity as Client Employer through Labor Code § 2810.3.

The main contention in Plaintiff's lawsuit is that Delivery Drivers are misclassified as independent contractors when they are really employees. This contention, however, is one grounded in fact and considerably more likely than not to be proven as a matter of law. Among other facts,

1    Plaintiff contends that Defendants have the ability to terminate Delivery Drivers at any time with or

2    without cause; have the ability to require Delivery Drivers to undergo a criminal background check,

3    the outcome of which could result in the putative class member being disqualified from performing

4    services for Defendants.   Defendants also set the rates for deliveries, and they preapprove and secure

5    the customers for whom the Delivery Drivers are delivering. Plaintiff has also alleged that Defendants

6    control numerous aspects of the Delivery Drivers' job performance with respect to appearance,

7    uniform, and grooming standards; the appearance of the truck in which they deliver products;

8    protocols for reporting accidents or incidents in the course of delivering product; procedures for how

9    to greet customers, deliver and assemble product, and communicate delivery completion back to

10   Defendants. Plaintiff alleges, therefore, that he and the other Delivery Drivers are Defendants'

11   employees under the ABC Test set forth in *Dynamex Operations West, Inc. v. Superior Court* (2018)

12   4 Cal.5th 903 which was eventually codified by Assembly Bill No. 2257, and now Labor Code §

13   2775.

14        Plaintiff asserts that this matter may be properly maintained as a class action pursuant to

15   California Code of Civil Procedure § 382 as Plaintiff meets all of the requirements of numerosity,

16   adequacy, typicality, and commonality mandated by California law.  Plaintiff is unaware of the class

17   size at this present time in order to provide the Court with a reasonable estimate of the damages at

18   issue.

19        **Defendant Pilot's Position:**

20        Defendant denies it employed Plaintiff, denies it violated any of the statutes identified in the

21   Complaint, and denies that Plaintiff is owed any of the relief he seeks. Pilot did not have a contractual

22   or employment relationship with Plaintiff. Pilot contracted with Gar*lo Trucking, which in turn hired

23   Plaintiff and determined Plaintiff's compensation. Class certification is also inappropriate.

24        Pilot has several defenses to Plaintiff's claims. To the extent Plaintiff asserts the ABC test

25   applies, that test is preempted by the Federal Aviation Administration Authorization Act (FAAAA).

26   Additionally, even if not preempted, the ABC test does not apply to non-wage order claims pre-dating

27   January 1, 2020. Additionally, Plaintiff or members of the putative class may fall under the business-

28   to-business exception.

Even if he were reclassified as an employee, Plaintiff may be exempt from California's overtime requirements. Cal. Code Regs. tit. 8, § 11090(3)(L)(1); Cal. Code Regs. tit. 8, § 11090(3)(L)(2). Likewise, Plaintiff's claims for meal and rest breaks are preempted to the extent he was subject to the Federal Motor Carrier Safety Administration's hours of service regulations, California's meal break rules are preempted. *See* 83 Fed. Reg. 67470; *Int'l Bhd. of Teamsters, Local 2785 v. Fed. Motor Carrier Safety Admin.*, 986 F.3d 841 (9th Cir. 2021). Additionally, Plaintiff's claims for expenses under Cal. Lab. Code § 2802 and for unlawful deductions fail to the extent he was reimbursed for those expenses, the deductions were for his benefit or if he authorized those deductions. Moreover, Plaintiff's minimum wage claim and wage statement claim against Pilot fails as Gar*lo Trucking was responsible to and did pay Plaintiff's compensation and issue wage statements to him.

A portion of the putative class have released their California wage and hour claims through the settlement of a prior class action lawsuit and are barred from pursuing recovery for these released claims. **Defendant Best Buy's Position:**

Best Denies Plaintiff's claims and denies that it is in any way liable to Plaintiff or to any other individuals he seeks to represent.  Best Buy did not employ Plaintiff or any putative class members under the ABC test, common law, or any other applicable employment relationship test.  Plaintiff and other putative class members worked for other persons or entities as employees or as independent contractors.  The persons or entities for whom Plaintiff and other putative class members worked, which Plaintiff has failed to name as defendants in this action, were responsible for compensating Plaintiff and other putative class members and are necessary and indispensable parties to this action pursuant  California  Code of Civil Procedure § 389.  In addition to the defenses Pilot articulates above, which would apply equally to Best Buy, Best Buy further alleges that Plaintiff fails to satisfy the requirements of Labor Code § 2810.3, including but not limited to the requirement that at least 30 days prior to filing a civil action a worker or the worker's representative shall notify the client employer of any alleged failure to pay wages.  Best Buy also denies that it is a client employer as that term is defined by Labor Code § 2810.3.  Best Buy denies that class certification is appropriate in this case.

1

2      **B. The number of parties and their posture, including a proposed structure of**

3  **representation, (e.g., liaison/lead counsel or by committee) if applicable;**

4          • **Attorneys for Plaintiff CHRISTIAN MATUTE, and all others similarly situated**

5          **BOYAMIAN LAW, INC.**
            Michael H. Boyamian, SBN 256107
6              michael@boyamianlaw.com
            Heather M. Zermeno, SBN 334460
7              heather@boyamianlaw.com
            550 North Brand Boulevard, Suite 15
8          Glendale, California 91203
            Telephone:   (818) 547-5300
9          Facsimile:    (818) 547-5678

10         • **Attorneys for Defendant BEST BUY CO., INC.**

11         **MORGAN, LEWIS & BOCKIUS LLP**
12         BARBARA J. MILLER (SBN 167223)
            barbara.miller@morganlewis.com
13         CHRISTOPHER J. TAYLOR (SBN 292369)
            christopher.taylor@morganlewis.com600 Anton Blvd., Suite 1800
14         Costa Mesa, CA 92626
            Tel: +1.714.830.0600
15         Fax: +1.714.830.0700

16
            TAYLOR D. HORN (SBN 329435)
17         Taylor.horn@morganlewis.com
            One Market Spear St. Tower
18         San Francisco, CA 94105
            Tel: +1.415.442.1000
19         Fax: +1.415-442-1001

20
           • **Attorneys for Defendant,** PILOT AIR FREIGHT LLD dba **PILOT FREIGHT**
21         **SERVICES**
22
            Christopher C. McNatt, Jr. (SBN 174559)
23         cmcnatt@scopelitis.com
            SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
24         2 North Lake Avenue, Suite 560
            Pasadena, California 91101
25         Telephone: (626) 795-4700
            Facsimile: (626) 795-4790
26
            Andrew J. Butcher (pro hac vice pending)
27         abutcher@scopelitis.com
            SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
28         30 West Monroe Street, Suite 1600

-4-

1    Chicago, Illinois 60603
     Telephone: 312-255-7200
2    Facsimile:  312-422-1224

3    James A. Eckhart (SBN 321101)
     jeckhart@scopelitis.com
4    SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
     10 West Market Street, Suite 1400
5    Indianapolis, Indiana 46204
     Telephone: (317) 637-1777
6    Facsimile: (317) 687-2414

7    **C. Deadlines and limits on joinder of parties and amended or additional pleadings;**

8    **Plaintiff's Position:**

9    The Court signed the Order on January 17, 2022 allowing Plaintiff to file the First Amended

10   Complaint which incorporates a cause of action  for civil penalties under the Private Attorneys

11   General Act of 2004.  Plaintiff has served an initial first set of discovery on both Defendants.  Plaintiff

12   reserves the right to add additional Class Representatives to this action at a later time once he is in

13   receipt of the class list.

14   **Pilot's Position**:

15   Pilot stipulated to the filing of Plaintiff's amended complaint and reserved its right to file

16   amended or additional pleadings.

17   **Best Buy's Position**:

18   Best Buy will review Plaintiff's proposed amended complaint.  As stated above, Plaintiff's

19   complaint is defective because Plaintiff has failed to join necessary and indispensable parties to this

20   action, including the persons or entities that employed Plaintiff and other putative class members.

21   **D. Class discovery and class certification, if applicable;**

22   **Plaintiff's Position:**

23   Plaintiff has served an initial first set of discovery on both Defendants.  Plaintiff believes that

24   initial discovery should focus on matters relevant to class certification, which may include factual

25   issues also touching on the merits depending on the circumstances of the topic on which discovery is

26   being taken.

27

28

Plaintiff intends to take a person most knowledgeable deposition of Defendants' representative(s). Plaintiff may take additional depositions of Defendants' supervisors as necessary.

Plaintiff will also seek copies of contracts entered between Defendants and Delivery Drivers, manifests, instructional manuals or handbooks, and the functional equivalent of payroll and timekeeping information for the putative class. Plaintiff alleges that Defendants violated California law by misclassifying Deliver Drivers as independent contractors and accordingly, failing to pay them and all other putative class members for all hours worked, failing to reimburse or indemnify for necessary expenditures incurred in performing deliveries, failing to provide legally compliant meal breaks, failing to provide legally compliant rest breaks, issuing defective wage statements, and failing to provide all wages due upon separation from employment.

For Plaintiff's class claims to be certified, Plaintiff will need to establish that they and the other class members were subject to the same policies, practices, and procedures while working for Pilot and/or Best Buy such that their claims and injuries are typical of the class. Plaintiff will need to establish that his class claims can be tried using a common pool of evidence. Plaintiff will need to evaluate his ability to make that showing by examining the policies applicable to the putative class, and the records available for use as evidence.

**Pilot's Position:**

Pilot agrees that initial discovery should be limited to class certification issues and to the merits of Plaintiff's individual claims. Pilot intends to depose Plaintiff and serve written discovery. Pilot intends to depose any witnesses Plaintiff uses in support of his class certification motion, including putative class members. While Pilot agrees that form copies of contracts, policy documents, and handbooks may be relevant to class certification, classwide production of contracts and the "the functional equivalent of payroll and timekeeping information for the putative class" is premature and unduly burdensome. To the extent Plaintiff seeks production of a class list, Pilot requests the Court order the parties to meet and confer and formulate a notice under *Belaire-West Landscape, Inc. v. Superior Court*, 149 Cal. App. 4th 554, 57 Cal. Rptr. 3d 197 (2007).

**Best Buy's Position**:

1    Best Buy agrees that initial discovery should be limited to class certification issues and to the

2    merits of Plaintiff's individual claims.   Best Buy contends, however, that Plaintiff's pending

3    discovery requests go beyond class certification issues and the merits of Plaintiff's individual claims

4    and thus are premature and overbroad in scope.   Further, Best Buy does not possess much of the

5    information that Plaintiff seeks through discovery, including but not limited to the contact information

6    of putative class members.   Best Buy intends to serve initial written discovery shortly and to take

7    Plaintiff's deposition.

8    **E. A proposed schedule for the conduct of the litigation including, but not limited to, a**

9    **discovery plan, a plan for hearing remaining law and motion, and a projected trial date;**

10    **Plaintiff's Position:**

11    Plaintiff intends to conduct discovery in accordance with the Code of Civil Procedure.

12    Plaintiff has propounded formal discovery, will cooperate to notice the depositions of Defendants'

13    person most qualified to testify, which will be followed by a motion to certify the class, and if

14    certification is granted, a motion for summary judgment on the employment status of the

15    misclassification of Plaintiff and the Delivery Drivers.   Plaintiff estimates that a realistic trial date

16    should be set for some time in the second half of 2023.

17    **Pilot's Position**:

18    Pilot agrees with Plaintiff's proposed trial date. Pilot requests that the court set a deadline for

19    Plaintiff's class certification motion. Discovery should proceed in two stages. For the first stage, the

20    parties will engage in discovery related to the merits of Plaintiff's individual claims and the propriety

21    of class certification. If a class is certified, then the parties will proceed to discovery on the merits of

22    the claims of the class members who do not opt out. Pilot proposes the Court set a case management

23    conference after it rules on Plaintiff's motion for class certification in order to set further pre-trial

24    deadlines.

25    Pilot also proposes that a party from whom electronically-stored information (ESI) has been

26    requested shall not be required to search for responsive ESI from more than 5 custodians total. If the

27    producing party elects to use search terms to locate potentially responsive ESI, it will disclose the

28    search terms to the requesting party. Absent a showing of good cause or agreement of the parties, a

1    requesting party may request no more than 5 additional keyword search strings to be used in

2    connection with the electronic searches.

3        **Best Buy's Position**:

4        Best Buy agrees that a trial date in the middle of 2023 is appropriate and reasonable.  Best

5    Buy agrees that discovery should be staged, as Pilot suggests above.  Best Buy agrees that the court

6    should set a deadline for Plaintiff to file a motion for class certification.

7        **F. An identification of all potential evidentiary issues involving confidentiality or**

8    **protected evidence**

9        The Parties are not aware of any evidentiary issues involving confidentiality or protected

10   evidence at this present time. Should the Parties believe that the protection of confidential information

11   becomes an issue as this litigation proceeds, the Parties shall look to the model protective order

12   template provided on the Court's website.  The Parties will meet and confer once it is clear that a

13   protective order is necessary.

14       **G. A detailed description of the procedural posture of the case, describing any**

15   **outstanding procedural problems, including, but not limited to:**

16           **(1) unserved parties and the reasons for the failure to serve;**

17       Not applicable

18           **(2) unserved and/or unfiled cross-complaints;**

19       Plaintiff is not aware of any unserved and/or unfiled cross-complaints. Nor is Pilot at

20       this time.  Best buy is aware of none.

21           **(3) related actions pending in any jurisdiction and the potential for coordination**

22   **or consolidation;**

23       Plaintiff is not aware of any related cases pending in any other jurisdictions at this

24   present time. Nor is Pilot at this time.  Nor is Best Buy at this time.

25           **(4) any possible jurisdictional or venue issues that may arise;**

26       Plaintiff is not aware of any jurisdictional or venue issues that may arise. Nor is Pilot

27       at this time.

28           **(5) the status of discovery, including a description of all anticipated discovery and**

-8-

incomplete or disputed discovery issues;

Plaintiff has served an initial first set of discovery on both Defendants. Plaintiff intends to take a person most knowledgeable deposition of Defendants' representative(s). Plaintiff may take additional depositions of Defendants' supervisors as necessary. Pilot and Best Buy intend to take Plaintiff's deposition, to issue written discovery, and to take the deposition of witnesses used to support Plaintiff's class certification motion. As of today's date and given the early stages of the case, there are no discovery issues to report.

**(6) unresolved law and motion matters;**

As of today's date and given the early stages of the case, there are no unresolved law and motion matters to report. As explained above, Best Buy's position is that Plaintiff has failed to join necessary and indispensable parties to this action.

**(7) requests for, or opposition to, any ADR proceedings, including but not limited to mediation, judicial or contractual arbitration;**

Plaintiff is amenable to private mediation. Plaintiff is not aware of any relevant arbitration and/or class action waiver clauses. Pilot believes it is too early to assess the value of private mediation on a classwide basis. Best Buy may be amenable to private mediation but agrees that it may be premature at this time.

**(8) severance of issues for trial;**

Plaintiff proposes a bifurcation of issues for trial between liability and damages. Pilot is not in a position to evaluate the propriety of bifurcation of issues at trial until further in the litigation, depending on its status in this court.

**(9) calendar conflicts for any attorney, witness, or party, and any other matter which may affect the setting of a trial date.**

Counsel for Plaintiff is unavailable on the following dates: March 21-30, 2022 (Trial); April 18-29, 2022 (Trial); June 17-24, 2022 (Family Vacation); July 11-15 (Bench Trial); November 30-December 2, 2022 (Bench Trial); December 29, 2022-January 2, 2023 (Family Vacation); April 4-14, 2023 (Bench Trial).

1    Counsel for Pilot is unavailable on the following dates: October 24, 2022 to November

2 4, 2022 (Trial); December 19-23, 2022 (Trial); January 30, 2021 to February 3, 2023 (Arbitration).

3    Counsel for Best Buy is unavailable on the following dates: June 1-3, 2022

4 (arbitration), June 21, 2022 (hearing), June 27-30 (arbitration), July 1-16 and 18-29, 2022(vacation),

5 October 18-21, 24-28, 2021 (vacation), November 17, 2022 (hearing), December 27-31, 2022

6 (vacation), April 10-20, 2021 (trial).

7 DATED: January 27, 2022                    **BOYAMIAN LAW, INC.**

8                                  By:  _____

9                                       Michael H. Boyamian

10                                      Attorneys for Plaintiff CHRISTIAN
                                        MATUTE and All Others Similarly Situated

11

12 DATED: January 27, 2022                    **SCOPELITIS, GARVIN, LIGHT,
                                            HANSON & FEARY, P.C.**

13

14                                 By:   _/s/ James A. Eckhart_____
                                        James A. Eckhart

15                                      Andrew J. Butcher (pro hac vice pending)
                                        Attorneys for Defendant PILOT FREIGHT

16                                      SERVICES

17 DATED: January 27, 2022                    **MORGAN, LEWIS & BOCKIUS LLP**

18                                 By:   _/s/ Christopher J. Taylor_____

19                                      Barbara J. Miller
                                        Christopher J. Taylor

20                                      Attorneys for Defendant BEST BUY CO.,
                                        INC.

21

22 4879-8937-1650, v. 5

23

24

25

26

27

28

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 550 North Brand Boulevard, 15th Floor, Glendale, California 91203.  On January 27, 2022, I served, in the manner indicated below, the foregoing document described as:

4

5

## JOINT COMPLEX CASE MANAGEMNET STATEMENT

6

on the interested parties in this action as follows:

7

| | |
|---|---|
| Barbara J. Miller<br>Barbara.miller@morganlewis.com<br>Christopher J. Taylor<br>Christopher.taylor@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>600 Anton Blvd., Suite 1800<br>Costa Mesa, CA 92626<br>Telephone: 1.714.830.0600<br>Fax: 1.714.830.0700<br><br><br>Attorneys for Defendant BEST BUY CO., INC. | Christopher C. McNatt, Jr.<br>cmcnatt@scopelitis.com<br>**SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP**<br>2 North Lake Avenue, Suite 560<br>Pasadena, California 91101<br>Telephone: 626-795-4700<br>Fax: 626-795-4790<br><br>James A. Eckhart<br>jeckhart@scopelitis.com<br>**SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.**<br>10 West Market Street, Suite 1400<br>Indianapolis, IN 46204<br>Telephone: 317-637-1777<br>Fax: 317-687-2414<br><br>Attorneys for Defendant PILOT FREIGHT SERVICES, LLC |

8

9

10

11

12

13

14

15

16

17

18

    _____BY REGULAR MAIL:  I caused such envelopes to be deposited in the United States mail at Glendale, California, with postage thereon fully prepaid.  I am readily familiar with the firms's practice of collection and processing correspondence for mailing.  It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. §1013(c)(d)).

19

20

21

    _____ BY FACSIMILE:  caused such document to be transmitted via facsimile to the offices of the addressee(s).  (C.C.P. § 1013(a)(e)(f)).

22

23

    _____ BY OVERNIGHT DELIVERY: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressee(s). (C.C.P. §1013(c)(d)).

24

    _____ BY PERSONAL SERVICE: I provided the documents to a professional messenger service for same day hand-delivery to the offices of the addressee(s).  (C.C.P. § 1011(a)(b)).

25

26

  __X__ BY ELECTRONIC SERVICE: by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth above.

27

  __X__ STATE: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

28

PROOF OF SERVICE

1  _____  FEDERAL: I declare that I am employed in the office of a member of the bar of this court
2  whose direction the service was made.

3        Executed on January 27, 2022 at Glendale, California.

4

5  _____
6                    Demiah Cseri

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-
PROOF OF SERVICE

# EXHIBIT X

*Defendant Best Buy's Answer to*
*First Amended Complaint*

1  MORGAN, LEWIS & BOCKIUS LLP
   BARBARA J. MILLER (SBN 167223)
2  barbara.miller@morganlewis.com
   CHRISTOPHER J. TAYLOR (SBN 292369)
3  christopher.taylor@morganlewis.com
   600 Anton Blvd., Suite 1800
4  Costa Mesa, CA 92626
   Tel:    +1.714.830.0600
5  Fax:    +1.714.830.0700

6  Attorneys for Defendant
   BEST BUY CO., INC.

7

8

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**01/28/2022 at 09:19:08 AM**
By: Cheryl Clark, Deputy Clerk

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                      **FOR THE COUNTY OF ALAMEDA**

11

12  CHRISTIAN MATUTE, an individual on        Case No. RG21113609
    behalf of all others similarly situated,
13                                            Assigned for All Purposes to:
                       Plaintiff,            Hon. Evelio Grillo
14                                            Dept. 21
          vs.
15                                            **DEFENDANT BEST BUY CO., INC.'S**
    PILOT AIR FREIGHT LLC dba PILOT          **ANSWER TO FIRST AMENDED**
16  FREIGHT SERVICES; BEST BUY CO.,          **COMPLAINT**
    INC.; and DOES 1 through 25 inclusive,
17                                            Complaint Filed:   September 23, 2021
                       Defendants.           FAC Filed:         January 27, 2021
18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 42476948.1

**DEFENDANT BEST BUY CO., INC.'S**
**ANSWER TO FAC**
CASE NO. RG21113609

1    Defendant Best Buy Co., Inc. ("Best Buy" or "Defendant") hereby answers First

2    Amended Complaint ("Complaint") of Plaintiff Christian Matute ("Plaintiff") as follows:

3    **GENERAL DENIAL**

4    Per California Code of Civil Procedure Section 431.30(d), Defendant generally denies

5    each and every material allegation set forth in the Complaint. Defendant specifically denies that

6    it is in any way liable to Plaintiff or any other individuals sought to be represented, or that

7    Plaintiff has been damaged in any sum or sums.

8    **DEFENSES**

9    Defendant has not completed its investigation of the facts of this case, has not completed

10   discovery in this matter, and has not completed its preparations for trial. The defenses stated

11   below are based on Defendant's knowledge, information, and belief at this time. Defendant

12   specifically reserves the right to modify, amend, or supplement any defense at any time.

13   Defendant asserts the following defenses, without admitting any obligations regarding

14   who bears the burden of proof or persuasion as to any one of them:

15   **FIRST AFFIRMATIVE DEFENSE**

16   **(Failure to State a Cause of Action)**

17   1.    The Complaint and each claim alleged therein fail to state facts sufficient to

18   constitute a cause of action.

19   **SECOND AFFIRMATIVE DEFENSE**

20   **(Statutes of Limitations)**

21   2.    The Complaint and each claim alleged are barred in whole or in part by all

22   applicable statutes of limitation, including but not limited to California Code of Civil Procedure

23   Sections 338, 340, and 343; California Business and Professions Code Section 17208; and

24   California Labor Code Section 203.

25   **THIRD AFFIRMATIVE DEFENSE**

26   **(Misjoinder/Not the Employer)**

27   3.    Defendant has been improperly joined as a defendant in this action because

28   Defendant did not employ Plaintiff, other putative class members, and/or alleged aggrieved

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 42476948.1

1

**DEFENDANT BEST BUY CO., INC.'S
ANSWER TO FAC**
CASE NO. RG21113609

individuals.  Plaintiff and other putative class members and/or alleged aggrieved individuals worked for other persons or entities either as employees or as independent contractors.  Further, Plaintiff has failed to join necessary and indispensable parties to this action, including but not limited to persons and/or entities that directly employed putative class members and or other alleged aggrieved individuals.

## FOURTH AFFIRMATIVE DEFENSE

### (Overpayment)

4.      To the extent Plaintiff, putative class members, and/or alleged aggrieved individuals were paid compensation beyond that to which they were entitled, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid wages or other monetary relief.

## FIFTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

5.      The claims of Plaintiff, putative class members, and/or alleged aggrieved individuals or some of them, are barred in whole or in part by the principles of accord and satisfaction.

## SIXTH AFFIRMATIVE DEFENSE

### (Res Judicata/Collateral Estoppel)

6.      The claims of Plaintiff, putative class members, and/or alleged aggrieved individuals, or some of them, are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith Reliance)

7.      The claims of Plaintiff, putative class members, and/or alleged aggrieved individuals, or some of them, are barred to the extent Defendant acted in good faith reliance on an administrative regulation, order, ruling and/or interpretation of the Industrial Welfare Commission, the Division of Labor Standards Enforcement, and/or other governmental agency.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 42476948.1

2

DEFENDANT BEST BUY CO., INC.'S
ANSWER TO FAC
CASE NO. RG21113609

**EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to Comply with Statutory Notice Prerequisites)**

8.      Plaintiff's claims against Defendant are also barred in whole or in part because Plaintiff, putative class members, and/or alleged aggrieved individuals have failed to comply with statutory notice prerequisites for filing a civil action pursuant to Civl Procedure Code Section 2810.3.

**NINTH AFFIRMATIVE DEFENSE**

**(No Waiting Time Penalties)**

9.      The Complaint fails to state a claim for waiting time penalties under Labor Code Section 203 to the extent that no such penalties can continue after the commencement of an action for the penalties.

**TENTH AFFIRMATIVE DEFENSE**

**(Not Willful/Good Faith Dispute)**

10.      Plaintiff, putative class members, and/or alleged aggrieved individuals, are barred from recovering penalties pursuant to Labor Code Section 203 because: (a) Plaintiff has failed to plead facts sufficient to support allegations of willfulness; and (b) neither Defendant nor any agent or employee of Defendant acted willfully in failing to pay wages allegedly due to Plaintiff or putative class members.  Further, there is a good faith dispute that any wages are due to Plaintiff, putative class members, and/or alleged aggrieved individuals.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

11.      The Complaint and each claim alleged are barred, or recovery should be reduced, because Plaintiff, putative class members, and/or alleged aggrieved individuals, or some of them, failed to mitigate their damages and, to the extent of such failure, any damages awarded should be reduced accordingly.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 42476948.1

3

**DEFENDANT BEST BUY CO., INC.'S**
**ANSWER TO FAC**
CASE NO. RG21113609

1

### TWELFTH AFFIRMATIVE DEFENSE

2

### (Unclean Hands)

3      12.    The Complaint and each claim alleged are barred in whole or in part by the

4    doctrine of unclean hands.

5

### THIRTEENTH AFFIRMATIVE DEFENSE

6

### (Waiver)

7      13.    The Complaint and each claim alleged are barred in whole or in part by the

8    doctrine of waiver.

9

### FOURTEENTH AFFIRMATIVE DEFENSE

10

### (Estoppel)

11      14.    The Complaint and each claim alleged are barred in whole or in part by the

12    doctrine of estoppel.

13

### FIFTEENTH AFFIRMATIVE DEFENSE

14

### (Consent)

15      15.    The Complaint and each claim alleged are barred to the extent Plaintiff, putative

16    class members, and/or alleged aggrieved individuals, or some of them, consented to any alleged

17    activity or conduct.

18

### SIXTEENTH AFFIRMATIVE DEFENSE

19

### (Laches)

20      16.    The Complaint and each claim alleged are barred in whole or in part by the

21    doctrine of laches.

22

### SEVENTEENTH AFFIRMATIVE DEFENSE

23

### (De Minimis)

24      17.    The Complaint and each claim alleged are barred in whole or in part by the *de*

25    *minimis* doctrine.

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 42476948.1

4

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

18.     The claims of Plaintiff, putative class members, and/or alleged aggrieved individuals, or some of them, for injunctive and other equitable relief are barred because they have an adequate and complete remedy at law.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Indemnity)**

19.     Defendant is indemnified against the claims asserted in the Complaint.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

20.     The alleged Labor Code violations are the result, in whole or in part, of the acts or omissions of entities or individuals other than Defendant, and Defendant's liability, if any, must be reduced by any percentage of fault attributable to those other entities and/or individuals.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Proximate Cause)**

21.     Any acts or omissions to act by Defendant were not the proximate cause of any injury suffered by Plaintiff.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(FAAAA Preemption)**

22.     Plaintiff's claims are barred, in whole or in part, by the doctrine of preemption, because California's meal and rest break rules, and other Labor Code provisions, affect rates, routes, and services within the meaning of the express preemption of the Federal Aviation Administration Authorization Act ("FAAAA"), 49 U.S.C. § 14501.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Arbitration)**

23.     The Complaint and each claim alleged are improperly before this Court due to arbitration agreement(s) that require the claims in the Complaint to be submitted to binding arbitration.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 42476948.1

5

DEFENDANT BEST BUY CO., INC.'S
ANSWER TO FAC
CASE NO. RG21113609

1

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

2

### (Setoff and Recoupment)

3      24.      If any damages have been sustained by Plaintiff and/or other putative class

4  members, which is specifically denied, Defendant is entitled under the equitable doctrine of setoff

5  and recoupment to offset all overpayments and/or all obligations that Plaintiff and/or other

6  putative class members owed to Defendant against any judgment that may be entered against

7  Defendant.

8

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

9

### (Breaks Provided)

10      25.      Plaintiff, putative class members, and/or alleged aggrieved individuals were

11  provided the opportunity to take full, uninterrupted 30-minute, off-duty meal breaks that

12  commenced by the end of the fifth hour of work.  On occasion, at their election and not at the

13  direction of Defendant, Plaintiff, putative class members, and/or alleged aggrieved individuals

14  may not have taken this opportunity and instead worked during all of a portion of their provided

15  meal break.  On other occasions, at their election and not at the direction of Defendant, Plaintiff,

16  putative class members, and/or alleged aggrieved individuals may not have taken the opportunity

17  for a meal break by the end of the fifth hour, instead taking a 30-minute off-duty break later in the

18  day.

19

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

20

### (Due Process)

21      26.      The Complaint, including the allegations on behalf of others set forth therein, is

22  barred because the use of a class or representative action, based upon the facts and circumstances

23  of this case, would constitute a denial of Defendant's rights to due process under the United

24  States and California Constitutions.  Furthermore, the prosecution against Defendant of an action

25  in these circumstances under Business and Professions Code Section 17200 would constitute a

26  denial of its due process rights in violation of the Fourteenth Amendment to the United States

27  Constitution and the California Constitution.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 42476948.1

6

DEFENDANT BEST BUY CO., INC.'S
ANSWER TO FAC
CASE NO. RG21113609

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(No Private Right of Action)**

27.    Plaintiff's claims, including but not limited to Plaintiff's fourth cause of action for unlawful deductions from wages, are barred, in whole or in part, because there is no private right of action.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

28.    Plaintiff and other putative class members lack standing to pursue claims for injunctive or restitutionary relief under Business and Professions Code Section 17200, et seq.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies/Prerequisites)**

29.    Plaintiff's claims under the Private Attorneys General Act of 2004 ("PAGA") are barred because Plaintiff failed to adequately and timely exhaust his administrative remedies and prerequisites, including those under PAGA, Labor Code section 2698, *et seq.*, including but not limited to, the requirement of providing timely and sufficient notice to the California Labor and Workforce Development Agency and to Defendants of alleged statutory violations against Defendant.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Lack of Manageability)**

30.    Plaintiff's claim under PAGA fails and should be stricken because Plaintiff's claim, and Defendant's defenses to Plaintiff's claim, require complex and individualized inquiries regarding each alleged aggrieved individual and thus cannot be efficiently or manageably tried on a representative basis.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Penalties Unjust, Arbitrary, and Oppressive, or Confiscatory)**

31.    Plaintiff and/or other alleged aggrieved individuals are not entitled to recover any civil penalties, or alternatively any penalties awarded should be reduced, because, under the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 42476948.1

7

**DEFENDANT BEST BUY CO., INC.'S
ANSWER TO FAC
CASE NO. RG21113609**

1  circumstances of this case, any such recovery would be unjust, arbitrary, and oppressive, or

2  confiscatory.

3  ### THIRTY-SECOND AFFIRMATIVE DEFENSE

4  ### (Action Unconstitutional)

5      22.    Plaintiff's purported claims for violation of PAGA are barred because they violate

6  the due process provisions of the United States and California Constitutions, including, but not

7  limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States

8  Constitution.

9  ### THIRTY-THIRD AFFIRMATIVE DEFENSE

10 ### (Excessive Fine)

11     33.    Although Defendant denies that it has committed or has responsibility for any act

12 that could support the recovery of civil penalties in this lawsuit, if and to the extent any such act

13 or responsibility is found, recovery of civil penalties against Defendant is unconstitutional under

14 the excessive fines clause of the Eighth Amendment of the United States Constitution and the

15 excessive fines clause of Section 17 of Article 1 of the California Constitution.

16 ### THIRTY-FOURTH AFFIRMATIVE DEFENSE

17 ### (Primary Jurisdiction Doctrine)

18     34.    Pursuant to the primary jurisdiction doctrine, the PAGA claims should be abated,

19 stayed, or dismissed and Plaintiff and the alleged aggrieved individuals described in the FAC

20 should be left to pursue their administrative remedies with all relevant state, federal, and local

21 agencies, including, but not limited to, the California Labor and Workforce Development

22 Agency.

23 ### THIRTY-FIFTH AFFIRMATIVE DEFENSE

24 ### (No Violation of Underlying State Law)

25     35.    Defendant is not liable for penalties under PAGA because it is not liable to

26 Plaintiff and/or alleged aggrieved individuals for any alleged California Labor Code violations.

27

28      .

Morgan, Lewis & Bockius LLP
Attorneys at Law

DB2/ 42476948.1

8

DEFENDANT BEST BUY CO., INC.'S
ANSWER TO FAC
CASE NO. RG21113609

1

2                                    **RESERVATION OF RIGHTS**

3         29.     Defendant reserves the right to assert additional defenses as discovery proceeds

4 and it becomes aware of additional facts and circumstances that provide the basis for additional

5 defenses.

6         WHEREFORE, Defendant prays for judgment as follows:

7         1.     That Plaintiff takes nothing by reason of his Complaint;

8         2.     That the Complaint be dismissed in its entirety with prejudice, and that judgment

9 be entered in favor of Defendant and against Plaintiff on all claims contained in the Complaint;

10         3.     That Defendant be awarded its reasonable costs and attorneys' fees incurred by

11 this action pursuant to Labor Code Section 218.5 and any other applicable laws; and

12         4.     For such other and further relief as the Court deems just and proper.

13

14 Dated: January 28, 2021                 MORGAN, LEWIS & BOCKIUS LLP

15

16                                 By _____

17                                      BARBARA J. MILLER
                                       CHRISTOPHER J. TAYLOR

18                                      Attorneys for Defendant
                                     BEST BUY CO., INC.

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 42476948.1

9

**DEFENDANT BEST BUY CO., INC.'S
ANSWER TO FAC**
CASE NO. RG21113609

1

## PROOF OF SERVICE

2

*Christian Matute v. Pilot Air Freight LLC, et al.*
Alameda County Superior Court Case No. RG21113609

3

4

I, Patricia Martin, declare:

I am a citizen of the United States and employed in Orange County, California. I am over

5

the age of eighteen years and not a party to the within entitled action. My business address is 600
Anton Boulevard, Suite 1800, Costa Mesa, CA 92626. On January 28, 2022, I served a copy of

6

the within document(s):

7

## DEFENDANT BEST BUY CO., INC.'S
## ANSWER TO FIRST AMENDED COMPLAINT

8

| ☒ | **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Costa Mesa, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. |
|---|---|
| ☒ | **BY ELECTRONIC SERVICE:** the parties listed below were served electronically using the Court's electronic service provider **ONE LEGAL** with the document(s) listed above by e-mailed PDF files on January 28, 2022. The transmission was reported as complete and without error. My electronic notification address is 600 Anton Boulevard, Suite 1800, Costa Mesa, California 92626. My e-mail address is patricia.martin@morganlewis.com. |

9

10

11

12

13

14

15

16

17

18

| BOYAMIAN LAW, INC.<br>Michael H. Boyamian, Esq.<br>Heather M. Zermeno, Esq.<br>550 North Brand Blvd., Suite 1500<br>Glendale, CA 91203<br>Tel: 818.547.5300<br>Fax: 818.547.5678<br>michael@boyamianlaw.com<br>heather@boyamianlaw.com | *Attorneys for Plaintiff Christian Matute* |
|---|---|

19

20

21

22

23

24

Executed on January 28, 2022, at Costa Mesa, California.

25

I declare under penalty of perjury under the laws of the State of California that the above

26

is true and correct. I declare that I am employed in the office of a member of the Bar of this
Court at whose direction this service was made.

27

_____

28

Patricia Martin

# EXHIBIT Y

*Defendant Pilot's Answer to*
*First Amended Complaint*

Christopher C. McNatt, Jr. (SBN 174559)
cmcnatt@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, California 91101
Telephone:  626-795-4700
Facsimile:  626-795-4790

James A. Eckhart (SBN 321101)
jeckhart@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
Telephone: 317-637-1777
Facsimile:  317-687-2414

Attorneys for Defendant,
PILOT AIR FREIGHT, LLC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| CHRISTIAN MATUTE, an individual; Individually and on Behalf of All Similarly Situated Individuals,<br><br>Plaintiff,<br><br>vs.<br><br>PILOT AIR FREIGHT LLC dba PILOT FREIGHT SERVICES, a Pennsylvania Limited Liability Company; BEST BUY CO., INC., a Minnesota Corporation; and DOES 1 through 25, Inclusive,<br><br>Defendant. | Case No. RG21113609<br><br>**DEFENDANT'S PILOT AIR FREIGHT, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Assigned for all purposes to: Honorable Evelio M. Grillo<br><br>Action Filed:  September 23, 2021<br>Trial Date:     Not set |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Defendant, Pilot Air Freight, LLC (Pilot or Defendant), responds to the Amended Class Action Complaint and Demand for Jury Trial (Complaint) filed by Plaintiff Christian Matute, as follows:

## I.

## GENERAL DENIAL

Under California Code of Civil Procedure § 431.30(d), Defendant generally and specifically denies each and every allegation contained in, and each purported cause of action alleged in, the Complaint. Without limiting the generality of the foregoing, Defendant specifically denies that Plaintiff, and/or the individuals they seek to bring this class action on behalf of, are entitled to any of the relief requested; that Defendant misclassified Plaintiff as an independent contractor; that Defendant violated any statute or legal requirement pertaining to compensation paid to Plaintiff or the putative class(es) specified in the Complaint; that Defendant committed or is liable for any wrongful conduct or omission; and that any conduct or omission of Defendant caused any injury or damage to Plaintiff or the individuals on whose behalf he brings this putative class action.

## II.

## AFFIRMATIVE DEFENSES

Under the California Code of Civil Procedure § 431.30(g), Defendant further pleads the following separate and additional defenses to the Complaint, without in any way agreeing or conceding that they have the burden of proof or persuasion on any of these issues or that they are liable for any claims asserted against them:

1.    Defendant denies that Plaintiff was Defendant's employee, but even if he was, to the extent he seeks the payment of overtime, Plaintiff is exempt from the payment of overtime.

2.    Some or all of Plaintiff's claims are barred by the doctrine of estoppel.

3.    Some or all of Plaintiff's claims imposing penalties would be inequitable and unjust and are therefore barred because a good faith dispute exists as to whether

additional compensation is due and owing, and Defendant has not intentionally or willfully failed to pay such additional compensation.

4.  Plaintiff's claims fail to the extent California law does not apply to his claims.

5.  The business practices alleged in the Complaint are not "unfair," "unlawful," or "fraudulent" as those terms are defined and utilized in California Business & Professions Code § 17200 (the UCL).

6.  Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

7.  Some or all of Plaintiff's claims should be reduced by the doctrine of set off.

8.  All actions taken by Defendant towards Plaintiff were lawful and not in violation of public policy.

9.  To the extent Plaintiff seeks to recover equitable relief, Plaintiff is not entitled to such relief because (a) they have an adequate remedy at law and (b) they lack standing.

10. Even assuming for the sake of argument that Defendant violated a statute, any such violation was a result of an act or omission in good faith, and Defendant had reasonable grounds for believing such act or omission was not a violation of any statute, order, regulation or policy.

11. Any claim for penalties is unconstitutional under the U.S. Constitution and the California Constitution.

12. Pre-judgment interest may not be granted because the damages claimed by Plaintiff are not sufficiently certain to allow an award of pre-judgment interest.

13. Plaintiff's claims, including his misclassification theory, are preempted under the Supremacy Clause of the U.S. Constitution, U.S. CONST. art. VI, cl. 2, because they are related to Defendant's prices, routes, and services within the meaning of the express preemption provision of the Federal Aviation Administration Authorization Act (FAAAA), 49 U.S.C. § 14501.

2

DEFENDANT PILOT AIR FREIGHT, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

14. To the extent that Plaintiff seeks to recover under California's meal and rest period rules, that recovery is preempted under the Supremacy Clause of the U.S. Constitution, art. VI, cl. 2, because (a) California's meal and rest break rules conflict with the federal hours of service regulations, 49 C.F.R. Part 395, by imposing a different standard than that carefully set at the federal level by the Federal Motor Carrier Safety Administration (FMCSA); and (b) the FMCSA's regulation of the hours of service of drivers in interstate commerce through the federal hours of service regulations, 49 C.F.R. Part 395, leaves no room for additional or supplemental state regulation of drivers' hours of service.

15. The FMCSA precludes the application of and prohibits the enforcement of the California meal and rest break laws to commercial drivers pursuant to 49 U.S.C. § 31141. See 83 Fed. Reg. 67470 (Dec. 28, 2018).

16. Plaintiff's claims for PAGA penalties associated with the California meal and rest break laws are therefore preempted. *Int'l Bhd. of Teamsters, Local 2785 v. Fed. Motor Carrier Safety Admin.*, 986 F.3d 841 (9th Cir. 2021) (denying petitions for review "[b]ecause the agency's decision reflects a permissible interpretation of the Motor Carrier Safety Act of 1984 and is not arbitrary or capricious").

17. To the extent Plaintiff alleges Defendant failed to reimburse business expenses and made unlawful deductions under California law, those claims are preempted under the Supremacy Clause of the U.S. Constitution, U.S. CONST. art. VI, cl. 2, because (a) they conflict with the Federal Leasing Regulations, 49 C.F.R. Part 376, by prohibiting what is expressly permitted under those regulations; and (b) they affect Defendant's prices, routes, and services within the meaning of the express preemption provision of the FAAAA.

18. Plaintiff's claims under Cal. Lab. Code §§ 221 and 223 fail because those provisions do not provide a private right of action.

3

DEFENDANT PILOT AIR FREIGHT, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

19.    Plaintiff's claims under the California Labor Code are preempted by the FAAAA because Plaintiff's claims, if successful, will alter the terms of their privately-negotiated contracts.

20.    Plaintiff's claims are barred because they are an undue burden on interstate commerce in violation of the Commerce Clause of the U.S. Constitution, art. I, § 8, cl. 3.

21.    Plaintiff's claims regarding Defendant's alleged failure to pay all wages owed every pay period are barred because California Labor Code § 204 does not provide a private right of action.

22.    To the extent Plaintiff seeks wages and/or penalties for both alleged meal and rest break violations for the same working day, such wages and/or penalties are duplicative and improper.

23.    To the extent that Plaintiff seeks punitive damages based on the alleged acts of Defendant, the Complaint violates Defendant's right to substantive due process as provided by the U.S. Constitution and the California Constitution.

24.    Plaintiff's claims under California Labor Code §§ 201-203 claims are barred because (a) a good faith, bona fide dispute exists or existed as to whether additional compensation is or was owed, pursuant to California Labor Code §§ 201, 202 and 203; (b) Defendant has not intentionally or willfully failed to pay each additional compensation, and (c) to impose penalties in this action would be inequitable and unjust.

25.    The imposition of penalties, including replicating penalties, as applied to the alleged facts and circumstances of this case, would violate Defendant's due process rights under the Fourteenth Amendment of the U.S. Constitution and under the Constitution and laws of the State of California.

26.    Plaintiff's PAGA claim is barred because PAGA is unconstitutionally vague and overbroad as applied to the facts and circumstances of this case.

27.    Plaintiff's claims are barred because PAGA, which authorizes private actions against employers for civil penalties, three-quarters of which are paid to an executive

1    agency of the State of California, constitutes an unlawful delegation of power in violation

2    of the California Constitution.

3        28.    Plaintiff's PAGA claims are barred because Plaintiff failed to provide the

4    California Labor & Workforce Development Agency and Pilot with proper notice of his

5    claims and/or the names of those individuals on whose behalf he intends to seek penalties,

6    as required under California Labor Code § 2699.3.

7        29.    Plaintiff's claims are barred because Plaintiff failed to exhaust

8    administrative remedies.

9        30.    Plaintiff has failed to join one or more indispensable parties to this action.

10        31.    Some or all of Plaintiff's claims are barred because Plaintiff has been fully

11    compensated.

12        32.    Some or all of Plaintiff's claims are barred by the doctrines of avoidable

13    consequences and/or waiver.

14        33.    Some or all of Plaintiff's claims are barred, or recovery should be reduced,

15    because Plaintiff has failed to mitigate his damages and, to the extent of such failure, any

16    damages awarded should be reduced accordingly.

17        34.    Some or all of Plaintiff's claims are barred by the *de minimis* doctrine.

18        35.    Defendant is indemnified against the claims asserted in the Complaint.

19        36.    Plaintiff's alleged violations of California law are the result, in whole or in

20    part, of the acts or omissions of individuals or entities other than Defendant, and

21    Defendant's liability, if any, must be reduced by any percentage of fault attributable to

22    those other entities and/or individuals.

23        37.    Defendant's alleged acts or omissions were not the proximate cause of any

24    injury suffered by Plaintiff.

25        38.    Without waiving its ability to oppose class certification and explicitly

26    asserting its opposition to the propriety of class treatment, if the Court does certify a class

27    in this case over Defendant's objections, then Defendant asserts the affirmative defenses

28    set forth above against each member of any subsequently certified class.

WHEREFORE, Defendant requests judgment as follows:

A.    That this action not be certified as a class action;

B.    That Plaintiff take nothing by way of the Complaint;

C.    That judgment be entered against Plaintiff and in favor of Defendant;

D.    That Defendant be awarded its attorney fees and costs incurred in this case; and

E.    That Defendant be awarded all other necessary and proper relief.

## III.

## DEMAND FOR JURY TRIAL

Pilot hereby demands a jury trial with respect to all issues triable of right by jury.

Dated: January 28, 2022                    Respectfully submitted,

*/s/ James A. Eckhart*
James A. Eckhart

Attorney for Defendant,
PILOT AIR FREIGHT, LLC

DEFENDANT PILOT AIR FREIGHT, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST
AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, **Michelle Lazo**, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2 North Lake Avenue, Suite 560, Pasadena, California 91101.

On January 28, 2022, I served the foregoing document described as **DEFENDANT PILOT AIR FREIGHT, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** on interested parties in this action as follows:

> Michael H. Boyamian, Esq.
> michael@boyamianlaw.com
> Heather M. Zermeno, Esq.
> heather@boyamianlaw.com
> BOYAMIAN LAW, INC.
> 550 North Brand Boulevard, Suite 1500
> Glendale, California 91203
>
> Barbara J. Miller, Esq.
> barbara.miller@morganlewis.com
> Christopher J. Taylor, Esq.
> christopher.taylor@morganlewis.com
> MORGAN, LEWIS & BOCKIUS LLP
> 600 Anton Boulevard, Suite 1800
> Costa Mesa, California 92626

√  **(VIA ELECTRONIC TRANSMISSION):** I caused such document(s) described herein to be uploaded electronically onto the website www.onelegal.com. I uploaded the above entitled document(s) with the understanding that all parties will be e-served and will have access to be able to download said documents.

√  **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 28, 2022, at Norwalk, California.

_____
Michelle Lazo

4866-3800-9611, v. 4