# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN MATUTE, an individual; Individually and on Behalf of All Similarly Situated Individuals,<br><br>Plaintiffs,<br><br>v.<br><br>PILOT AIR FREIGHT LLC, dba PILOT FREIGHT SERVICES, a Pennsylvania Limited Liability Company; BEST BUY CO., INC., a Minnesota Corporation; and DOES 1-25, Inclusive,<br><br>Defendants. | CASE NO. 4:22-cv-00587-YGR<br><br>Assigned to: Hon. Yvonne Gonzalez Rogers<br><br>**[AMENDED PROPOSED] ORDER:**<br><br>**(1) GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT; AND**<br><br>**(2) ENTERING FINAL JUDGMENT** |

On February 27, 2024 a hearing was held on the motion of Plaintiff Christian Matute ("Plaintiff") for final approval of the class settlement (the "Settlement") with Defendants Pilot Air Freight LLC., dba Pilot Freight Service, and Best Buy Co., Inc., ("Defendants"), and payments to the Plaintiff, Class Counsel and the Settlement Administrator.

The Parties have submitted their Settlement, which this Court preliminarily approved by its August 18, 2023 Order (Docket No. 53) (the "Preliminary Approval Order"). In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to comment on or object to it or to exclude themselves from its provisions.

Having received and considered the Settlement, the supporting papers filed by the Parties, and the evidence and argument received by the Court before entering the Preliminary Approval Order and at the final approval hearing, the Court grants final approval of the Settlement, enters this Final Approval Order, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. Except as otherwise specified herein, the Court for purposes of this Final Approval Order and Judgment adopts all defined terms set forth in the Class Action Settlement Agreement ("Agreement").

2. The Court has jurisdiction over this action and the Settlement pursuant to 28 U.S.C. sections 1132(a) and 1332(d).

3. For settlement purposes, the Court confirms the certification of the Class defined as: "(a) all individuals who provided services for Pilot and Best Buy (as those entities are defined below) as contract carriers, drivers and/or helpers in the State of California and (b) all entities owned and controlled by contract carriers which contracted directly with Pilot and provided delivery services for Best Buy (as those entities are defined below) from March 28, 2017 through the date of preliminary approval of the Settlement. However, the Settlement Class shall

- 1 -

exclude all individuals and entities who provided delivery services for Best Buy (as those entities are defined below) as contract carriers, drivers and/or helpers in the State of California exclusively prior to April 18, 2019 and who previously released claims through that date via the settlement in *Henriquez v. DSI Logistics, Inc.*, Los Angeles Sup. Ct. No. BC714165 (final approval granted Nov. 25, 2019)." Settlement Agreement sec. II.C.

4.  Pursuant to the Preliminary Approval Order, the Notice of Proposed Settlement of Class Action and Hearing Date for Final Court Approval ("Class Notice") was sent to each Class Member by first-class mail. The Class Notice informed Class Members of the terms of the Settlement, their right to receive a Settlement Share, their right to comment on or object to the Settlement and/or the attorneys' fees and costs, their right to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures.

5.  The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the settlement based on the responses of Class Members. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

6.  For the reasons stated in the Preliminary Approval Order, the Court finds and determines that the terms of the Settlement are fair, reasonable and adequate to the Class and to each Class Member and that the Settlement Class Members will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

7. The Court finds and determines that the Gross Settlement Amount in the amount of $650,000 and the Settlement Shares to be paid to the Settlement Class Members as provided for by the Settlement are fair and reasonable. The Court hereby grants final approval to and orders the payment of those amounts be distributed to the Settlement Class Members out of the Net Settlement Amount in accordance with the Agreement.

8. Paragraph IV(J)(3) of the Agreement requires the settlement administrator to pay Settlement Shares only to those Class Members for whom the settlement administrator has a tax identification number. However, with the agreement of the Parties, the Court finds and determines that, in order to maximize the recovery to as many Class Members as possible, the settlement administrator shall issue Settlement Shares of up to $600 to all Class Members even if the settlement administrator has no tax identification number on file for a Class Member, in compliance with Internal Revenue Service rules. In all other respects, Paragraph IV(J)(3) of the Agreement shall remain in full force and effect.

9. The Court finds and determines that the fees and expenses of ILYM Group, Inc. in administrating the settlement, in the amount of $12,550, are fair and reasonable. The Court hereby grants final approval to and orders that the payment of that amount be paid out of the Gross Settlement Amount in accordance with the Agreement.

10. The Court finds and determines that the request by Plaintiff and Class Counsel to the Class Representative Service Payment and the attorneys' fees and costs pursuant to the Agreement are fair and reasonable. The Court hereby grants final approval to and orders that the payment of the requested amounts of $10,000 to Christian Matute for the Class Representative Service Payment, $162,500 for attorneys' fees to Class Counsel, and $18,460.45 for reimbursement of costs be paid out of the Gross Settlement Amount in accordance with the Settlement.

11. As of the Effective Date as defined in the Agreement, all Settlement Class Members hereby fully and finally release the Defendants and the Released Parties (as defined in the Agreement), from the Released Claims (as defined in the Agreement). Settlement Agreement sec. II.DD.

12. As of the Effective Date, Plaintiff hereby fully and finally releases the Defendants and the Released Parties (as defined in the Agreement) from the Plaintiff's released claims (as defined in the Agreement). Settlement Agreement sec. VII.

13. Nothing in this order shall preclude any action to enforce the Parties' obligations under the Settlement or under this order, including the requirement that Defendant make payment in accordance with the Agreement.

14. If, for any reason, the Settlement ultimately does not become Final (as defined by the Settlement), this Final Approval Order will be vacated; the Parties will return to their respective positions in this action as those positions existed immediately before the Parties executed the Agreement; and nothing stated in the Agreement or any other papers filed with this Court in connection with the Settlement will be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action

15. The Parties entered into the Settlement solely for the purpose of compromising and settling disputed claims. Defendants in no way admit any violation of law or any liability whatsoever to Plaintiff and the Class, individually or collectively, all such liability being expressly denied by Defendant.

16. By means of this Final Approval Order, this Court hereby enters final judgment in this action, as defined in Rule 58(a)(1), Federal Rules of Civil Procedure.

17. Without affecting the finality of this Final Approval Order in any way, the Court retains jurisdiction of all matters relating to the interpretation,

administration, implementation, effectuation and enforcement of this order and the Settlement.

18. The Parties are hereby ordered to comply with the terms of the Agreement.

19. This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement and this Order.

DATED: _____

_____
HON. YVONNE GONZALEZ ROGERS
U.S. DISTRICT COURT